IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Eastern Division

| | |
|---|---|
| **ROBERT S. ABRAMS and A. ENTERPRISES, LLC**<br><br>*Plaintiffs*,<br><br>v.<br><br>**THOMAS STRUENGMANN, ATHOS SERVICE GmbH, YVES STEFFEN, ANDREAS BIAGOSCH, PATIRO HOLDING AG, SANTO HOLDING AG, and FICTITIOUS DEFENDANTS R-Z**<br><br>*Defendants.* | Civil No.<br><br>ON REMOVAL FROM THE CIRCUIT COURT OF LEE COUNTY, ALABAMA, CASE NO. CV-2024-184 |

## NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendants Patiro Holding AG ("Patiro Holding") and Santo Holding AG ("Santo Holding")—the only Defendants that have been served so far—remove the above-captioned action pending in the Circuit Court of Lee County, Alabama. This Notice is made expressly subject to and without prejudicing any defenses that Patiro Holding and Santo Holding may have, including but not limited to defenses under Rule 12 of the Federal Rules of Civil Procedure.

I.  **THE STATE COURT ACTION.**

On June 24, 2024, Plaintiffs Robert S. Abrams ("Abrams") and A. Enterprises, LLC ("A. Enterprises") filed a complaint (the "Complaint") in the Circuit Court of Lee County, Alabama, in an action styled *Robert S. Abrams and A. Enterprises, LLC. v. Thomas Struengmann et al.*, Case No. CV-2024-000184 (the "State Court Action").

1

According to the Complaint, Abrams, a New York resident, founded a medical and biotech product company, SiO2 Medical Products, Inc. ("SiO2"), in 2008 and served as its Chief Executive Officer until July 2022. Compl. ¶¶ 1, 19-21. Abrams also controls A. Enterprises, which purports to hold preferred stock in SiO2. *Id*. ¶¶ 2, 21. On March 29, 2023 (the "Chapter 11 Petition Date"), SiO2 and certain affiliates commenced Chapter 11 bankruptcy cases in the United States Bankruptcy Court for the District of Delaware, captioned *In re SiO2 Medical Products, Inc. et al.*, Case No. 23-10366 (JTD) (the "Chapter 11 Cases"). On August 3, 2023, the effective date of SiO2's Chapter 11 plan, the preferred stock held by A. Enterprises was cancelled. Chapter 11 Cases, Docket Nos. 478, 503.

According to the Complaint, as of the Chapter 11 Petition Date, Defendants Patiro Holding, and Santo Holding, each a foreign entity, were alleged creditors of and/or equity interest holders in SiO2. Compl. ¶¶ 4-6, 26. Both Patiro Holding and Santo Holding are indirectly owned by non-party Athos KG. Prior to the Chapter 11 Petition Date, Athos KG, through its subsidiaries, made investments in SiO2, including a $50 million investment in 2022. Defendant Thomas Strüngmann ("Strüngmann"), a resident of Germany, is a substantial owner of Athos KG. *Id*. ¶¶ 3, 26. Prior to the Chapter 11 Petition Date, Mr. Strüngmann was a director of SiO2. Defendant Andreas Biagosch, a resident of Germany, served as a director of SiO2. *Id*. ¶ 8. Defendant Yves Steffen, a resident of Switzerland, served as Chief Executive Officer of SiO2. *Id*. ¶ 7.

In their Complaint, Plaintiffs allege Defendants engaged in certain wrongful acts to cause SiO2 to file for Chapter 11 bankruptcy protection in order to benefit Defendants. *Id*. ¶¶ 29-30, 45-47, 60-61. Based on these allegations, Plaintiffs assert causes of action against Defendants for promissory fraud, breach of contract, and breach of fiduciary duty. *Id*. ¶¶ 62-99

This case as alleged is properly removable to this Court under 28 U.S.C. §§ 1441(a) and 1446 because this Court has original jurisdiction of this action under 28 U.S.C. § 1332, and the procedural requirements for removal have been satisfied.

## II.     REMOVAL BASED ON FEDERAL DIVERSITY JURISDICTION.

A party may remove an action from state court to federal court if the federal court has original jurisdiction to hear the case. 28 U.S.C. § 1441(a). As in this case, a United States District Court has original jurisdiction on diversity grounds when (1) complete diversity exists between all plaintiffs and all defendants, and (2) the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332.

### A.  Complete Diversity Exists Between Plaintiffs and Defendants.

The complete diversity requirement is satisfied. Plaintiff Robert S. Abrams is a citizen of New York. Compl. ¶ 1. Plaintiff A. Enterprises is a limited liability company, *id.* ¶ 2, whose citizenship is determined by the citizenship of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The members of A. Enterprises are not listed in the Complaint, but a reasonable search of publicly available records and conversation with Plaintiffs' counsel suggests Plaintiff Robert S. Abrams is the sole member. *See* Ex. 3, Declaration of Robert T. Smith ("Smith Decl."), ¶¶ 7-10. Thus, A. Enterprises would also be considered a citizen of New York. *Rolling Greens MHP*, 374 F.3d at 1022. All Defendants are citizens of foreign countries, specifically Germany and Switzerland. Compl. ¶¶ 3-8. Thus, complete diversity exists pursuant to 28 U.S.C. 1332(a)(2) (complete diversity exists where the action is between "citizens of a State and citizens or subjects of a foreign state").

### B.  It Is Facially Apparent that the Amount in Controversy Exceeds $75,000.

The amount-in-controversy requirement is satisfied because Plaintiffs claim compensatory damages of $1 billion. Compl. ¶¶ 77, 81.  Specifically, Plaintiffs allege they "lost at least $1 billion in value of ownership of SiO2." *Id*. ¶ 75.  In addition, Plaintiffs are claiming $3 billion in punitive damages. *Id*. ¶ 81.  Thus, the amount in controversy is far more than the $75,000 threshold required for diversity jurisdiction purposes under 28 U.S.C. 1332.

### III.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

The State Court Action in Lee County was properly removed to the Eastern Division of the United States District Court for the Middle District of Alabama. Under 28 U.S.C. §§ 1441(a) and 81(b)(3), this is the proper place to file this removal because it is the district court and division for the federal district embracing the place where the State Court Action was filed and pending.

Removal has timely occurred within 30 days of service, as required by 28 U.S.C. § 1446(b)(1). Patiro Holding and Santo Holding received service of the Complaint on August 2, 2024, and now remove 27 days later. *See* Exh. 3, Smith Decl. ¶¶ 3-4. No other Defendants have been properly served at this time. *See id.* ¶¶ 2, 5. Thus, all Defendants properly joined and served have joined in this Notice of Removal, as required by 28 U.S.C. § 1446(b)(2)(A).

This Court has received a true and correct copy of the Complaint and other documents filed in the State Court Action, in accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1. Those copies are attached as Exhibit 2 to this filing. Patiro Holding and Santo Holding will promptly file a copy of this Notice of Removal with the Circuit Court of Lee County, Alabama, and will serve a copy of this Notice of Removal on Plaintiffs' counsel of record, in accordance with 28 U.S.C. § 1446(d).

Accordingly, the prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been satisfied.

## IV. NON-WAIVER OF DEFENSES

By filing this Notice of Removal, Patiro Holding and Santo Holding do not waive any defenses available to them or admit to any of the allegations in the Complaint. Patiro Holding and Santo Holding expressly reserve the right to contest those allegations at the appropriate time, including through motion practice under Rule 12(b) of the Federal Rules of Civil Procedure.

## V. CONCLUSION

For the reasons stated, Defendants Patiro Holding and Santo Holding remove this action from the Circuit Court of Lee County, Alabama, to the Eastern Division of the United States District Court for the Middle District of Alabama, so that this Court may assume jurisdiction over the matter as provided by law. Movants will file their Conflict Disclosure Statement under Local Rule 7.1 on or before September 5, 2024.

Date: August 29, 2024.                    Respectfully submitted,

*/s/  Peter Fruin*
Peter Fruin
Meredith S. Taylor
MAYNARD NEXSEN PC
1901 6th Avenue N. Suite 1700
Birmingham, AL 35203
t. (205) 254-1000
f. (205) 254-1999
pfruin@maynardnexsen.com
mtaylor@maynardnexsen.com

Steven J. Reisman
Stephen Rochester
Julia B. Mosse
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, New York 10020
sreisman@katten.com
shaya.rochester@katten.com
julia.mosse@katten.com

Robert T. Smith
Ally Jordan
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Avenue NW
Suite 800
Washington, DC 20006
robert.smith1@katten.com
ally.jordan@katten.com

*Attorneys for Defendants Patiro Holding AG and Santo Holding AG*

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2024, a true and correct copy of the foregoing was sent to counsel for Plaintiffs via electronic mail and via Federal Express at the address below in accordance with Fed. R. Civ. P. 5(b)(2)C).

Joseph L. Dean, Jr.
DEAN & BARRETT
Post Office Box 231
Opelika, AL 36803
 joe@deanandbarrett.com

/s/   *Peter Fruin*
Peter Fruin
Meredith S. Taylor
MAYNARD NEXSEN PC
1901 6th Avenue N. Suite 1700
Birmingham, AL 35203
t. (205) 254-1000
f. (205) 254-1999
pfruin@maynardnexsen.com
mtaylor@maynardnexsen.com