CV24-184

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.9/18 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br><br>Date of Filing:  ☐6  ☐2☐4  ☐2☐0☐2☐4  Judge Code:<br>Month        Day            Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ LEE COUNTY _____ , ALABAMA
(Name of County)

ROBERT S. ABRAMS                                          v.                    THOMAS STRUENGMANN

**First Plaintiff**  **Plaintiff**
☐ Business    ☑ Individual
☐ Government  ☐ Other

**First Defendant**  **Defendant**
☐ Business    ☑ Individual
☐ Government  ☐ Other

**NATURE OF SUIT:**  Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA  - Wrongful Death
☐ TONG  - Negligence: General
☐ TOMV  - Negligence: Motor Vehicle
☐ TOWA  - Wantonness
☐ TOPL  - Product Liability/AEMLD
☐ TOMM  - Malpractice-Medical
☐ TOLM  - Malpractice-Legal
☐ TOOM  - Malpractice-Other
☑ TBFM  - Fraud/Bad Faith/Misrepresentation
☐ TOXX  - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE  - Personal Property
☐ TORE  - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN  - Abandoned Automobile
☐ ACCT  - Account & Nonmortgage
☐ APAA  - Administrative Agency Appeal
☐ ADPA  - Administrative Procedure Act
☐ ANPS  - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX  - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT  - Civil Rights
☐ COND  - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP  - Contempt of Court
☐ CONT  - Contract/Ejectment/Writ of Seizure
☐ TOCN  - Conversion
☐ EQND  - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
☐ CVUD  - Eviction Appeal/Unlawful Detainer
☐ FORJ  - Foreign Judgment
☐ FORF  - Fruits of Crime Forfeiture
☐ MSHC  - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB  - Protection From Abuse
☐ EPFA  - Elder Protection From Abuse
☐ FELA  - Railroad/Seaman (FELA)
☐ RPRO  - Real Property
☐ WTEG  - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP  - Workers' Compensation
☐ LORP  - Petition for Order of Limited Relief
☐ CVXX  - Miscellaneous Circuit Civil Case

**ORIGIN** (check one):  F ☑ INITIAL FILING        A ☐ APPEAL FROM        O ☐ OTHER: _____
                                                    DISTRICT COURT
                            R ☐ REMANDED            T ☐ TRANSFERRED FROM
                                                    OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO      Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED      ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
D E A 0 0 6        June 24, 2024
                        Date


Joseph L. Dean, Jr
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☑ NO  ☐ UNDECIDED

Election to Proceed under the Alabama Rules for Expedited Civil Actions: ☐ Yes  ☑ No

F I L E D

JUN 2 4 2024

IN OFFICE
MARY B. ROBERSON
CIRCUIT CLERK

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

ROBERT S. ABRAMS, and           *
A. ENTERPRISES, LLC             *
                                *
    PLAINTIFFS,                 *
                                *
vs.                             *       CIVIL CASE NUMBER CV 24-184
                                *
THOMAS STRUENGMANN,             *
ATHOS SERVICE GmbH,             *
YVES STEFFEN,                   *
ANDREAS BIAGOSCH,               *       FILED
PATIRO HOLDING AG,              *
SANTO HOLDING AG, and           *       JUN 24 2024
FICTITIOUS DEFENDANTS R-Z.      *
                                        IN OFFICE
                                        MARY B. ROBERSON
                                        CIRCUIT CLERK

## COMPLAINT

## GENERAL ALLEGATIONS

1.    Plaintiff, Robert S. Abrams, [hereinafter "Mr. Abrams"] is over the age of 19 years

      and is a resident citizen of New York, New York.

2.    A. Enterprises, LLC is an entity that owns preferred stock in SiO2.

3.    Defendant Thomas Struengmann, [hereinafter "Struengmann" or "TS"] is over 19

      years of age and is a resident of Munich, Germany who has done business in Lee

      County, Alabama for over seven years as a director of SiO2.

4.    Defendant Athos Service GmbH [hereinafter "Athos Kg"] is an entity that owns or

      invests portion of the Struengmann family assets and is incorporated in Munich,

      Germany which has done business in Lee County, Alabama for years.

5.    Defendant Patiro Holding AG [hereinafter "Patiro"] is a Swiss entity controlled by

      Defendant Thomas Struengmann that owns or invests a portion of the Struengmann

family assets and is incorporated in Switzerland which has done business in Lee County, Alabama for years.

6.   Defendant Santo Holding AG [hereinafter "Santo"] is a Swiss entity controlled by Defendant Thomas Struengmann that owns or invests a portion of the Struengmann family assets and is incorporated in Switzerland.

7.   Defendant Yves Steffen, [hereinafter "Yves" or "Steffen"] is over 19 years of age and is a resident citizen of Switzerland who has done business in Lee County, Alabama and functioned as CEO of SiO2 which is located in Auburn, Alabama.

8.   Defendant Andreas Biagosch, [hereinafter " Biagosch"] is over 19 years of age and is a resident citizen of Germany who has done business in Lee County, Alabama as a director of SiO2.

9.   Fictitious Defendant **R** is a person or entity whose identity is presently unknown to the Plaintiff who is responsible for the acts of the Defendant Struengmann under the applicable law creating the responsibilities and duties owed by Fictitious Defendant **R** to others for the acts or omissions of Defendant Thomas Struengmann.

10.  Fictitious Defendant **S** is that person or entity whose identity is presently unknown to the Plaintiff who is responsible for the acts of the Defendant Struengmann because of the Doctrine of Respondeat Superior.

11.  Fictitious Defendant **T** is that person or entity whose identity is presently unknown to the Plaintiff who is responsible for the acts of the Defendant Biagosch because of the Doctrine of Respondeat Superior.

12. Fictitious Defendant **U** is that person or entity who is responsible for the acts of Defendant Yves Steffen because of the Doctrine of Respondeat Superior.

13. Fictitious Defendant **V** is that person or entity who is responsible for the acts of Athos Kg because of the Doctrine of Respondeat Superior.

14. Fictitious Defendant **W** is that person or entity whose identity is presently unknown to the Plaintiff who is responsible for the acts of Defendants Struengmann, Athos Kg, Steffen, Patiro and/or Biagosch because he or it was involved in a joint venture with any of the aforenamed Defendants.

15. Fictitious Defendant **X** is that person or entity whose identity is presently unknown to the Plaintiff who conspired with Defendants Struengmann, Athos Kg, Steffen, Patiro or Biagosch to deprive the Plaintiff of his control of the corporation known as SiO2 and to deprive the Defendant of the value of his ownership of SiO2.

16. Fictitious Defendant **Y** is that person or entity whose identity is presently unknown to the Plaintiff whose negligence concurred with the negligence of Athos Kg and/or Biagosch in failing to preserve or wasting the assets of SiO2.

17. Fictitious Defendant Z is that person or entity whose identity is presently unknown to the Plaintiff who had oversight responsibility of the actions of Struengmann, Athos Kg, Steffen, Patiro, Santo or Biagosch and who negligently failed to exercise that oversight authority causing the immense lost of value to Plaintiff's ownership in stock of SiO2.

18. Plaintiff founded SiO2 and built it and its predecessors from the ground up. Plaintiff founded SiO2 to meet a critical need for production of glass-lined syringes and vials.

Page 3 of 25

19.     Plaintiff founded SiO2 Medical Products, Inc. ["SiO2" or "the company"], as a division of CV Holdings in 2008. In 2015, SiO2 became an independent company and from SiO2's inception until July 2022, Plaintiff served as its CEO and Chairman. In April 2023 Plaintiff remained a Director of SiO2.

20.     SiO2 was headquartered in Auburn, Alabama where it researched and developed cutting edge medical and biotech products employing over 300 people. By April of 2022 SiO2 had perfected a number of its products and was poised to introduce its breakthrough technology to the world. SiO2 was a Delaware company operating in Alabama.

21.     In June of 2022, Plaintiffs owned or controlled 100% of SiO2's common stock and 28,795.81 shares of Enterprises 2017 Series A Preferred Shares. Those shares carried a majority voting control of SiO2 and its subsidiaries. Plaintiff held voting control of SiO2 and its subsidiaries from its inception until July of 2022 when he was fraudulently induced to step down as CEO and surrender voting control by granting a proxy for shares as set out below.

22.     From SiO2's inception through 2022, SiO2 built its patent portfolio, which currently consists of 245 currently-issued patents, over 30 unique pending patent applications, more than roughly 8,000 patent use cases, and about 750 more patents in process.

23.     Over the years Plaintiff has funded SiO2 with his own money and raised hundreds of millions more from others to fund SiO2's operations. For example, around December 2021 Plaintiff raised $100 million in funding for SiO2 from Korean company, Doosan Corporation.

24.   After spending more than 14 years perfecting SiO2's products, SiO2 was on the brink of commercializing its technology, which made SiO2 extremely valuable and the timing of the filing of the bankruptcy dubious.

25.   Various capital raises and acquisition offers valued **SiO2** between **$1.5 billion** and **$2 billion** in 2020.

26.   On June 28, 29 or 30, 2022, Defendant Thomas Struengmann fraudulently induced Plaintiff to relinquish voting control to him in exchange for funding that Struengmann promised to the Company  but never delivered or intended to deliver. Defendant Struengmann is a wealthy German businessman who currently controls three of SiO2's investors - Athos KG ("Athos"),  Patiro Holding AG ("Patiro") and Santo Holding AG ("Santo").

27.   Struengmann began investing in SiO2 around 2015 and had always done what he said he would do insofar as his dealings with the Plaintiff were concerned and insofar as investing money that he had promised to invest in SiO2.  Plaintiff had every reason to trust Struengmann when he made representations of further investments in the company.

28.   On June 28, 29, or 30, 2022, Plaintiff met with Struengmann and several others at Struengmann's Munich office.  In the presence of others, Defendant Struengmann agreed to invest $50 million of equity in SiO2 at a value of $500 million.

29.   Before the meeting was over, Defendant Struengmann asked the Plaintiff to speak with him alone in another room.  At that time Plaintiff and Defendant Struengmann privately discussed terms for Defendant Struengmann's desire to provide additional funding for SiO2 beyond the initial $50 million investment.

30.    At that private meeting Defendant Struengmann stated that he would also invest $70 million in or about September 2022 and would raise an additional $170 million in new equity for SiO2 before the end of 2022.  As to the $170 million, Defendant Struengmann told Plaintiff he would attempt to raise as much of it as possible from third parties including his personal contacts, but that if he fell short of that he would invest the money himself.

31.    At the private meeting Defendant Struengmann instructed Plaintiff to cease his ongoing efforts to raise funds for SiO2, and the reason he gave for this was that Defendant Struengmann was prepared to arrange for all necessary investments himself and did not want Plaintiff attracting other investors.

32.    Defendant Struengmann also insisted that Plaintiff step down as CEO and that Plaintiff give Defendant Struengmann voting control of the Biotech Division of the Company only by granting Defendant Struengmann proxy rights to vote his and A. Enterprises shares.

33.    Defendant Struengmann demanded that he would run SiO2's Biotech and vaccine business only because he had no interest in the rest of SiO2's business which was comprised of seven other research and development product divisions.  Plaintiff would continue to run those divisions exclusively. Defendant Struengmann would receive a 5% fee of the profits of the other seven research and development divisions to compensate for use of the Biotech and vaccine businesses' patents.

34.    Plaintiff was not represented by counsel at all during the meeting that took place on June 28, 29, or 30, 2022 or at the time he executed any documents pertaining to it.

35.   Plaintiff relied on Defendant Struengmann's promises and representations to him made during the private discussion and broke off ongoing discussions with other potential sources of capital for SiO2 that included previous negotiations with Saudi Arabia, The United Arab Emirates ("UAE"), and Kennedy Lewis.

36.   Also in reliance on Defendant Struengmann's promises made to him, Plaintiff executed the Amended & Restated Stockholders Voting Agreement on July 5, 2022, which gave Defendant Struengmann's company, Patiro, a proxy to vote Plaintiff's personal shares and A. Enterprises' shares, which gave Defendant Struengmann voting control over SiO2.

37.   Defendant Struengmann was present at the Board Meeting held in Auburn, Alabama on September 1, 2022 , along with directors Defendant Yves Steffen, Defendant Andreas Biagosch, Melissa Simon,  the Plaintiff and others.  Defendant Thomas Struengmann served as a director of SiO2 and attended many Board meetings and other company functions in Auburn, Alabama over several years.  He may have resigned secretly in October 2022.

38.   While at the SiO2 Board Meeting held in Auburn, Alabama on December 9, 2022, Defendant Biagosch told Plaintiff in private that Defendant Thomas Struengmann had never intended to furnish financing or investment in SiO2 beyond the $50 million invested and had never promised that he would do so which is further proof that Defendant Thomas Struengmann had the present intention on June 28, 29 or 30, 2022 not to fulfill the promises that he made to Plaintiff concerning further financing for SiO2.

39.     In the decade leading up to June of 2022, **SiO2** always had an ability to raise money to meet any economic challenge and bankruptcy was not even a consideration.  In April of 2022, **SiO2** was worth **$2.4 billion** based on the sale of stock to third parties and new patents obtained.

40.      Before the bankruptcy filing, in early  2023, the Company lead by Defendant Yves Steffen's, who was acting under the control of Defendant Thomas Struengmann, failed to pursue over $111 million in available monies due from the federal government in the form of a Second Request for Equitable Adjustment (REA). Plaintiff also ceased pursing available capital for the Company based on promises made to him by Defendant Struengmann, that in essence Struengmann would provide the necessary capital and Thomas Struengmann did not want the Plaintiff to seek other investors or creditors.

41.     At the Board of Directors meeting of SiO2 on November 30, 2022, Defendant Yves Steffen **confirmed** Defendant Thomas Struengmann's direction to Plaintiff to cease his efforts to seek other investors when he responded to Board concerns about seeking additional financing that **the Company had not been actively looking** for an investment over the preceding 6 months. That 6 month period coincided with the time that had elapsed since Defendant Thomas Struengmann told Plaintiff to cease his investment raising efforts on June 28, 29 or 30, 2022.

42.     At the same Board of Directors meeting on November 30, 2022, Defendant Andreas Biagosch opposed the suggestion of creating a Capital Raise Committee (CRC) composed of **independent disinterested** directors and proposed instead that the CRC be composed of Defendant Yves Steffen; Defendant Athos Kg's board representative

Melissa Simon; Mr. Paul Meister who was placed on the Board by Defendant Thomas Struengmann; and Mr. Aman Kumar who was Oaktree's board representative. In response, it was suggested that **if** the CRC formation proposed by Defendant Biagosch was implemented that the CRC charter **should recuse** any member of such committee who had a conflict with respect to the contemplated transaction. Defendant Biagosch then pushed back with the assertion that the members of the CRC should have as much information as possible. Defendant Biagosch's support for Board Members controlled by Thomas Struengmann indicates knowledge of Defendant Thomas Struengmann's plans to destroy SiO2's ability to raise money and his active involvement in the scheme to ultimately force SiO2 into involuntary bankruptcy.

43.    Plaintiff reasonably relied on Defendant Struengmann's promises to provide financing when he decided to give Defendant Struengmann proxy to vote his shares and when he stopped negotiating with Kennedy Lewis, Saudi Arabia and the UAE. Nothing other than Defendant Struengmann's promises would have induced him to give up control of the company or cease to find available funding. In fact, the Kennedy Lewis financial deal had already been approved by the SiO2 Board.

44.    Once Defendants seized control of SiO2, they denied the Plaintiff access to information in the company's possession which was contrary to his rights and interest as an SiO2 Director and SiO2 Shareholder.

45.    Once Defendant Struengmann acquired voting control of SiO2, he and Defendant Steffen immediately began steering the company to an unnecessary bankruptcy with help from Defendants Biagosch and Athos Kg.

46.     On information and belief, Plaintiff avers that Defendants Struengmann and Steffen
had begun speaking with the bankruptcy counsel that ultimately placed SiO2 in
bankruptcy as early as April 2022 and on or about December 8, 2022 directed that
SiO2 pays a $1 million retainer to Kirkland & Ellis for their legal preparation of the
bankruptcy petition without advising the Board of Directors and made no mention
of bankruptcy at the December 9, 2022 meeting of the Board of Directors. SiO2's
liquidity was further diminished.

47.     Rather than protect or advance the interest of SiO2 or its Shareholders, Defendant
Struengmann who held a seat on the Board of SiO2, until October 18, 2022, when he
secretly resigned, actively hindered SiO2's ability to raise capital in several ways
including instructing the Plaintiff to cease raising funds from other investors and
failing to seek $111 million in government reimbursement on a Second REA Claim.
The net effect was for Defendant Struengmann to create a false liquidity crisis in
order to justify bankruptcy designed to personally benefit himself, even though it was
against SiO2's best interests.

48.     In early 2023, under the direction of Defendant Struengmann, CEO Steffen failed to
pursue a claim to the federal government for money owed for work performed by
SiO2 related to the Covid-19 pandemic.

49.     The request for additional payment for performance of a government contract is
known as a Request for Equitable Adjustment ("REA"). A REA for $111,457,080
in additional costs SiO2 incurred in manufacturing vials for the government's
Operation Warp Speed program for production of the Covid-19 vaccine should have
been made.

50.     Plaintiff personally hired and paid the fees of an attorney who is an expert on government reimbursement for the purpose of advising him on whether SiO2 was entitled to request this reimbursement.  Although there was no guarantee that the government would grant the request, the attorney advised Plaintiff that he considered it a routine submission and payment was highly likely.  In fact, the attorney advised Plaintiff that if the submission had been filed by January 24, 2023, SiO2 would have known by March 24, 2023 whether the U.S. government would pay some or all of the much needed $111 million.

51.     Defendant Steffen, the CEO hand-picked by Defendant Struengmann, inexplicably refused to make the filing with the federal government for the Second REA mentioned above.  In Auburn, Alabama in February 2023, Defendant promised Plaintiff that he would file the application for the REA, and then refused to do so.

52.     Defendant Steffen's refusal to submit the REA was in support of the plan created by him and Defendant Struengmann to create a false liquidity crisis to justify putting SiO2 into bankruptcy.

53.     Defendant Struengmann and Defendant Steffen then proceeded to use the proxy to exercise Plaintiff's voting rights and the Board of Directors that Defendant Thomas Struengmann had put in place including CEO Defendant Steffen to file a bankruptcy petition for SiO2, which ultimately destroyed the value of SiO2 stock since drug companies do not want to do business with a company that has been in bankruptcy.

54.     As fiduciaries, the Defendants Thomas Struengmann, Yves Steffen, and Andreas Biagosch  had "a duty to act with the highest degree of honesty and loyalty toward the Plaintiff and in the best interest of the Plaintiff.

55.   The participation by Defendants Thomas Struengmann, Andreas Biagosch,  Athos

Kg, Patiro and Santo in fraud and deceit, and breach of fiduciary duty which caused

Plaintiff to lose control of his company and over $1 billion through fraudulent

changes in stock ownership and voting rights **endangers the common good** and

requires the dissolution of Fictitious Defendants R (which is responsible for their

conduct) which is the only way to eliminate the **threat to the common good**.

56.   Defendant Struengmann who was not allowed to become involved in the

managements of investments made by  Athos Kg, Patiro and Santo, actively inserted

himself into the control and management of SiO2 and fraudulently lead it down the

disastrous path of bankruptcy which destroyed its value. At the time, Plaintiff was

unaware that Defendant Thomas Struengmann could not be involved in the

management of companies that were invested in by Athos Kg, Patrino and Santo but

Defendants Thomas Struengmann and Biagosch knew it.

57.   Defendant Steffen who was installed as CEO by Defendant Struengmann was loyal

to Defendant Struengmann instead of the Plaintiff who was the principal shareholder

and failed to deal honestly and fairly with the Plaintiff in a number of ways including

his failure to file the Request for Equitable Assistance, which would have injected

$111 million into the company at a time when it claimed to be on the verge of

bankruptcy.

58.   Defendants Athos, Kg, Patrino and Santo allowed its agent, servant, or employee,

Defendant Struengmann to become involved in the management of SiO2 which

Plaintiff believes was contrary to German law and regulations controlling his family

foundation. Defendant Thomas Struengmann served on the Board and regularly

attended corporate functions in Auburn, Alabama for years. Athos Kg, Patrino and Santo violated their fiduciary duty to the Plaintiff by allowing Defendant Thomas Struengmann to be involved in the management of SiO2.

59. On information and belief, Plaintiff avers that Defendant Andreas Biagosch who had supervisory authority over Struengmann's family foundation including Athos Kg, Patiro, and Santo failed to require them to conduct business according to rule and regulation promulgated by the German government when he allowed Defendant Struengmann to be actively involved in the management of SiO2, which was an investment of Athos Kg, Patiro and Santo. Defendant Biagosch was present at all critical times in which Defendant Struengmann was involved including the meeting in Munich in late June of 2022 and at various Board Meetings of SiO2 in Auburn, Alabama. In fact, Defendant Biagosch made certain statements to the Plaintiff in private while attending the Board Meeting on December 9, 2022 in Auburn, Alabama to the effect that Defendant Thomas Struengmann never intended to invest more than the $50 million in SiO2 and that he never made the promise to make the $70 million and $170 million additional investments. His statement shows Defendant Thomas Struengmann had no intention to fulfill the promises he made on June 28, 29 or 30, 2022.

60. By reason of their positions as officers and/or directors of SiO2, each of the Individual Defendants owed SiO2 and its stockholders fiduciary obligations of trust, loyalty, good faith, and due care, and were and are required to use their utmost ability to control and manage SiO2 in a fair, just, honest, and equitable manner. The Individual Defendants were and are required to act in furtherance of the best interests

of SiO2 and not in furtherance of their personal interest or benefit. To discharge their duties, the officers and/or directors of SiO2 were required to exercise reasonable and prudent supervision over the management, policies, practices, and controls of the financial affairs of the SiO2.

61.     The conduct of the Individual Defendants complained of herein involves a knowing and culpable violation of their obligations as officers and/or directors of SiO2, the absence of good faith on their part, and reckless disregard for their duties to SiO2 and to the stockholders that the Individual Defendants were aware or reckless in not being aware posed a risk of serious injury to SiO2 and to the stockholders. The Individual Defendants, because of their positions of control and authority as officers and/or directors of SiO2, were able to, and did, directly or indirectly, exercise control over the wrongful acts complained of herein. The Individual Defendants also failed to prevent the other Individual Defendants from taking such illegal actions. As a result, and in addition to the damage SiO2 and the stockholders have already incurred, the stockholders have expended, and will continue to expend, significant sums of money.

## COUNT ONE

## PROMISSORY FRAUD

62.     Plaintiff incorporates the paragraphs 1-61 of the General Allegations.

63.     On or about June 28, 29, or 30 of 2022, Defendant Struengmann took the Plaintiff into a separate room in his Munich, Germany office and promised to invest an additional $70 million in SiO2 in September/October of 2022 and to procure

investment in SiO2 of another $170 million before the end of 2022. Thomas Struengmann said that he would either find someone else to invest that additional $170 million or he would invest the money himself before year end.  Further Defendant Thomas Struengmann told the Plaintiff to refrain from seeking financing or investment elsewhere and that Plaintiff had to give Defendant Thomas Struengmann his written proxy to vote his SiO2 stock giving Defendant Thomas Struengmann control of SiO2 and step down as CEO immediately.

64.     Defendant Struengmann made those promises on behalf of himself, Athos Kg, Patiro and Santo.

65.     When Defendant Struengmann made the above described promises to invest an additional $70 million in September/October of 2022 plus an additional $170 million by the year end of 2022 in SiO2, he intended to deceive Plaintiff.  He had the present intention **not** to fulfill his promises which is shown, *inter alia*, by his failure to ever fulfill either promise and by Defendant Biagosch's statements made to Plaintiff in private while at the Board Meeting of SiO2 in Auburn, Alabama  in December of 2022 to the effect that Defendant Thomas Struengmann had never had any intention of investing more than $50 million in SiO2 and had never made the promise to Plaintiff.

66.     As part of the statement Defendant Struengmann told the Plaintiff to refrain from seeking financing elsewhere because he wanted it all and Plaintiff did in fact forego other financing that he had previously arranged, and which was previously approved in reliance upon Defendant Struengmann's promise.

67. Plaintiff had dealt with Defendant Struengmann over a 20 year period and he had always done what he said he would do in terms of investing money in various ventures of the Plaintiff in the range of several hundred million dollars.

68. Plaintiff relied upon Defendant Struengmann's representations to him and did not seek other financing, which ultimately caused SiO2 to have serious financial problems when Defendant Struengmann and Athos Kg refused to fund the investments promised.

69. At the time that Defendant Struengmann acting for Athos Kg, Patiro and Santo made the misrepresentation to Plaintiff that he would fund SiO2 with an additional investment of $70 million in September/October of 2022 and an additional $170 million by year end 2022, the Defendants Struengmann and Athos Kg, Patiro and Santo had the present intention not to perform the acts promised.

70. At the time that Defendant Struengmann made the misrepresentation to the Plaintiff that he would fund SiO2 with an additional $70 million in September/October 2022 plus an additional $170 million invested in SiO2 by year end 2022, the Defendant had the present intent to deceive the Plaintiff.

71. At the time Defendant Struengmann's promises were made, Defendant Struengmann did not intend to carry out the promises to invest the $70 million or the $170 million in SiO2 and he had the present intent to deceive the Plaintiff into believing that he would do so.

72. Plaintiff reasonably relied on Defendant Struengmann's promises to fund SiO2 with an additional $70 million in September/October 2022 and a further additional sum of $170 million before year end 2022 which caused the Plaintiff to forego financing

that he had already arranged with other investors for SiO2 and further caused the Plaintiff to cease efforts to find other financing for SiO2.  In fact Defendant Struengmann asked or directed the Plaintiff not to seek other financing from other sources and to just rely upon him.  Because of the long 20 year history of involvement with Defendant Struengmann and Athos Kg, and his demonstrated ability and willingness to invest in Plaintiff's companies, Plaintiff relied upon Defendant Struengmann's promises and did not use other financing or seek other additional financing.  Defendant Struengmann knew that Plaintiff would rely upon his promises.

73.   In late June/early July 2022 Plaintiffs owned 100% of the common stock of SiO2 and more than 50% of the preferred stock in SiO2 for a combined ownership percentage of more than 50 percent.  At that time, Plaintiff needed to raise funds to ensure that the company could sustain itself financially until the new products it had developed could be marketed.  Plaintiff estimated that would take $250-270 million.  Plaintiff had previously arranged to obtain financing or investments of $250-270 million, which he did not close because of Defendant Struengmann's promise to invest $70 million in September/October and find investors or provide his further investment of $170 million before year end.  Based upon Struengmann's requirement that he cease efforts to obtain other financing, the Plaintiff ceased to search for alternative loans and investors.

74.   At the time of Defendant Struengmann's promise in late June, Plaintiff valued SiO2 at $2.5-3B, based on stock sale for $100 M to Doosan around January , 2022.

75.   As a result of Plaintiff's reasonable reliance upon Defendant's promises of future

financing as set out above, Defendant Struengmann, Athos Kg, Patiro, Santo and other Defendants were able to execute their plan to take over SiO2 and force it into involuntary bankruptcy, in the hopes that Struengmann, Athos Kg, Patiro and Santo could buy the company for pennies on the dollar out of the bankruptcy proceeding. As a proximate result of the scheme in which Defendants Struengmann, Athos Kg, Patiro, Santo and other Defendants participated, Plaintiff lost at least $1 billion in value of ownership of SiO2.

76.    Defendant Thomas Struengmann's promissory fraud enabled Defendants Thomas Struengmann and Yves Steffan's plan to take control of SiO2 so they could force it into unnecessary bankruptcy. Documentary proof of their fraudulent scheme was discovered by Plaintiff in the bankruptcy proceedings when documents prepared by Defendant Yves Steffen were produced by SiO2 bankruptcy counsel. One document entitled "Financial and Operational Strategy" dated **June 30, 2022** and stamped "confidential" consisting of **8** pages was **distributed to SiO2 Board Members**. A separate document consisting of **9** pages was prepared by Defendant Yves Steffen for Defendant Thomas Struengmann and was provided to him but not to the Board Members. The first **8** pages of the separate document provided to Defendant Thomas Struengmann is identical to the 8 pages distributed to Board Members, **but** it contained an **additional** page. The additional (ninth) page of Thomas Struengmann's document entitled "Proposal to enable the transformation of SiO2" is attached as Exhibit "**A**". Exhibit "**A**" shows a contemplated investment of $250 million USD by Athos which is further substantiation of Thomas Struengmann's promises to Plaintiff as well as the scheme to take over the company.

77.     Plaintiff claims compensatory damages against Defendant Struengmann, Steffen, Athos Kg, Patiro, Santo and fictitious Defendants **R** through **Z**, for compensatory damages in the amount of $1 billion.

78.     Defendant Thomas Struengmann was the agent, servant or employee of Athos Kg, Patiro and Santo, acting within the line and scope of his authority at all times material to this Complaint.

79.     Defendant Biagosch was the agent, servant or employee of Athos Kg, Patiro and Santo acting within the line and scope of his employment at all times material to this Complaint.

80.     Defendant Struengmann intentionally planned to deceive Plaintiff and to take his property unlawfully.  The Plaintiff claims punitive damages in an amount to be determined by a jury for the purpose of punishing the Defendant Struengmann for his intentional wrongful conduct and for the purpose of deterring said Defendant and others similarly situated from such conduct in the future.

81.     Defendants  Athos Kg, Patiro and Santo knew of Defendant Struengmann's conduct, benefitted from that conduct, or his conduct was calculated to benefit his employer Athos Kg, Patiro and Santo, or they ratified that conduct, all of which makes Athos Kg, Patiro and Santo liable for the punitive damages assessed against Struengmann.

**WHEREFORE**,  Plaintiff demands  judgment  against  Defendants  Thomas Struengmann, Yves Steffen, Athos Kg, Patiro, Santo,  Andreas Biagosch and Fictitious Defendants **R** through **Z**,  for compensatory damages in the amount of $1 billion and punitive damages of $3 billion, plus cost and interest.

## COUNT TWO

## BREACH OF CONTRACT

82.   Plaintiff incorporates the allegations of paragraphs 1 through 81 herein.

83.   Defendant Struengmann acting for his employers/principals Athos Kg, Patiro and

Santo offered to provide financing for SiO2 in a meeting in late June 2022. Some of

the terms of that contract were reduced to writing and others were verbal, including

the promises of Defendant Struengmann acting on behalf of Athos Kg, Patiro and

Santo to invest $70 million in SiO2 in either September or October of 2022, and an

additional $170 million before year end 2022. All of which was in addition to the

$50 million invested in SiO2 in July of 2022. Defendant Struengmann offered to

make those investments in SiO2 and the Plaintiff accepted his offer and terms also

agreeing to give Defendant Thomas Struengmann his proxy to vote the majority of

the stock in SiO2; stepping down as CEO; and agreeing to relinquish control of

certain portions of SiO2 to Defendant Struengmann.

84.   Thereafter, Defendant Struengmann failed and refused to furnish the additional

investment in SiO2 that was promised, totaling some $240 million but retained

control of the company that was wrongfully obtained from the Plaintiff. See Exhibit

"**A**" entitled "Proposal to enable transformation of SiO2" which was prepared by

Defendant Yves Steffen on June 30, 2022 for Defendant Thomas Struengmann

indicating a $250 million investment by Athos Kg **that never happened**. Exhibit

"**A**" was not furnished to the Board as a part of the handout entitled "Financial and

operational strategy". Exhibit "**A**" recognizes the **necessity** of the **injection** of $250

million USD by Athos Kg to **accomplish the transformation of control to Athos Kg**.

85.   Defendant Struengmann wrongfully exercised control of all of SiO2 by taking Plaintiff's voting rights and removing Plaintiff as CEO of the company, substituting in his stead his hand picked designate Defendant Yves Steffen.

86.   Defendant Struengmann then acting through Yves Steffen and the Board he had elected, proceeded to take various acts which coupled with his failure to provide $240 million worth of investment put SiO2 in a precarious financial position allowing him to force it into an involuntary bankruptcy situation designed to allow Defendant Thomas Struengmann to purchase SiO2 for pennies on the dollar.

87.   Among other actions Defendants Thomas Struengmann and Yves Steffen refused to make the Second REA for $111 million from the U.S. Government and caused Plaintiff to cease seeking financing while refusing to invest $240 million that he promised which created the liquidity crisis they relied upon to put SiO2 in bankruptcy.

88.   When they took control of the company, the Defendants Thomas Struengmann, Yves Steffen, Athos Kg, Patiro, Santo and Andreas Biagosch should have taken every reasonable measure to maximize the assets of SiO2 and preserve Shareholder value, and they did neither of these. In fact, they worked to reduce Shareholder value and diminished the value of assets to force SiO2 into a premature declaration of involuntary bankruptcy.

89.   As a proximate result of the breaches of contract by Defendants Struengmann, Athos Kg, Patiro, Santo, Yves Steffen, Andreas Biagosch, and Fictitious Defendants **R**

through **Z** the Plaintiff's value in SiO2 was reduced from in excess of $1 billion to $0 (zero) entitling him to compensatory damages of at least $1 billion to make him whole.

90.    Plaintiffs owned 100 percent of the common stock and over 50 percent of the preferred stock for a total of over 50 percent of the entire ownership of the company. Since the company was worth $2.5-3 billion to $3 billion when Defendants assumed control of it through their deceitful tactics in late June and early July and the company lost all of its value, through Defendants Thomas Struengmann, Yves Steffen, Andreas Biagosch, Athos Kg, Patiro and Santo putting it in bankruptcy, they caused the Plaintiff to lose a minimum of $1 billion. Plaintiff is entitled to recover damages from Defendants Thomas Struengmann, Yves Steffen, Andreas Biagosch, Athos Kg, Patiro and Santo in the amount of $1 billion.

**WHEREFORE**, Plaintiff demands judgment against all the Defendants and Fictitious Defendants **R** through **Z** for Compensatory Damages in the amount of $1 billion.

## COUNT THREE

## BREACH OF FIDUCIARY DUTY

91.    Plaintiff incorporates the general allegations of paragraphs 1-90.

92.    Once the Defendants Thomas Struengmann, Athos Kg, Patiro and Santo, Yves Steffen, and Andreas Biagosch assumed control of SiO2 each of them had a fiduciary duty to the shareholders of SiO2, which was principally the Plaintiffs. Plaintiffs owned 100 percent of the common stock and over 50 percent of preferred stock for a combined ownership of more than 50 percent.

93.   *Inter alia*, the failure to provide the financing promised to keep SiO2 financially viable until it could market its developed products, was a breach of fiduciary duty to Plaintiff by Defendants Thomas Struengmann, Yves Steffen, Andreas Biagosch, Athos Kg, Patiro and Santo. Another breach of fiduciary duty was Defendants' causing Plaintiff to cease his efforts to find other investors.

94.   Defendants Thomas Struengmann and Yves Steffen breached their fiduciary duty when they conspired to deprive SiO2 of its financial stability in order that they could force it into bankruptcy and buy the stock for pennies on the dollar. Defendants Athos Kg, Patiro and Santo are responsible for Defendant Thomas Struengmann's conduct since he was the agent, servant, or employee of these entities who was acting within the line and scope of his duties. Defendant Thomas Struengmann's plot to destroy the value of SiO2 and then purchase it cheaply through a bankruptcy proceeding was calculated to benefit Athos Kg, Patiro and Santo.

95.   All of the Defendants had a fiduciary duty to see that the corporate asset of the second REA was processed. Failing to seek further equitable adjustment from the United States Government for cost overruns on the provision of articles used to provide the covid vaccine deprived the company of at least $100 million of immediate funding, which was detrimental to SiO2's ability to continue to operate until it could sell the products which it had spent millions of dollars developing, and therefore weakened the company instead of preserving those assets. Some of those assets were the very marketable products which had been developed, researched, and prepared for market but were not yet marketed. The bridge investment was necessary to get them to the marketing stage where they would produce income.

96.     Defendant Andreas Biagosch who was Director os SiO2 had a duty to SiO2 to preserve its assets and to meet his obligations of fiduciary responsibility since he a government supervisor of Athos Kg.  He participated actively in the governance of SiO2, and was aware of the fraud, breach of contract, failure to preserve corporate assets and breach of fiduciary duty by Thomas Struengmann.

97.     Defendant Andreas Biagosch also had the obligation to see that Defendant Thomas Struengmann was not involved in the operation or management of SiO2, which he failed to do.  In fact, he participated with Defendant Thomas Struengmann in the fraud by stating to Plaintiff privately while at the Board Meeting in December of 2022 in Auburn, Alabama that Defendant Thomas Struengmann never intended to invest the additional $70 million plus $170 million in SiO2 and never made the promise to do so.

98.     Also by failing to keep the promise of investing $70 million in September/October 2022 and failing to procure the investment of $170 million or making the investment himself by the end of 2022, Defendant Struengmann,  Athos Kg, Patiro, Santo and others failed to preserve the valuable marketable assets of SiO2, resulting in great diminution of the stockholder's value in the company.

99.     The participation of Defendants Thomas Struengmann, Biagosch, Yves Steffen, Athos Kg, Patiro and Santo in fraud and deceit, and breach of fiduciary duty which caused Plaintiff to lose control of his company and over $1 billion in the value of his company and caused the fraudulent changes of ownership in SiO2 **endanger the common good** and entitle the Plaintiff to punitive as well as compensatory damages.

**WHEREFORE**, Plaintiffs demand judgment against all the named Defendants and the Fictitious Defendants **R** through **Z** for Compensatory Damages in the amount of $1 billion and punitive damages in the amount of $3 billion.

Joseph L. Dean, Jr.

/s/ Joseph L. Dean, Jr.
JOSEPH L. DEAN, JR. (DEA006)
DEAN & BARRETT
Attorney for Plaintiffs
Post Office Box 231
Opelika, AL 36803-0231
Phone: (334) 749-2222
Fax: (334) 749-5857
Joe@deanandbarrett.com

## JURY DEMAND

Plaintiffs request a trial by a struck jury on all issues.

Joseph L. Dean, Jr.

/s/ Joseph L. Dean, Jr.
Of Counsel

## *Proposal to enable the transformation of SiO2*



250MUSD
Equity from Athos KG (and others?)

Convert all preferred to common – one class of stock

Athos KG receives an additional 27% of equity (total approx. 52%)

Bobby Abrams to become chairman (compensation tbd)

New CEO for SiO2 Materials Science to be selected by Bobby Abrams and Thomas Strüngmann immediately

Athos KG to have majority of the board (construction of the board tbd)



**EXHIBIT A**

SiO2
MATERIALS SCIENCE

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| ROBERT S. ABRAMS, and | * |
| A. ENTERPRISES, LLC | * |
| | * |
|     PLAINTIFFS, | * |
| | * |
| vs. | * |
| | * |
| THOMAS STRUENGMANN, | * |
| ATHOS SERVICE GmbH, | * |
| YVES STEFFEN, | * |
| ANDREAS BIAGOSCH, | * |
| PATIRO HOLDING AG, | * |
| SANTO HOLDING AG, and | * |
| FICTITIOUS DEFENDANTS R-Z. | * |

CIVIL CASE NUMBER: $CV24-184$

F I L E D

JUN 2 4 2024

IN OFFICE
MARY B. ROBERSON
CIRCUIT CLERK

## CIVIL SUMMONS

Notice To:    Thomas Struengmann

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to file the original of your written Answer, either admitting or denying each allegation in the Complaint with the Clerk of this Court. A copy of your Answer must be mailed or hand delivered by you or your attorney to the Plaintiff's Attorney **Joseph L. Dean, Jr.,** whose address is **Dean & Barrett, PO Box 231, Opelika, AL 36803-0231. Telephone Number: (334) 749-2222**

This Answer must be mailed or delivered within **30** days after this Summons and Complaint were delivered to you or a Judgment by default may be entered against you for the money or other things demanded in the Complaint.

---

**TO ANY PERSON AUTHORIZED** by Alabama Rule of Civil Procedure **4.4 (1)** setting out PROCESS: for and methods of service in a foreign country specifically by those means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

_X_ You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the Defendant by means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

_X_    This Summons is being sent to:
    Prasident des Oberlandesgerichts Munchen, Prielmayerstrasse 5, 80097 Munchen.
    Telefon: +49 89 5597-02
    Fax: + 49 89 5597-3570
    poststelle@olg-m.bayern.de

which is the Central Authority of the Federal State of Bayern, Germany for service as allowed by The Hague Convention.

Date _____

By: _____
Clerk/Register

_____
Plaintiffs Attorney's Signature
(JOSEPH L. DEAN, JR. - DEA006)

## RETURN ON SERVICE

_____   I certify that I personally delivered a copy of the Summons & Complaint to

_____

in _____, on _____.

_____                    _____
DATE                                SERVER'S SIGNATURE

_____

_____            _____

Address of Server                            _____
                                             Type of Process Server

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| ROBERT S. ABRAMS, and | * |
| A. ENTERPRISES, LLC | * |
| | * |
| PLAINTIFFS, | * |
| | * |
| vs. | * |
| | * |
| THOMAS STRUENGMANN, | * |
| ATHOS SERVICE GmbH, | * |
| YVES STEFFEN, | * |
| ANDREAS BIAGOSCH, | * |
| PATIRO HOLDING AG, | * |
| SANTO HOLDING AG, and | * |
| FICTITIOUS DEFENDANTS R-Z. | * |

CIVIL CASE NUMBER: CV24-184

F I L E D

JUN 2 4 2024

IN OFFICE
MARY B. ROBERSON
CIRCUIT CLERK

### CIVIL SUMMONS

Notice To:    Athos Service GmbH

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to file the original of your written Answer, either admitting or denying each allegation in the Complaint with the Clerk of this Court. A copy of your Answer must be mailed or hand delivered by you or your attorney to the Plaintiff's Attorney **Joseph L. Dean, Jr.,** whose address is **Dean & Barrett, PO Box 231, Opelika, AL  36803-0231. Telephone Number: (334) 749-2222**

This Answer must be mailed or delivered within **30** days after this Summons and Complaint were delivered to you or a Judgment by default may be entered against you for the money or other things demanded in the Complaint.

_____

**TO ANY PERSON AUTHORIZED** by  Alabama Rule of Civil Procedure  **4.4 (1)** setting out PROCESS: for and methods of service in a foreign country specifically by those means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

 X  You are hereby commanded to serve this Summons and a copy of the Complaint in this action
        upon the Defendant by means authorized by The Hague Convention on the Service Abroad
        of Judicial and Extra judicial Documents.

 X     This Summons is being sent to:
         Prasident des Oberlandesgerichts Munchen, Prielmayerstrasse 5, 80097 Munchen.
        Telefon: +49 89 5597-02
        Fax: + 49 89 5597-3570
        poststelle@olg-m.bayern.de

which is the Central Authority of the Federal State of Bayern, Germany for service as allowed by The Hague Convention.

Date _____

By: _____
Clerk/Register

_____
Plaintiffs Attorney's Signature
(JOSEPH L. DEAN, JR. - DEA006)

## RETURN ON SERVICE

_____   I certify that I personally delivered a copy of the Summons & Complaint to

_____

in _____, on _____.

_____                    _____

DATE                                SERVER'S SIGNATURE

_____

_____          _____

Address of Server                   Type of Process Server

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| ROBERT S. ABRAMS, and | * |
| A. ENTERPRISES, LLC | * |
| | * |
| PLAINTIFFS, | * |
| | * |
| vs. | *  CIVIL CASE NUMBER: $CV24-184$ |
| | * |
| THOMAS STRUENGMANN, | * |
| ATHOS SERVICE GmbH, | * |
| YVES STEFFEN, | * |
| ANDREAS BIAGOSCH, | * |
| PATIRO HOLDING AG, | * |
| SANTO HOLDING AG, and | * |
| FICTITIOUS DEFENDANTS R-Z. | * |

F I L E D

JUN 2 4 2024

IN OFFICE
MARY B. ROBERSON
CIRCUIT CLERK

### CIVIL SUMMONS

Notice To:     Yves Steffen

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.  You or your attorney are required to file the original of your written Answer, either admitting or denying each allegation in the Complaint with the Clerk of this Court.  A copy of your Answer must be mailed or hand delivered by you or your attorney to the Plaintiff's Attorney **Joseph L. Dean, Jr.,** whose address is **Dean & Barrett, PO Box 231, Opelika, AL  36803-0231. Telephone Number: (334) 749-2222**

This Answer must be mailed or delivered within **30** days after this Summons and Complaint were delivered to you or a Judgment by default may be entered against you for the money or other things demanded in the Complaint.

---

**TO ANY PERSON AUTHORIZED** by  Alabama Rule of Civil Procedure  **4.4 (1)** setting out PROCESS: for and methods of service in a foreign country specifically by those means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

_X_  You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the Defendant by means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

_X_     This Summons is being sent to:
    Gerichte Kanton Aargau
    Generalsekretariat
    Obere Vorstadt 40
    5000 Aarau

Tel 1: +41 62 835 38 24
Fax: +41 62 835 39 49
Webmaster.jb@ag.ch

which is the  Central Authority of the Federal State of Aargau, Switzerland for service as allowed
by The Hague Convention.

Date _____

By: _____

Clerk/Register

*Joseph L. Dean*

Plaintiffs Attorney's Signature

**(JOSEPH L. DEAN, JR. - DEA006)**

### RETURN ON SERVICE

_____   I certify that I personally delivered a copy of the Summons & Complaint to
_____

in _____, on _____.

_____                    _____

DATE                                        SERVER'S SIGNATURE

_____                    _____

_____                    _____

Address of Server                          Type of Process Server

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

ROBERT S. ABRAMS, and          *
A. ENTERPRISES, LLC            *
                               *
    PLAINTIFFS,                *
                               *
vs.                            *      CIVIL CASE NUMBER: $CV24\text{-}184$
                               *
THOMAS STRUENGMANN,            *
ATHOS SERVICE GmbH,            *
YVES STEFFEN,                  *          F I L E D
ANDREAS BIAGOSCH,              *
PATIRO HOLDING AG,             *          JUN 2 4 2024
SANTO HOLDING AG, and          *
FICTITIOUS DEFENDANTS R-Z.     *          IN OFFICE
                                       MARY B. ROBERSON
                                         CIRCUIT CLERK

### CIVIL SUMMONS

Notice To:    Andreas Biagosch

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to file the original of your written Answer, either admitting or denying each allegation in the Complaint with the Clerk of this Court. A copy of your Answer must be mailed or hand delivered by you or your attorney to the Plaintiff's Attorney **Joseph L. Dean, Jr.,** whose address is **Dean & Barrett, PO Box 231, Opelika, AL  36803-0231. Telephone Number: (334) 749-2222**

This Answer must be mailed or delivered within **30** days after this Summons and Complaint were delivered to you or a Judgment by default may be entered against you for the money or other things demanded in the Complaint.

_____

**TO ANY PERSON AUTHORIZED** by  Alabama Rule of Civil Procedure  **4.4 (1)** setting out PROCESS: for and methods of service in a foreign country specifically by those means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

_X_  You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the Defendant by means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

_X_____This Summons is being sent to:
    Prasident des Oberlandesgerichts Munchen, Prielmayerstrasse 5, 80097 Munchen.
    Telefon: +49 89 5597-02
    Fax: + 49 89 5597-3570
    poststelle@olg-m.bayern.de

which is the Central Authority of the Federal State of Bayern, Germany for service as allowed by The Hague Convention.

Date _____

By: _____
Clerk/Register

_Joseph L. Dean_

Plaintiffs Attorney's Signature
(JOSEPH L. DEAN, JR. - DEA006)

## RETURN ON SERVICE

_____ I certify that I personally delivered a copy of the Summons & Complaint to

_____

in _____, on _____.

_____
DATE

_____
SERVER'S SIGNATURE

_____

_____

Address of Server

_____

_____

Type of Process Server

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| ROBERT S. ABRAMS, and | * |
| A. ENTERPRISES, LLC | * |
| | * |
| PLAINTIFFS, | * |
| | * |
| vs. | * |
| | * |
| THOMAS STRUENGMANN, | * |
| ATHOS SERVICE GmbH, | * |
| YVES STEFFEN, | * |
| ANDREAS BIAGOSCH, | * |
| PATIRO HOLDING AG, | * |
| SANTO HOLDING AG, and | * |
| FICTITIOUS DEFENDANTS R-Z. | * |

CIVIL CASE NUMBER: $CV24-184$

F I L E D

JUN 2 4 2024

IN OFFICE
MARY B. ROBERSON
CIRCUIT CLERK

### CIVIL SUMMONS

Notice To:     Patiro Holding AG

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to file the original of your written Answer, either admitting or denying each allegation in the Complaint with the Clerk of this Court. A copy of your Answer must be mailed or hand delivered by you or your attorney to the Plaintiff's Attorney **Joseph L. Dean, Jr.,** whose address is **Dean & Barrett, PO Box 231, Opelika, AL  36803-0231. Telephone Number: (334) 749-2222**

This Answer must be mailed or delivered within **30** days after this Summons and Complaint were delivered to you or a Judgment by default may be entered against you for the money or other things demanded in the Complaint.

---

**TO ANY PERSON AUTHORIZED** by  Alabama Rule of Civil Procedure  **4.4 (1)** setting out PROCESS: for and methods of service in a foreign country specifically by those means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

_X_  You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the Defendant by means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

_X_     This Summons is being sent to:
 Obergericht des Kantons Uri
 Rathausplatz 2
 Postfach
 6460 Altdorf UR

Tel 1: +41 41 875 22 67
Fax: +41 41 875 22 77
obergericht@ur.ch

which is the  Central Authority of the Federal State of Altdorf, Uri, Switzerland for service as
allowed by The Hague Convention.

Date _____

By: _____
Clerk/Register

_____
Plaintiffs Attorney's Signature
**(JOSEPH L. DEAN, JR. - DEA006)**

## RETURN ON SERVICE

_____    I certify that I personally delivered a copy of the Summons & Complaint to

_____

in _____, on _____.

_____              _____
DATE                         SERVER'S SIGNATURE

_____

_____          _____

Address of Server                          _____
                                           Type of Process Server

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

ROBERT S. ABRAMS, and      *
A. ENTERPRISES, LLC      *
     *
     PLAINTIFFS,      *
     *
vs.      *     CIVIL CASE NUMBER: CV24-184
     *
THOMAS STRUENGMANN,      *
ATHOS SERVICE GmbH,      *
YVES STEFFEN,      *
ANDREAS BIAGOSCH,      *
PATIRO HOLDING AG,      *
SANTO HOLDING AG, and      *
FICTITIOUS DEFENDANTS R-Z.      *

**F I L E D**

JUN 2 4 2024

IN OFFICE
MARY B. ROBERSON
CIRCUIT CLERK

## CIVIL SUMMONS

Notice To:     SANTO HOLDING AG

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to file the original of your written Answer, either admitting or denying each allegation in the Complaint with the Clerk of this Court. A copy of your Answer must be mailed or hand delivered by you or your attorney to the Plaintiff's Attorney **Joseph L. Dean, Jr.,** whose address is **Dean & Barrett, PO Box 231, Opelika, AL 36803-0231. Telephone Number: (334) 749-2222**

This Answer must be mailed or delivered within **30** days after this Summons and Complaint were delivered to you or a Judgment by default may be entered against you for the money or other things demanded in the Complaint.

**TO ANY PERSON AUTHORIZED** by Alabama Rule of Civil Procedure **4.4 (1)** setting out PROCESS: for and methods of service in a foreign country specifically by those means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

_X_ You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the Defendant by means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

_X_ This Summons is being sent to:
    Obergericht des Kantons Zurich
    Zentralbehorde Rechtshilfe Zivilsachen
    Hirschengraben 15
    Postfach

8021 Zurich
Tel 1: +41 44 257 91 91
rechtshilfe@gerichte-zh.ch

which is the Central Authority of the Federal State of Zurich, Switzerland for service as allowed by
The Hague Convention.

Date _____          _____

                                      By:_____
                                      Clerk/Register

                                      _____
                                      Plaintiffs Attorney's Signature
                                      **(JOSEPH L. DEAN, JR. - DEA006)**

### RETURN ON SERVICE

_____   I certify that I personally delivered a copy of the Summons & Complaint to

        _____

        in _____, on _____.


_____          _____

DATE                         SERVER'S SIGNATURE



_____

_____          _____

Address of Server                                 Type of Process Server

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| ROBERT S. ABRAMS, and | * |
| A. ENTERPRISES, LLC | * |
| | * |
| PLAINTIFFS, | * |
| | * |
| vs. | *    CIVIL CASE NUMBER: CV-2024-184 |
| | * |
| THOMAS STRUENGMANN, | * |
| ATHOS SERVICE GmbH, | * |
| YVES STEFFEN, | * |
| ANDREAS BIAGOSCH, | * |
| PATIRO HOLDING AG, | * |
| SANTO HOLDING AG, and | * |
| FICTITIOUS DEFENDANTS R-Z. | * |

### CIVIL SUMMONS

F I L E D

JUL 0 9 2024

IN OFFICE
MARY B ROBERSON
CIRCUIT CLERK

Notice To:     **Defendant**
                Patiro Holding AG
                c/o Barbara Merz Wipfli, lic. Iur.
                Attorney and Notary
                Bahnhofplatz 3
                6460 Altdorf Switzerland

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to file the original of your written Answer, either admitting or denying each allegation in the Complaint with the Clerk of this Court. A copy of your Answer must be mailed or hand delivered by you or your attorney to the Plaintiff's Attorney **Joseph L. Dean, Jr.,** whose address is **Dean & Barrett, PO Box 231, Opelika, AL 36803-0231. Telephone Number: (334) 749-2222**

This Answer must be mailed or delivered within **30** days after this Summons and Complaint were delivered to you or a Judgment by default may be entered against you for the money or other things demanded in the Complaint.

**TO ANY PERSON AUTHORIZED** by Alabama Rule of Civil Procedure **4.4 (1)** setting out PROCESS: for and methods of service in a foreign country specifically by those means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

  _X_   You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the Defendant by means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

_____X_____ This Summons is being sent to:

        Department federal de Justice et Police
        Office federal de la justice
        Domaine de direction Entraide judiciaire internationale
        Bundesrain 20
        3003 Bern
        Switzerland

which will forward  this document to the appropriate Central Authority of the Federal State of Altdorf, Uri, Switzerland for service on Defendant Patiro AG, as allowed by The Hague Convention.

Date ___7-9-24___

By: _MaryB. Polreisen_ _deh_
Clerk/Register

_Joseph L. Dean, Jr._
Plaintiffs Attorney's Signature
**(JOSEPH L. DEAN, JR. - DEA006)**

### RETURN ON SERVICE

_____ I certify that I personally delivered a copy of the Summons & Complaint to

_____

in _____, on _____.


_____          _____
DATE                             SERVER'S SIGNATURE



_____

_____          _____

Address of Server                          Type of Process Server

# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

DEMANDE AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ÉTRANGER D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965.**
Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965.

| Identity and address of the applicant<br>Identité et adresse du requérant | Address of receiving authority<br>Adresse de l'autorité destinataire |
|---|---|
| 1. Mary Roberson<br>Lee County Circuit Clerk<br>Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br>Phone: 1-334-737-3500<br>Email: mary.roberson@alacourt.gov | 2. Central Authority – Switzerland<br>The Federal Justice and Police Department<br>Federal Office of Justice<br>International Legal Assistance<br>Bundesrain 20<br>3003 Bern<br>Switzerland<br>Phone: + 41 58 462 11 20<br>Fax: + 41 58 462 53 80<br>Email: irh@bj.admin.ch |

**The undersigned applicant has the honour to transmit – in duplicate – the documents listed below and, in conformity with Article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.:**
Le requérant soussigné a l'honneur de faire parvenir – en double exemplaire – à l'autorité destinataire les documents ci-dessous énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, à savoir :

**(identity and address)**
(identité et adresse)
3. Patiro Holding AG
c/o Barbara Merz Wipfli, lic. Iur.
Attorney and Notary
Bahnhofplatz 3
6460 Altdorf Switzerland

| ☒ | a) | **in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention\***<br>selon les formes légales (article 5, alinéa premier, lettre a))\* |
|---|---|---|
| ☐ | b) | **in accordance with the following particular method (sub-paragraph b) of the first paragraph of Article 5)\*:**<br>selon la forme particulière suivante (article 5, alinéa premier, lettre b)\* :<br>_____ |
| ☐ | c) | **by delivery to the addressee, if he accepts it voluntarily (second paragraph of Article 5)\***<br>le cas échéant, par remise simple (article 5, alinéa 2)\* |

**The authority is requested to return or to have returned to the applicant a copy of the documents - and of the annexes\* - with the attached certificate.**
Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes\* - avec l'attestation ci-jointe.

*List of documents* / Énumération des pièces

- Summons
- Complaint
- Model Form

\*  if appropriate / s'il y a lieu

| **Done at** / Fait à Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br><br>**The** / le  9 July 2024 | Signature and/or stamp<br>Signature et / ou cachet<br><br>*Mary B Roberson* |
|---|---|

# CERTIFICATE
## ATTESTATION

**The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,**
L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,

☐ **1. that the document has been served\***
que la demande a été exécutée\*

| — **the (date)** / le (date): | 1. Insert the date when the document was served |
|---|---|
| — **at (place, street, number):**<br>à (localité, rue, numéro) : | 2. Insert the place, street and number where the document was served |

| — **in one of the following methods authorised by Article 5:**<br>dans une des formes suivantes prévues à l'article 5 : | | |
|---|---|---|
| ☐ | a) | **in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention\***<br>selon les formes légales (article 5, alinéa premier, lettre a))\* |
| ☐ | b) | **in accordance with the following particular method\*:**<br>selon la forme particulière suivante\* :<br>———— |
| ☐ | c) | **by delivery to the addressee, if he accepts it voluntarily\***<br>par remise simple\* |

**The documents referred to in the request have been delivered to:**
Les documents mentionnés dans la demande ont été remis à :

| **Identity and description of person:**<br>Identité et qualité de la personne : | 3. Insert the identity and description of the person who received the documents |
|---|---|
| **Relationship to the addressee (family, business or other):**<br>Liens de parenté, de subordination ou autres, avec le destinataire de l'acte : | 4. Insert the relationship to the addressee of the person who received the documents |

☐ **2. that the document has not been served, by reason of the following facts\*:**
que la demande n'a pas été exécutée, en raison des faits suivants\* :

| 5. Insert facts/reasons why the document has not been served |
|---|

☐ **In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement\*.**
Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint\*.

***Annexes*** / Annexes

| **Documents returned:**<br>Pièces renvoyées : | Insert a list of the documents that are being returned |
|---|---|
| **In appropriate cases, documents establishing the service:**<br>Le cas échéant, les documents justificatifs de l'exécution : | Insert a list of the documents that establish that service has been effected |

\*   if appropriate / s'il y a lieu

| **Done at** / Fait à  Insert the location where you signed the Certificate<br><br>**The** / le  Insert the date on which you signed the Request (spelt out in full) | **Signature and/or stamp**<br>Signature et / ou cachet |
|---|---|

# WARNING
## AVERTISSEMENT

**Identity and address of the addressee**
Identité et adresse du destinataire
1. Patiro Holding AG
c/o Barbara Merz Wipfli, lic. Iur.
Attorney and Notary
Bahnhofplatz 3
6460 Altdorf Switzerland

### IMPORTANT

**THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.**

**IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.**

**ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:**

### TRÈS IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES « ÉLÉMENTS ESSENTIELS DE L'ACTE » VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE, SOIT DANS VOTRE PAYS, SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES À :

2. Mary Roberson
Lee County Circuit Clerk
Lee County Justice Center
2311 Gateway Drive
Opelika, Alabama 36801
Phone: 1-334-737-3500
Email: mary.roberson@alacourt.gov

**It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or in one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the document is to be sent, or in English or French.**

Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'État d'origine de l'acte. Les blancs pourraient être remplis, soit dans la langue de l'État où le document doit être adressé, soit en langue française, soit en langue anglaise.

# SUMMARY OF THE DOCUMENT TO BE SERVED
## ÉLÉMENTS ESSENTIELS DE L'ACTE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965 (Article 5, fourth paragraph).**

Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965 (article 5, alinéa 4).

| | |
|---|---|
| **Name and address of the requesting authority:** <br> Nom et adresse de l'autorité requérante : | 3. Mary Roberson <br> Lee County Circuit Clerk <br> Lee County Justice Center <br> 2311 Gateway Drive <br> Opelika, Alabama 36801 <br> Phone: 1-334-737-3500 <br> Email: mary.roberson@alacourt.gov |
| **Particulars of the parties\*:** <br> Identité des parties\* : | 4. Plaintiff: <br> Robert S. Abrams <br> 875 5th Avenue, Apt 17C <br> New York, New York 10065 <br> Phone: 1-929-944-5761 <br> Email: racvholdings@gmail.com <br><br> Plaintiff: <br> A. Enterprises, LLC <br> 1747 Brookeview Court <br> Auburn, Alabama 36830 <br><br> Defendant: <br> Patiro Holding AG <br> c/o Barbara Merz Wipfli, lic. Iur. <br> Attorney and Notary <br> Bahnhofplatz 3 <br> 6460 Altdorf Switzerland |

\* If appropriate, identity and address of the person interested in the transmission of the document
S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte

☒ **JUDICIAL DOCUMENT\*\***
ACTE JUDICIAIRE\*\*

| | |
|---|---|
| **Nature and purpose of the document:** <br> Nature et objet de l'acte : | 5. - Summons: information for service of process <br><br> -Complaint: seeking money damages <br><br> -Model Form: information for service purposes |
| **Nature and purpose of the proceedings and, when appropriate, the amount in dispute:** <br> Nature et objet de l'instance, le cas échéant, le montant du litige : | 6. -Claim for money damages up to $1 Billion USD for fraud, breach of contract, and breach of fiduciary duty. |
| **Date and Place for entering appearance\*\*:** <br> Date et lieu de la comparution\*\* : | 7. You must enter an appearance within thirty (30) days from the date you are served with process with the following: <br><br> Mary Roberson <br> Lee County Circuit Clerk <br> Lee County Justice Center <br> 2311 Gateway Drive <br> Opelika, Alabama 36801 <br> Telephone: 1-334-737-3500 <br> Email: mary.roberson@alacourt.gov |
| **Court which has given judgment\*\*:** <br> Juridiction qui a rendu la décision\*\* : | 8. Not Applicable |

| | |
|---|---|
| **Date of judgment\*\*:**<br>Date de la décision\*\* : | 9. Not Applicable |
| **Time limits stated in the document\*\*:**<br>Indication des délais figurant dans l'acte\*\* : | 10. You must enter an appearance within thirty (30) days from the date you are served with process with the following:<br><br>Mary Roberson<br>Lee County Circuit Clerk<br>Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br>Telephone: 1-334-737-3500<br>Email: mary.roberson@alacourt.gov |

\*\* if appropriate / s'il y a lieu

☐ **EXTRAJUDICIAL DOCUMENT\*\***
ACTE EXTRAJUDICIAIRE\*\*

| | |
|---|---|
| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | 11. Not Applicable |
| **Time-limits stated in the document\*\*:**<br>Indication des délais figurant dans l'acte\*\* : | 12. Not Applicable |

\*\* if appropriate / s'il y a lieu

D3

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

ROBERT S. ABRAMS, and                 *
A. ENTERPRISES, LLC                   *
                                      *
    PLAINTIFFS,         *
                                      *
vs.                                   *     CIVIL CASE NUMBER: CV-2024-184
                                      *
THOMAS STRUENGMANN,                   *
ATHOS SERVICE GmbH,                   *
YVES STEFFEN,                         *
ANDREAS BIAGOSCH,                     *
PATIRO HOLDING AG,                    *
SANTO HOLDING AG, and                 *
FICTITIOUS DEFENDANTS R-Z.            *

FILED
JUL 0 9 2024

IN OFFICE
MARY B ROBERSON
CIRCUIT CLERK

### CIVIL SUMMONS

Notice To:    Defendant
             Yves Steffen
             Weizackerweg 33 4312
             Magden, Switzerland

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to file the original of your written Answer, either admitting or denying each allegation in the Complaint with the Clerk of this Court. A copy of your Answer must be mailed or hand delivered by you or your attorney to the Plaintiff's Attorney **Joseph L. Dean, Jr.,** whose address is **Dean & Barrett, PO Box 231, Opelika, AL 36803-0231. Telephone Number: (334) 749-2222**

This Answer must be mailed or delivered within **30** days after this Summons and Complaint were delivered to you or a Judgment by default may be entered against you for the money or other things demanded in the Complaint.

---

**TO ANY PERSON AUTHORIZED** by Alabama Rule of Civil Procedure **4.4 (1)** setting out PROCESS: for and methods of service in a foreign country specifically by those means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

 _X_ You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the Defendant by means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

___X___ This Summons is being sent to:

Department federal de Justice et Police
Office federal de la justice
Domaine de direction Entraide judiciaire internationale
Bundesrain 20
3003 Bern
Switzerland

which will forward  this document to the appropriate Central Authority in Switzerland for service
on Defendant Yves Steffen, as allowed by The Hague Convention.

Date _____7-9-24_____

By: _____Mary B Roberson_____
Clerk/Register

_____Joseph L. Dean, Jr_____
Plaintiffs Attorney's Signature
**(JOSEPH L. DEAN, JR. - DEA006)**

## RETURN ON SERVICE

_____ I certify that I personally delivered a copy of the Summons & Complaint to

_____

in _____, on _____.


_____                    _____
DATE                                SERVER'S SIGNATURE


_____

_____    _____
                                        _____
Address of Server                       Type of Process Server

# REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS
DEMANDE AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ÉTRANGER
D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965.**
Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965.

| **Identity and address of the applicant** | **Address of receiving authority** |
|---|---|
| Identité et adresse du requérant | Adresse de l'autorité destinataire |
| 1. Mary Roberson | 2. Central Authority – Switzerland |
| Lee County Circuit Clerk | The Federal Justice and Police Department |
| Lee County Justice Center | Federal Office of Justice |
| 2311 Gateway Drive | International Legal Assistance |
| Opelika, Alabama 36801 | Bundesrain 20 |
| Phone: 1-334-737-3500 | 3003 Bern |
| Email: mary.roberson@alacourt.gov | Switzerland |
| | Phone: + 41 58 462 11 20 |
| | Fax: + 41 58 462 53 80 |
| | Email: irh@bj.admin.ch |

The undersigned applicant has the honour to transmit – in duplicate – the documents listed below and, in conformity with Article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.:
Le requérant soussigné a l'honneur de faire parvenir – en double exemplaire – à l'autorité destinataire les documents ci-dessous énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, à savoir :

**(identity and address)**
(identité et adresse)
3. Yves Steffen
Weizackerweg 33
4312, Magden, Switzerland

| | | |
|---|---|---|
| ☒ | a) | **in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention\*** <br> selon les formes légales (article 5, alinéa premier, lettre a))\* |
| ☐ | b) | **in accordance with the following particular method (sub-paragraph b) of the first paragraph of Article 5)\*:** <br> selon la forme particulière suivante (article 5, alinéa premier, lettre b)\* : |
| ☐ | c) | **by delivery to the addressee, if he accepts it voluntarily (second paragraph of Article 5)\*** <br> le cas échéant, par remise simple (article 5, alinéa 2)\* |

The authority is requested to return or to have returned to the applicant a copy of the documents - and of the annexes\* - with the attached certificate.
Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes\* - avec l'attestation ci-jointe.

*List of documents* / Énumération des pièces

- Summons
- Complaint
- Model Form

\* if appropriate / s'il y a lieu

| **Done at** / Fait à Lee County Justice Center <br> 2311 Gateway Drive <br> Opelika, Alabama 36801 <br><br> **The** / le  9 July 2024 | **Signature and/or stamp** <br> Signature et / ou cachet <br> *Mary B Roberson* |

F I L E D

JUL 0 9 2024

IN OFFICE
MARY B ROBERSON
CIRCUIT CLERK

Permanent Bureau July 2017

# CERTIFICATE
## ATTESTATION

**The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,**
L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,

☐ **1. that the document has been served\***
que la demande a été exécutée*

| — **the (date)** / le (date): | 1. Insert the date when the document was served |
| — **at (place, street, number):** à (localité, rue, numéro) : | 2. Insert the place, street and number where the document was served |

| — **in one of the following methods authorised by Article 5:** dans une des formes suivantes prévues à l'article 5 : | |
|---|---|
| ☐ | *a)* **in accordance with the provisions of sub-paragraph *a)* of the first paragraph of Article 5 of the Convention\*** selon les formes légales (article 5, alinéa premier, lettre *a)*)* |
| ☐ | *b)* **in accordance with the following particular method\*:** selon la forme particulière suivante* : _____ |
| ☐ | *c)* **by delivery to the addressee, if he accepts it voluntarily\*** par remise simple* |

**The documents referred to in the request have been delivered to:**
Les documents mentionnés dans la demande ont été remis à :

| **Identity and description of person:** Identité et qualité de la personne : | 3. Insert the identity and description of the person who received the documents |
| **Relationship to the addressee (family, business or other):** Liens de parenté, de subordination ou autres, avec l'acte destinataire de l'acte : | 4. Insert the relationship to the addressee of the person who received the documents |

☐ **2. that the document has not been served, by reason of the following facts\*:**
que la demande n'a pas été exécutée, en raison des faits suivants* :

| 5. Insert facts/reasons why the document has not been served |
|---|
| |

☐ **In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement\*.**
Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint*.

*Annexes* / Annexes

| **Documents returned:** Pièces renvoyées : | Insert a list of the documents that are being returned |
| **In appropriate cases, documents establishing the service:** Le cas échéant, les documents justificatifs de l'exécution : | Insert a list of the documents that establish that service has been effected |

\*  if appropriate / s'il y a lieu

| **Done at** / Fait à  Insert the location where you signed the Certificate **The** / le  Insert the date on which you signed the Request (spelt out in full) | **Signature and/or stamp** Signature et / ou cachet |

# WARNING
## AVERTISSEMENT

**Identity and address of the addressee**
Identité et adresse du destinataire
1. Yves Steffen
Weizackerweg 33
4312, Magden, Switzerland

## IMPORTANT

**THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.**

**IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.**

**ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:**

## TRÈS IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES « ÉLÉMENTS ESSENTIELS DE L'ACTE » VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE, SOIT DANS VOTRE PAYS, SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES À :

2. Mary Roberson
Lee County Circuit Clerk
Lee County Justice Center
2311 Gateway Drive
Opelika, Alabama 36801
Phone: 1-334-737-3500
Email: mary.roberson@alacourt.gov

**It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or in one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the document is to be sent, or in English or French.**

Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'État d'origine de l'acte. Les blancs pourraient être remplis, soit dans la langue de l'État où le document doit être adressé, soit en langue française, soit en langue anglaise.

# SUMMARY OF THE DOCUMENT TO BE SERVED
## ÉLÉMENTS ESSENTIELS DE L'ACTE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965 (Article 5, fourth paragraph).**

Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965 (article 5, alinéa 4).

| | |
|---|---|
| **Name and address of the requesting authority:** <br> Nom et adresse de l'autorité requérante : | 3. Mary Roberson <br> Lee County Circuit Clerk <br> Lee County Justice Center <br> 2311 Gateway Drive <br> Opelika, Alabama 36801 <br> Phone: 1-334-737-3500 <br> Email: mary.roberson@alacourt.gov |
| **Particulars of the parties\*:** <br> Identité des parties\* : | 4. Plaintiff: <br> Robert S. Abrams <br> 875 5th Avenue, Apt 17C <br> New York, New York 10065 <br> Phone: 1-929-944-5761 <br> Email: racvholdings@gmail.com <br><br> Plaintiff: <br> A. Enterprises, LLC <br> 1747 Brookeview Court <br> Auburn, Alabama 36830 <br><br> Defendant: <br> Yves Steffen <br> Weizackerweg 33 <br> 4312, Magden, Switzerland |

\* If appropriate, identity and address of the person interested in the transmission of the document
  S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte

☒ **JUDICIAL DOCUMENT\*\***
  ACTE JUDICIAIRE\*\*

| | |
|---|---|
| **Nature and purpose of the document:** <br> Nature et objet de l'acte : | 5. - Summons: information for service of process <br><br> -Complaint: seeking money damages <br><br> -Model Form: information for service purposes |
| **Nature and purpose of the proceedings and, when appropriate, the amount in dispute:** <br> Nature et objet de l'instance, le cas échéant, le montant du litige : | 6. -Claim for money damages up to $1 Billion USD for fraud, breach of contract, and breach of fiduciary duty. |
| **Date and Place for entering appearance\*\*:** <br> Date et lieu de la comparution\*\* : | 7. You must enter an appearance within thirty (30) days from the date you are served with process with the following: <br><br> Mary Roberson <br> Lee County Circuit Clerk <br> Lee County Justice Center <br> 2311 Gateway Drive <br> Opelika, Alabama 36801 <br> Telephone: 1-334-737-3500 <br> Email: mary.roberson@alacourt.gov |
| **Court which has given judgment\*\*:** <br> Juridiction qui a rendu la décision\*\* : | 8. Not Applicable |
| **Date of judgment\*\*:** <br> Date de la décision\*\* : | 9. Not Applicable |

| **Time limits stated in the document**:**<br>Indication des délais figurant dans l'acte** : | 10. You must enter an appearance within thirty (30) days from the date you are served with process with the following:<br><br>Mary Roberson<br>Lee County Circuit Clerk<br>Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br>Telephone: 1-334-737-3500<br>Email: mary.roberson@alacourt.gov |
|---|---|

** if appropriate / s'il y a lieu

☐ **EXTRAJUDICIAL DOCUMENT****
ACTE EXTRAJUDICIAIRE**

| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | 11. Not Applicable |
|---|---|
| **Time-limits stated in the document**:**<br>Indication des délais figurant dans l'acte** : | 12. Not Applicable |

** if appropriate / s'il y a lieu

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| ROBERT S. ABRAMS, and <br> A. ENTERPRISES, LLC <br><br>     PLAINTIFFS, <br><br> vs. <br><br> THOMAS STRUENGMANN, <br> ATHOS SERVICE GmbH, <br> YVES STEFFEN, <br> ANDREAS BIAGOSCH, <br> PATIRO HOLDING AG, <br> SANTO HOLDING AG, and <br> FICTITIOUS DEFENDANTS R-Z. | \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \*     CIVIL CASE NUMBER: CV-2024-184 |

### CIVIL SUMMONS

F I L E D

JUL 0 9 2024

IN OFFICE
MARY B ROBERSON
CIRCUIT CLERK

Notice To:    Defendant
                SANTO HOLDING AG
                Limmatquai 4
                PO Box 1731 CH-8027
                Zurich

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to file the original of your written Answer, either admitting or denying each allegation in the Complaint with the Clerk of this Court. A copy of your Answer must be mailed or hand delivered by you or your attorney to the Plaintiff's Attorney **Joseph L. Dean, Jr.,** whose address is **Dean & Barrett, PO Box 231, Opelika, AL 36803-0231. Telephone Number: (334) 749-2222**

This Answer must be mailed or delivered within __30__ days after this Summons and Complaint were delivered to you or a Judgment by default may be entered against you for the money or other things demanded in the Complaint.

**TO ANY PERSON AUTHORIZED** by Alabama Rule of Civil Procedure **4.4 (1)** setting out PROCESS: for and methods of service in a foreign country specifically by those means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

_X_ You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the Defendant by means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

___X___ This Summons is being sent to:

Department federal de Justice et Police
Office federal de la justice
Domaine de direction Entraide judiciaire internationale
Bundesrain 20
3003 Bern
Switzerland

which will forward  this document to the appropriate Central Authority in Switzerland for service
on Defendant Santo Holding AG, as allowed by The Hague Convention.


Date 7-9-24                              *Mary B. Roberson*

                                    By:_____
                                    Clerk/Register

                                    *Joseph L. Dean*
                                    Plaintiff's Attorney's Signature
                                    **(JOSEPH L. DEAN, JR. - DEA006)**


### RETURN ON SERVICE


_____ I certify that I personally delivered a copy of the Summons & Complaint to
_____
in _____, on _____.



_____        _____
DATE                           SERVER'S SIGNATURE



_____

_____        _____
                                             _____
Address of Server                            Type of Process Server

# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS
### DEMANDE AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ÉTRANGER D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965.**

Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965.

| | |
|---|---|
| **Identity and address of the applicant**<br>Identité et adresse du requérant<br>1. Mary Roberson<br>Lee County Circuit Clerk<br>Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br>Phone: 1-334-737-3500<br>Email: mary.roberson@alacourt.gov | **Address of receiving authority**<br>Adresse de l'autorité destinataire<br>2. Central Authority - Switzerland<br> The Federal Justice and Police Department<br>Federal Office of Justice<br>International Legal Assistance<br>Bundesrain 20<br>3003 Bern<br>Switzerland<br>Phone: +41 58 462 11 20<br>Fax: + 41 58 462 53 80<br>irh@bj.admin.ch |

**The undersigned applicant has the honour to transmit – in duplicate – the documents listed below and, in conformity with Article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.:**

Le requérant soussigné a l'honneur de faire parvenir – en double exemplaire – à l'autorité destinataire les documents ci-dessous énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, à savoir :

**(identity and address)**
(identité et adresse)
3. Santo Holding AG
Limmatquai 4
P.O. Box 1731 CH-8027 Zurich
c/o Ruth Stoeckli – Corporate Representative
Fax: 0041(0) 43 422 66 61
Email: r.stoeckli@santoholding.ch

| | | |
|---|---|---|
| ☒ | a) | **in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention\***<br>selon les formes légales (article 5, alinéa premier, lettre a))\* |
| ☐ | b) | **in accordance with the following particular method (sub-paragraph b) of the first paragraph of Article 5)\*:**<br>selon la forme particulière suivante (article 5, alinéa premier, lettre b)\* :<br>———— |
| ☐ | c) | **by delivery to the addressee, if he accepts it voluntarily (second paragraph of Article 5)\***<br>le cas échéant, par remise simple (article 5, alinéa 2)\* |

**The authority is requested to return or to have returned to the applicant a copy of the documents - and of the annexes\* - with the attached certificate.**

Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes\* - avec l'attestation ci-jointe.

*List of documents / Énumération des pièces*

- Summons
- Complaint
- Model Form

\* if appropriate / s'il y a lieu

| **Done at** / Fait à Lee County Justice Center 2311 Gateway Drive Opelika, Alabama 36801  **The** / le  9 July 2024 | **Signature and/or stamp** Signature et / ou cachet  *Mary B. Roberson* |

FILED

JUL 0 9 2024

IN OFFICE
MARY B ROBERSON
CIRCUIT CLERK

# CERTIFICATE
## ATTESTATION

**The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,**
L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,

☐ **1. that the document has been served***
　 que la demande a été exécutée*

| — the (date) / le (date): | 1. Insert the date when the document was served |
|---|---|
| — at (place, street, number):<br>à (localité, rue, numéro) : | 2. Insert the place, street and number where the document was served |

| — in one of the following methods authorised by Article 5:<br>dans une des formes suivantes prévues à l'article 5 : | |
|---|---|
| ☐ | a) **in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention***<br>selon les formes légales (article 5, alinéa premier, lettre a))* |
| ☐ | b) **in accordance with the following particular method***:<br>selon la forme particulière suivante* :<br>——— |
| ☐ | c) **by delivery to the addressee, if he accepts it voluntarily***<br>par remise simple* |

**The documents referred to in the request have been delivered to:**
Les documents mentionnés dans la demande ont été remis à :

| **Identity and description of person:**<br>Identité et qualité de la personne : | 3. Insert the identity and description of the person who received the documents |
|---|---|
| **Relationship to the addressee (family, business or other):**<br>Liens de parenté, de subordination ou autres, avec le destinataire de l'acte : | 4. Insert the relationship to the addressee of the person who received the documents |

☐ **2. that the document has not been served, by reason of the following facts***:
　 que la demande n'a pas été exécutée, en raison des faits suivants* :

| 5. Insert facts/reasons why the document has not been served |
|---|

☐ **In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement***.
　 Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint*.

**Annexes** / Annexes

| **Documents returned:**<br>Pièces renvoyées : | Insert a list of the documents that are being returned |
|---|---|
| **In appropriate cases, documents establishing the service:**<br>Le cas échéant, les documents justificatifs de l'exécution : | Insert a list of the documents that establish that service has been effected |

\* if appropriate / s'il y a lieu

| **Done at** / Fait à  Insert the location where you signed the Certificate<br><br>**The** / le  Insert the date on which you signed the Request (spelt out in full) | **Signature and/or stamp**<br>Signature et / ou cachet |
|---|---|

# WARNING
## AVERTISSEMENT

**Identity and address of the addressee**
Identité et adresse du destinataire
1. Santo Holding AG
Limmatquai 4
P.O. Box 1731 CH-8027 Zurich
c/o Ruth Stoeckli – Corporate Representative
Fax: 0041(0) 43 422 66 61
Email: r.stoeckli@santoholding.ch

### IMPORTANT

**THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.**

**IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.**

**ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:**

### TRÈS IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES « ÉLÉMENTS ESSENTIELS DE L'ACTE » VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE, SOIT DANS VOTRE PAYS, SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES À :

2. Mary Roberson
Lee County Circuit Clerk
Lee County Justice Center
2311 Gateway Drive
Opelika, Alabama 36801
Phone: 1-334-737-3500
Email: mary.roberson@alacourt.gov

**It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or in one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the document is to be sent, or in English or French.**

Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'État d'origine de l'acte. Les blancs pourraient être remplis, soit dans la langue de l'État où le document doit être adressé, soit en langue française, soit en langue anglaise.

# SUMMARY OF THE DOCUMENT TO BE SERVED
## ÉLÉMENTS ESSENTIELS DE L'ACTE

Convention on the Service Abroad of Judicial and Extrajudicial Documents in
Civil or Commercial Matters, signed at The Hague, the 15th of November 1965 (Article 5, fourth paragraph).

Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965 (article 5, alinéa 4).

| | |
|---|---|
| **Name and address of the requesting authority:**<br>Nom et adresse de l'autorité requérante : | 3. Mary Roberson<br>Lee County Circuit Clerk<br>Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br>Phone: 1-334-737-3500<br>Email: mary.roberson@alacourt.gov |
| **Particulars of the parties\*:**<br>Identité des parties\* : | 4. Plaintiff:<br>Robert S. Abrams<br>875 5th Avenue, Apt 17C<br>New York, New York 10065<br>Phone: 1-929-944-5761<br>Email: racvholdings@gmail.com<br><br>Plaintiff:<br>A. Enterprises, LLC<br>1747 Brookeview Court<br>Auburn, Alabama 36830<br><br>Defendant:<br>Santo Holding AG<br>Limmatquai 4<br>P.O. Box 1731 CH-8027 Zurich<br>c/o Ruth Stoeckli – Corporate Representative<br>Fax: 0041(0) 43 422 66 61<br>Email: r.stoeckli@santoholding.ch |

\* If appropriate, identity and address of the person interested in the transmission of the document
S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte

☒ **JUDICIAL DOCUMENT\*\***
ACTE JUDICIAIRE\*\*

| | |
|---|---|
| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | 5. - Summons: information for service of process<br><br>-Complaint: seeking money damages<br><br>-Model Form: information for service purposes |
| **Nature and purpose of the proceedings and, when appropriate, the amount in dispute:**<br>Nature et objet de l'instance, le cas échéant, le montant du litige : | 6. -Claim for money damages up to $1 Billion USD for fraud, breach of contract, and breach of fiduciary duty. |
| **Date and Place for entering appearance\*\*:**<br>Date et lieu de la comparution\*\* : | 7. You must enter an appearance within thirty (30) days from the date you are served with process with the following:<br><br>Mary Roberson<br>Lee County Circuit Clerk<br>Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br>Telephone: 1-334-737-3500<br>Email: mary.roberson@alacourt.gov |
| **Court which has given judgment\*\*:**<br>Juridiction qui a rendu la décision\*\* : | 8. Not Applicable |

| **Date of judgment****:** Date de la décision** : | 9. Not Applicable |
|---|---|
| **Time limits stated in the document****:** Indication des délais figurant dans l'acte** : | 10. You must enter an appearance within thirty (30) days from the date you are served with process with the following:<br><br>Mary Roberson<br>Lee County Circuit Clerk<br>Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br>Telephone: 1-334-737-3500<br>Email: mary.roberson@alacourt.gov |

** if appropriate / s'il y a lieu

☐ **EXTRAJUDICIAL DOCUMENT****
ACTE EXTRAJUDICIAIRE**

| **Nature and purpose of the document:** Nature et objet de l'acte : | 11. Not Applicable |
|---|---|
| **Time-limits stated in the document****:** Indication des délais figurant dans l'acte** : | 12. Not Applicable |

** if appropriate / s'il y a lieu

 **Gerichte Kanton Aargau**

Generalsekretariat

KANTON AARGAU

Obere Vorstadt 40, Postfach, 5001 Aarau
Telefon 062 835 38 24
Fax      062 835 39 49

**LDI.2024.281 / mt**

Mary Roberson
Lee Country Circuit Clerk
Lee Country Justice Center
2311 Gateway Drive
36801 Opelika, Alabama
UNITED STATES OF AMERICA

Aarau, 17. Juli 2024

**Rechtshilfeersuchen i.S. Herrn Yves Philippe Oskar STEFFEN, Weizackerweg 33, 4312 Magden**

Sehr geehrte Damen und Herren

In der Beilage lassen wir Ihnen das obgenannte Rechtshilfeersuchen aus dem folgenden Grund wieder zugehen:

Da Sie ausdrücklich um **förmliche** Zustellung (lit. a) des Gesuchs ersuchen, ist eine **deutsche Übersetzung (translation in German)** der Unterlagen unerlässlich.

Wir bitten Sie um Verbesserung des Gesuchs und erneute Einreichung.

Freundliche Grüsse
**Gerichte Kanton Aargau**
Generalsekretariat
Die Sachbearbeiterin:

M. Temporal

Temporal



Beilage erwähnt



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Eidgenössisches Justiz- und Polizeidepartement EJPD

**Bundesamt für Justiz BJ**
Direktionsbereich Internationale Rechtshilfe
Fachbereich Rechtshilfe II: Beweiserhebung und Zustellung

CH-3003 Bern, BJ / BJ-00437983 / P001

**A-Post**
Gerichte Kanton Aargau
Generalsekretariat
Kantonale Zentralbehörde
Obere Vorstadt 40
5000 Aarau

Gerichte Kanton Aargau

Eing.:   1 7. JULI 2024

Generalsekretariat

Ihr Zeichen:
Unser Zeichen: C-24-3-12
Sachbearbeiter/in: KUL
**Bern, 15. Juli 2024**

### Zustellungsersuchen gemäss HZUe65 an STEFFEN Yves

Sehr geehrte Damen und Herren

Das Haager Übereinkommen über die Zustellung gerichtlicher und aussergerichtlicher Schriftstücke im Ausland in Zivil- oder Handelssachen sieht vor, dass ausländische Behörden die Zustellungsersuchen wahlweise an die Bundeszentralbehörde oder an die zuständige kantonale Zentralbehörde senden können.

Beiliegend erhalten Sie ein Zustellungsersuchen, für dessen Erledigung Sie zuständig sind. Wir haben die Akten nicht geprüft und bitten Sie, gegebenenfalls über die Zustellung zu entscheiden. Das Zustellungszeugnis und ein Exemplar des Schriftstücks und seiner Beilagen senden Sie bitte direkt an die ersuchende ausländische Behörde.

Freundliche Grüsse

Bundesamt für Justiz

Lara Kübler
Dokument ohne Unterschrift

Beilagen erwähnt

Bundesamt für Justiz BJ
Lara Kübler
Bundesrain 20, 3003 Bern, Schweiz
Tel. +41 58 464 00 38, Fax +41 58 462 53 80
lara.kuebler@bj.admin.ch
www.bj.admin.ch

BJ-00437983 / P001

# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS
## DEMANDE AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ÉTRANGER D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965.**
Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965.

| **Identity and address of the applicant**<br>Identité et adresse du requérant<br>1. Mary Roberson<br>Lee County Circuit Clerk<br>Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br>Phone: 1-334-737-3500<br>Email: mary.roberson@alacourt.gov | **Address of receiving authority**<br>Adresse de l'autorité destinataire<br>2. Central Authority – Switzerland<br>The Federal Justice and Police Department<br>Federal Office of Justice<br>International Legal Assistance<br>Bundesrain 20<br>3003 Bern<br>Switzerland<br>Phone: + 41 58 462 11 20<br>Fax: + 41 58 462 53 80<br>Email: irh@bj.admin.ch |
|---|---|

*(stamp: Gerichte Kanton Aargau   Eing.: 17. JULI 2024   Generalsekretariat)*

**The undersigned applicant has the honour to transmit – in duplicate – the documents listed below and, in conformity with Article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.:**
Le requérant soussigné a l'honneur de faire parvenir – en double exemplaire – à l'autorité destinataire les documents ci-dessous énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, à savoir :

| **(identity and address)**<br>(identité et adresse)<br>3. Yves Steffen<br>Weizackerweg 33<br>4312, Magden, Switzerland |
|---|

| ☒ | a) | **in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention\***<br>selon les formes légales (article 5, alinéa premier, lettre a))\* |
|---|---|---|
| ☐ | b) | **in accordance with the following particular method (sub-paragraph b) of the first paragraph of Article 5)\*:**<br>selon la forme particulière suivante (article 5, alinéa premier, lettre b)\* :<br>———— |
| ☐ | c) | **by delivery to the addressee, if he accepts it voluntarily (second paragraph of Article 5)\***<br>le cas échéant, par remise simple (article 5, alinéa 2)\* |

**The authority is requested to return or to have returned to the applicant a copy of the documents - and of the annexes\* - with the attached certificate.**
Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes\* - avec l'attestation ci-jointe.

*List of documents / Énumération des pièces*

- Summons
- Complaint
- Model Form

\* if appropriate / s'il y a lieu

| **Done at / Fait à** Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br><br>**The / le** 9 July 2024 | **Signature and/or stamp**<br>Signature et / ou cachet<br>*Mary B Roberson*<br><br>*FILED JUL 09 2024*<br>IN OFFICE<br>MARY B ROBERSON<br>CIRCUIT CLERK |
|---|---|

Permanent Bureau July 2017

# CERTIFICATE
## ATTESTATION

**The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,**
L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,

☐ **1. that the document has been served\***
que la demande a été exécutée\*

| | |
|---|---|
| **— the (date)** / le (date): | 1. Insert the date when the document was served |
| **— at (place, street, number):**<br>à (localité, rue, numéro) : | 2. Insert the place, street and number where the document was served |

| | | |
|---|---|---|
| **— in one of the following methods authorised by Article 5:**<br>dans une des formes suivantes prévues à l'article 5 : | | |
| ☐ | a) | **in accordance with the provisions of sub-paragraph** *a)* **of the first paragraph of Article 5 of the Convention\***<br>selon les formes légales (article 5, alinéa premier, lettre a))\* |
| ☐ | b) | **in accordance with the following particular method\*:**<br>selon la forme particulière suivante\* :<br>———— |
| ☐ | c) | **by delivery to the addressee, if he accepts it voluntarily\***<br>par remise simple\* |

**The documents referred to in the request have been delivered to:**
Les documents mentionnés dans la demande ont été remis à :

| | |
|---|---|
| **Identity and description of person:**<br>Identité et qualité de la personne : | 3. Insert the identity and description of the person who received the documents |
| **Relationship to the addressee (family, business or other):**<br>Liens de parenté, de subordination ou autres, avec le destinataire de l'acte : | 4. Insert the relationship to the addressee of the person who received the documents |

☐ **2. that the document has not been served, by reason of the following facts\*:**
que la demande n'a pas été exécutée, en raison des faits suivants\* :

| |
|---|
| 5. Insert facts/reasons why the document has not been served |

☐ **In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement\*.**
Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint\*.

***Annexes*** / *Annexes*

| | |
|---|---|
| **Documents returned:**<br>Pièces renvoyées : | Insert a list of the documents that are being returned |
| **In appropriate cases, documents establishing the service:**<br>Le cas échéant, les documents justificatifs de l'exécution :<br>\* if appropriate / s'il y a lieu | Insert a list of the documents that establish that service has been effected |

| | |
|---|---|
| **Done at** / Fait à  Insert the location where you signed the Certificate<br><br>**The** / le  Insert the date on which you signed the Request (spelt out in full) | **Signature and/or stamp**<br>Signature et / ou cachet |

# WARNING
## AVERTISSEMENT

**Identity and address of the addressee**
Identité et adresse du destinataire
1. Yves Steffen
Weizackerweg 33
4312, Magden, Switzerland

### IMPORTANT

**THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.**

**IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.**

**ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:**

### TRÈS IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES « ÉLÉMENTS ESSENTIELS DE L'ACTE » VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE, SOIT DANS VOTRE PAYS, SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES À :

2. Mary Roberson
Lee County Circuit Clerk
Lee County Justice Center
2311 Gateway Drive
Opelika, Alabama 36801
Phone: 1-334-737-3500
Email: mary.roberson@alacourt.gov

**It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or in one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the document is to be sent, or in English or French.**

Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'État d'origine de l'acte. Les blancs pourraient être remplis, soit dans la langue de l'État où le document doit être adressé, soit en langue française, soit en langue anglaise.

# SUMMARY OF THE DOCUMENT TO BE SERVED
## ÉLÉMENTS ESSENTIELS DE L'ACTE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965 (Article 5, fourth paragraph).**

Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965 (article 5, alinéa 4).

| | |
|---|---|
| **Name and address of the requesting authority:** <br> Nom et adresse de l'autorité requérante : | 3. Mary Roberson <br> Lee County Circuit Clerk <br> Lee County Justice Center <br> 2311 Gateway Drive <br> Opelika, Alabama 36801 <br> Phone: 1-334-737-3500 <br> Email: mary.roberson@alacourt.gov |
| **Particulars of the parties\*:** <br> Identité des parties\* : | 4. Plaintiff: <br> Robert S. Abrams <br> 875 5th Avenue, Apt 17C <br> New York, New York 10065 <br> Phone: 1-929-944-5761 <br> Email: racvholdings@gmail.com <br><br> Plaintiff: <br> A. Enterprises, LLC <br> 1747 Brookeview Court <br> Auburn, Alabama 36830 <br><br> Defendant: <br> Yves Steffen <br> Weizackerweg 33 <br> 4312, Magden, Switzerland |

\* If appropriate, identity and address of the person interested in the transmission of the document
S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte

☒ **JUDICIAL DOCUMENT\*\***
ACTE JUDICIAIRE\*\*

| | |
|---|---|
| **Nature and purpose of the document:** <br> Nature et objet de l'acte : | 5. - Summons: information for service of process <br><br> -Complaint: seeking money damages <br><br> -Model Form: information for service purposes |
| **Nature and purpose of the proceedings and, when appropriate, the amount in dispute:** <br> Nature et objet de l'instance, le cas échéant, le montant du litige : | 6. -Claim for money damages up to $1 Billion USD for fraud, breach of contract, and breach of fiduciary duty. |
| **Date and Place for entering appearance\*\*:** <br> Date et lieu de la comparution\*\* : | 7. You must enter an appearance within thirty (30) days from the date you are served with process with the following: <br><br> Mary Roberson <br> Lee County Circuit Clerk <br> Lee County Justice Center <br> 2311 Gateway Drive <br> Opelika, Alabama 36801 <br> Telephone: 1-334-737-3500 <br> Email: mary.roberson@alacourt.gov |
| **Court which has given judgment\*\*:** <br> Juridiction qui a rendu la décision\*\* : | 8. Not Applicable |
| **Date of judgment\*\*:** <br> Date de la décision\*\* : | 9. Not Applicable |

| Time limits stated in the document**:<br>Indication des délais figurant dans l'acte** : | 10. You must enter an appearance within thirty (30) days from the date you are served with process with the following:<br><br>Mary Roberson<br>Lee County Circuit Clerk<br>Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br>Telephone: 1-334-737-3500<br>Email: mary.roberson@alacourt.gov |

** if appropriate / s'il y a lieu

☐ **EXTRAJUDICIAL DOCUMENT****
ACTE EXTRAJUDICIAIRE**

| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | 11. Not Applicable |
| **Time-limits stated in the document****:**<br>Indication des délais figurant dans l'acte** : | 12. Not Applicable |

** if appropriate / s'il y a lieu

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

ROBERT S. ABRAMS, and          *
A. ENTERPRISES, LLC            *
                               *
    PLAINTIFFS,                    *
                               *
vs.                            *      CIVIL CASE NUMBER: CV-2024-184
                               *
THOMAS STRUENGMANN,            *
ATHOS SERVICE GmbH,            *
YVES STEFFEN,                  *
ANDREAS BIAGOSCH,              *
PATIRO HOLDING AG,             *
SANTO HOLDING AG, and          *
FICTITIOUS DEFENDANTS R-Z.     *

FILED

JUL 0 9 2024

IN OFFICE
MARY B ROBERSON
CIRCUIT CLERK

## CIVIL SUMMONS

Notice To:    Defendant
                Yves Steffen
                Weizackerweg 33 4312
                Magden, Switzerland

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to file the original of your written Answer, either admitting or denying each allegation in the Complaint with the Clerk of this Court. A copy of your Answer must be mailed or hand delivered by you or your attorney to the Plaintiff's Attorney **Joseph L. Dean, Jr.,** whose address is **Dean & Barrett, PO Box 231, Opelika, AL 36803-0231. Telephone Number: (334) 749-2222**

This Answer must be mailed or delivered within **30** days after this Summons and Complaint were delivered to you or a Judgment by default may be entered against you for the money or other things demanded in the Complaint.

---

**TO ANY PERSON AUTHORIZED** by Alabama Rule of Civil Procedure **4.4 (1)** setting out PROCESS: for and methods of service in a foreign country specifically by those means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

  _X_ You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the Defendant by means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

___X____This Summons is being sent to:

Department federal de Justice et Police
Office federal de la justice
Domaine de direction Entraide judiciaire internationale
Bundesrain 20
3003 Bern
Switzerland

which will forward  this document to the appropriate Central Authority in Switzerland for service
on Defendant Yves Steffen, as allowed by The Hague Convention.

Date ___7-9-24_____

By:_____
Clerk/Register

_____
Plaintiff's Attorney's Signature
**(JOSEPH L. DEAN, JR. - DEA006)**

## RETURN ON SERVICE

_____   I certify that I personally delivered a copy of the Summons & Complaint to
_____
in _____, on _____.


_____          _____
DATE                                     SERVER'S SIGNATURE


_____

_____          _____
                                                                    _____
Address of Server                                Type of Process Server

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

ROBERT S. ABRAMS, and       *
A. ENTERPRISES, LLC       *
      *
    PLAINTIFFS,       *
      *
vs.       *     CIVIL CASE NUMBER: CV24-184
      *
THOMAS STRUENGMANN,       *
ATHOS SERVICE GmbH,       *
YVES STEFFEN,       *
ANDREAS BIAGOSCH,       *
PATIRO HOLDING AG,       *
SANTO HOLDING AG, and       *
FICTITIOUS DEFENDANTS R-Z.       *

**F I L E D**

JUN 2 4 2024

IN OFFICE
MARY B. ROBERSON
CIRCUIT CLERK

### CIVIL SUMMONS

Notice To:     Yves Steffen

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to file the original of your written Answer, either admitting or denying each allegation in the Complaint with the Clerk of this Court. A copy of your Answer must be mailed or hand delivered by you or your attorney to the Plaintiff's Attorney **Joseph L. Dean, Jr.,** whose address is **Dean & Barrett, PO Box 231, Opelika, AL 36803-0231. Telephone Number: (334) 749-2222**

This Answer must be mailed or delivered within **30** days after this Summons and Complaint were delivered to you or a Judgment by default may be entered against you for the money or other things demanded in the Complaint.

**TO ANY PERSON AUTHORIZED** by Alabama Rule of Civil Procedure **4.4 (1)** setting out PROCESS: for and methods of service in a foreign country specifically by those means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

\_X\_ You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the Defendant by means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

\_\_X\_\_\_\_ This Summons is being sent to:
     Gerichte Kanton Aargau
     Generalsekretariat
     Obere Vorstadt 40
     5000 Aarau

Tel 1: +41 62 835 38 24
Fax: +41 62 835 39 49
Webmaster.jb@ag.ch

which is the Central Authority of the Federal State of Aargau, Switzerland for service as allowed
by The Hague Convention.

Date _____

By: _____
Clerk/Register

_____
Plaintiffs Attorney's Signature
(**JOSEPH L. DEAN, JR. - DEA006**)

## RETURN ON SERVICE

_____ I certify that I personally delivered a copy of the Summons & Complaint to

_____

in _____, on _____.

_____               _____
DATE                           SERVER'S SIGNATURE

_____
_____

Address of Server              Type of Process Server

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

ROBERT S. ABRAMS, and          *
A. ENTERPRISES, LLC            *
                               *
    PLAINTIFFS,                *
                               *
vs.                            *     CIVIL CASE NUMBER: CV24-184
                               *
THOMAS STRUENGMANN,            *
ATHOS SERVICE GmbH,            *
YVES STEFFEN,                  *
ANDREAS BIAGOSCH,              *     F I L E D
PATIRO HOLDING AG,             *
SANTO HOLDING AG, and          *     JUN 2 4 2024
FICTITIOUS DEFENDANTS R-Z.     *
                                     IN OFFICE
                                     MARY B. ROBERSON
                                     CIRCUIT CLERK

## COMPLAINT

## GENERAL ALLEGATIONS

1.    Plaintiff, Robert S. Abrams, [hereinafter "Mr. Abrams"] is over the age of 19 years

      and is a resident citizen of New York, New York.

2.    A. Enterprises, LLC is an entity that owns preferred stock in SiO2.

3.    Defendant Thomas Struengmann, [hereinafter "Struengmann" or "TS"] is over 19

      years of age and is a resident of Munich, Germany who has done business in Lee

      County, Alabama for over seven years as a director of SiO2.

4.    Defendant Athos Service GmbH [hereinafter "Athos Kg"] is an entity that owns or

      invests portion of the Struengmann family assets and is incorporated in Munich,

      Germany which has done business in Lee County, Alabama for years.

5.    Defendant Patiro Holding AG [hereinafter "Patiro"] is a Swiss entity controlled by

      Defendant Thomas Struengmann that owns or invests a portion of the Struengmann

family assets and is incorporated in Switzerland which has done business in Lee County, Alabama for years.

6.     Defendant Santo Holding AG [hereinafter "Santo"] is a Swiss entity controlled by Defendant Thomas Struengmann that owns or invests a portion of the Struengmann family assets and is incorporated in Switzerland.

7.     Defendant Yves Steffen, [hereinafter "Yves" or "Steffen"] is over 19 years of age and is a resident citizen of Switzerland who has done business in Lee County, Alabama and functioned as CEO of SiO2 which is located in Auburn, Alabama.

8.     Defendant Andreas Biagosch, [hereinafter " Biagosch"] is over 19 years of age and is a resident citizen of Germany who has done business in Lee County, Alabama as a director of SiO2.

9.     Fictitious Defendant **R** is a person or entity whose identity is presently unknown to the Plaintiff who is responsible for the acts of the Defendant Struengmann under the applicable law creating the responsibilities and duties owed by Fictitious Defendant **R** to others for the acts or omissions of Defendant Thomas Struengmann.

10.    Fictitious Defendant **S** is that person or entity whose identity is presently unknown to the Plaintiff who is responsible for the acts of the Defendant Struengmann because of the Doctrine of Respondeat Superior.

11.    Fictitious Defendant **T** is that person or entity whose identity is presently unknown to the Plaintiff who is responsible for the acts of the Defendant Biagosch because of the Doctrine of Respondeat Superior.

12. Fictitious Defendant **U** is that person or entity who is responsible for the acts of Defendant Yves Steffen because of the Doctrine of Respondeat Superior.

13. Fictitious Defendant **V** is that person or entity who is responsible for the acts of Athos Kg because of the Doctrine of Respondeat Superior.

14. Fictitious Defendant **W** is that person or entity whose identity is presently unknown to the Plaintiff who is responsible for the acts of Defendants Struengmann, Athos Kg, Steffen, Patiro and/or Biagosch because he or it was involved in a joint venture with any of the aforenamed Defendants.

15. Fictitious Defendant **X** is that person or entity whose identity is presently unknown to the Plaintiff who conspired with Defendants Struengmann, Athos Kg, Steffen, Patiro or Biagosch to deprive the Plaintiff of his control of the corporation known as SiO2 and to deprive the Defendant of the value of his ownership of SiO2.

16. Fictitious Defendant **Y** is that person or entity whose identity is presently unknown to the Plaintiff whose negligence concurred with the negligence of Athos Kg and/or Biagosch in failing to preserve or wasting the assets of SiO2.

17. Fictitious Defendant Z is that person or entity whose identity is presently unknown to the Plaintiff who had oversight responsibility of the actions of Struengmann, Athos Kg, Steffen, Patiro, Santo or Biagosch and who negligently failed to exercise that oversight authority causing the immense lost of value to Plaintiff's ownership in stock of SiO2.

18. Plaintiff founded SiO2 and built it and its predecessors from the ground up.  Plaintiff founded SiO2 to meet a critical need for production of glass-lined syringes and vials.

19.     Plaintiff founded SiO2 Medical Products, Inc. ["SiO2" or "the company"], as a division of CV Holdings in 2008.  In 2015, SiO2 became an independent company and from SiO2's inception until July 2022, Plaintiff served as its CEO and Chairman. In April 2023 Plaintiff remained a Director of SiO2.

20.     SiO2 was headquartered in Auburn, Alabama where it researched and developed cutting edge medical and biotech products employing over 300 people.  By April of 2022 SiO2 had perfected a number of its products and was poised to introduce its breakthrough technology to the world. SiO2 was a Delaware company operating in Alabama.

21.     In June of 2022, Plaintiffs owned or controlled 100% of SiO2's common stock and 28,795.81 shares of Enterprises 2017 Series A Preferred Shares.  Those shares carried a majority voting control of SiO2 and its subsidiaries.  Plaintiff held voting control of SiO2 and its subsidiaries from its inception until July of 2022 when he was fraudulently induced to step down as CEO and surrender voting control by granting a proxy for shares as set out below.

22.     From SiO2's inception through 2022, SiO2 built its patent portfolio, which currently consists of 245 currently-issued patents, over 30 unique pending patent applications, more than roughly 8,000 patent use cases, and about 750 more patents in process.

23.     Over the years Plaintiff has funded SiO2 with his own money and raised hundreds of millions more from others to fund SiO2's operations. For example, around December 2021 Plaintiff raised $100 million in funding for SiO2 from Korean company, Doosan Corporation.

24. After spending more than 14 years perfecting SiO2's products, SiO2 was on the brink of commercializing its technology, which made SiO2 extremely valuable and the timing of the filing of the bankruptcy dubious.

25. Various capital raises and acquisition offers valued **SiO2** between **$1.5 billion** and **$2 billion** in 2020.

26. On June 28, 29 or 30, 2022, Defendant Thomas Struengmann fraudulently induced Plaintiff to relinquish voting control to him in exchange for funding that Struengmann promised to the Company but never delivered or intended to deliver. Defendant Struengmann is a wealthy German businessman who currently controls three of SiO2's investors - Athos KG ("Athos"), Patiro Holding AG ("Patiro") and Santo Holding AG ("Santo").

27. Struengmann began investing in SiO2 around 2015 and had always done what he said he would do insofar as his dealings with the Plaintiff were concerned and insofar as investing money that he had promised to invest in SiO2. Plaintiff had every reason to trust Struengmann when he made representations of further investments in the company.

28. On June 28, 29, or 30, 2022, Plaintiff met with Struengmann and several others at Struengmann's Munich office. In the presence of others, Defendant Struengmann agreed to invest $50 million of equity in SiO2 at a value of $500 million.

29. Before the meeting was over, Defendant Struengmann asked the Plaintiff to speak with him alone in another room. At that time Plaintiff and Defendant Struengmann privately discussed terms for Defendant Struengmann's desire to provide additional funding for SiO2 beyond the initial $50 million investment.

30.   At that private meeting Defendant Struengmann stated that he would also invest $70 million in or about September 2022 and would raise an additional $170 million in new equity for SiO2 before the end of 2022.  As to the $170 million, Defendant Struengmann told Plaintiff he would attempt to raise as much of it as possible from third parties including his personal contacts, but that if he fell short of that he would invest the money himself.

31.   At the private meeting Defendant Struengmann instructed Plaintiff to cease his ongoing efforts to raise funds for SiO2, and the reason he gave for this was that Defendant Struengmann was prepared to arrange for all necessary investments himself and did not want Plaintiff attracting other investors.

32.   Defendant Struengmann also insisted that Plaintiff step down as CEO and that Plaintiff give Defendant Struengmann voting control of the Biotech Division of the Company only by granting Defendant Struengmann proxy rights to vote his and A. Enterprises shares.

33.   Defendant Struengmann demanded that he would run SiO2's Biotech and vaccine business only because he had no interest in the rest of SiO2's business which was comprised of seven other research and development product divisions.  Plaintiff would continue to run those divisions exclusively. Defendant Struengmann would receive a 5% fee of the profits of the other seven research and development divisions to compensate for use of the Biotech and vaccine businesses' patents.

34.   Plaintiff was not represented by counsel at all during the meeting that took place on June 28, 29, or 30, 2022 or at the time he executed any documents pertaining to it.

35.   Plaintiff relied on Defendant Struengmann's promises and representations to him
      made during the private discussion and broke off ongoing discussions with other
      potential sources of capital for SiO2 that included previous negotiations with Saudi
      Arabia, The United Arab Emirates ("UAE"), and Kennedy Lewis.

36.   Also in reliance on Defendant Struengmann's promises made to him, Plaintiff
      executed the Amended & Restated Stockholders Voting Agreement on July 5, 2022,
      which gave Defendant Struengmann's company, Patiro, a proxy to vote Plaintiff's
      personal shares and A. Enterprises' shares, which gave Defendant Struengmann
      voting control over SiO2.

37.   Defendant Struengmann was present at the Board Meeting held in Auburn, Alabama
      on September 1, 2022 , along with directors Defendant Yves Steffen, Defendant
      Andreas Biagosch, Melissa Simon,  the Plaintiff and others.  Defendant Thomas
      Struengmann served as a director of SiO2 and attended many Board meetings and
      other company functions in Auburn, Alabama over several years.  He may have
      resigned secretly in October 2022.

38.   While at the SiO2 Board Meeting held in Auburn, Alabama on December 9, 2022,
      Defendant Biagosch told Plaintiff in private that Defendant Thomas Struengmann
      had never intended to furnish financing or investment in SiO2 beyond the $50
      million invested and had never promised that he would do so which is further proof
      that Defendant Thomas Struengmann had the present intention on June 28, 29 or 30,
      2022 not to fulfill the promises that he made to Plaintiff concerning further financing
      for SiO2.

39.     In the decade leading up to June of 2022, **SiO2** always had an ability to raise money to meet any economic challenge and bankruptcy was not even a consideration. In April of 2022, **SiO2** was worth **$2.4 billion** based on the sale of stock to third parties and new patents obtained.

40.     Before the bankruptcy filing, in early 2023, the Company lead by Defendant Yves Steffen's, who was acting under the control of Defendant Thomas Struengmann, failed to pursue over $111 million in available monies due from the federal government in the form of a Second Request for Equitable Adjustment (REA). Plaintiff also ceased pursing available capital for the Company based on promises made to him by Defendant Struengmann, that in essence Struengmann would provide the necessary capital and Thomas Struengmann did not want the Plaintiff to seek other investors or creditors.

41.     At the Board of Directors meeting of SiO2 on November 30, 2022, Defendant Yves Steffen **confirmed** Defendant Thomas Struengmann's direction to Plaintiff to cease his efforts to seek other investors when he responded to Board concerns about seeking additional financing that **the Company had not been actively looking** for an investment over the preceding 6 months. That 6 month period coincided with the time that had elapsed since Defendant Thomas Struengmann told Plaintiff to cease his investment raising efforts on June 28, 29 or 30, 2022.

42.     At the same Board of Directors meeting on November 30, 2022, Defendant Andreas Biagosch opposed the suggestion of creating a Capital Raise Committee (CRC) composed of **independent disinterested** directors and proposed instead that the CRC be composed of Defendant Yves Steffen; Defendant Athos Kg's board representative

Melissa Simon; Mr. Paul Meister who was placed on the Board by Defendant Thomas Struengmann; and Mr. Aman Kumar who was Oaktree's board representative. In response, it was suggested that **if** the CRC formation proposed by Defendant Biagosch was implemented that the CRC charter **should recuse** any member of such committee who had a conflict with respect to the contemplated transaction. Defendant Biagosch then pushed back with the assertion that the members of the CRC should have as much information as possible. Defendant Biagosch's support for Board Members controlled by Thomas Struengmann indicates knowledge of Defendant Thomas Struengmann's plans to destroy SiO2's ability to raise money and his active involvement in the scheme to ultimately force SiO2 into involuntary bankruptcy.

43.   Plaintiff reasonably relied on Defendant Struengmann's promises to provide financing when he decided to give Defendant Struengmann proxy to vote his shares and when he stopped negotiating with Kennedy Lewis, Saudi Arabia and the UAE. Nothing other than Defendant Struengmann's promises would have induced him to give up control of the company or cease to find available funding. In fact, the Kennedy Lewis financial deal had already been approved by the SiO2 Board.

44.   Once Defendants seized control of SiO2, they denied the Plaintiff access to information in the company's possession which was contrary to his rights and interest as an SiO2 Director and SiO2 Shareholder.

45.   Once Defendant Struengmann acquired voting control of SiO2. he and Defendant Steffen immediately began steering the company to an unnecessary bankruptcy with help from Defendants Biagosch and Athos Kg.

46.   On information and belief, Plaintiff avers that Defendants Struengmann and Steffen
      had begun speaking with the bankruptcy counsel that ultimately placed SiO2 in
      bankruptcy as early as April 2022 and on or about December 8, 2022 directed that
      SiO2 pays a $1 million retainer to Kirkland & Ellis for their legal preparation of the
      bankruptcy petition without advising the Board of Directors and made no mention
      of bankruptcy at the December 9, 2022 meeting of the Board of Directors. SiO2's
      liquidity was further diminished.

47.   Rather than protect or advance the interest of SiO2 or its Shareholders, Defendant
      Struengmann who held a seat on the Board of SiO2, until October 18, 2022, when he
      secretly resigned, actively hindered SiO2's ability to raise capital in several ways
      including instructing the Plaintiff to cease raising funds from other investors and
      failing to seek $111 million in government reimbursement on a Second REA Claim.
      The net effect was for Defendant Struengmann to create a false liquidity crisis in
      order to justify bankruptcy designed to personally benefit himself, even though it was
      against SiO2's best interests.

48.   In early 2023, under the direction of Defendant Struengmann, CEO Steffen failed to
      pursue a claim to the federal government for money owed for work performed by
      SiO2 related to the Covid-19 pandemic.

49.   The request for additional payment for performance of a government contract is
      known as a Request for Equitable Adjustment ("REA"). A REA for $111,457,080
      in additional costs SiO2 incurred in manufacturing vials for the government's
      Operation Warp Speed program for production of the Covid-19 vaccine should have
      been made.

50.   Plaintiff personally hired and paid the fees of an attorney who is an expert on government reimbursement for the purpose of advising him on whether SiO2 was entitled to request this reimbursement.  Although there was no guarantee that the government would grant the request, the attorney advised Plaintiff that he considered it a routine submission and payment was highly likely.  In fact, the attorney advised Plaintiff that if the submission had been filed by January 24, 2023, SiO2 would have known by March 24, 2023 whether the U.S. government would pay some or all of the much needed $111 million.

51.   Defendant Steffen, the CEO hand-picked by Defendant Struengmann, inexplicably refused to make the filing with the federal government for the Second REA mentioned above.  In Auburn, Alabama in February 2023, Defendant promised Plaintiff that he would file the application for the REA, and then refused to do so.

52.   Defendant Steffen's refusal to submit the REA was in support of the plan created by him and Defendant Struengmann to create a false liquidity crisis to justify putting SiO2 into bankruptcy.

53.   Defendant Struengmann and Defendant Steffen then proceeded to use the proxy to exercise Plaintiff's voting rights and the Board of Directors that Defendant Thomas Struengmann had put in place including CEO Defendant Steffen to file a bankruptcy petition for SiO2, which ultimately destroyed the value of SiO2 stock since drug companies do not want to do business with a company that has been in bankruptcy.

54.   As fiduciaries, the Defendants Thomas Struengmann. Yves Steffen, and Andreas Biagosch had "a duty to act with the highest degree of honesty and loyalty toward the Plaintiff and in the best interest of the Plaintiff.

55. The participation by Defendants Thomas Struengmann, Andreas Biagosch, Athos Kg, Patiro and Santo in fraud and deceit, and breach of fiduciary duty which caused Plaintiff to lose control of his company and over $1 billion through fraudulent changes in stock ownership and voting rights **endangers the common good** and requires the dissolution of Fictitious Defendants R (which is responsible for their conduct) which is the only way to eliminate the **threat to the common good**.

56. Defendant Struengmann who was not allowed to become involved in the managements of investments made by Athos Kg, Patiro and Santo, actively inserted himself into the control and management of SiO2 and fraudulently lead it down the disastrous path of bankruptcy which destroyed its value. At the time, Plaintiff was unaware that Defendant Thomas Struengmann could not be involved in the management of companies that were invested in by Athos Kg, Patrino and Santo but Defendants Thomas Struengmann and Biagosch knew it.

57. Defendant Steffen who was installed as CEO by Defendant Struengmann was loyal to Defendant Struengmann instead of the Plaintiff who was the principal shareholder and failed to deal honestly and fairly with the Plaintiff in a number of ways including his failure to file the Request for Equitable Assistance, which would have injected $111 million into the company at a time when it claimed to be on the verge of bankruptcy.

58. Defendants Athos, Kg, Patrino and Santo allowed its agent, servant, or employee, Defendant Struengmann to become involved in the management of SiO2 which Plaintiff believes was contrary to German law and regulations controlling his family foundation. Defendant Thomas Struengmann served on the Board and regularly

attended corporate functions in Auburn, Alabama for years. Athos Kg. Patrino and Santo violated their fiduciary duty to the Plaintiff by allowing Defendant Thomas Struengmann to be involved in the management of SiO2.

59. On information and belief, Plaintiff avers that Defendant Andreas Biagosch who had supervisory authority over Struengmann's family foundation including Athos Kg. Patiro, and Santo failed to require them to conduct business according to rule and regulation promulgated by the German government when he allowed Defendant Struengmann to be actively involved in the management of SiO2, which was an investment of Athos Kg, Patiro and Santo. Defendant Biagosch was present at all critical times in which Defendant Struengmann was involved including the meeting in Munich in late June of 2022 and at various Board Meetings of SiO2 in Auburn, Alabama. In fact, Defendant Biagosch made certain statements to the Plaintiff in private while attending the Board Meeting on December 9, 2022 in Auburn, Alabama to the effect that Defendant Thomas Struengmann never intended to invest more than the $50 million in SiO2 and that he never made the promise to make the $70 million and $170 million additional investments. His statement shows Defendant Thomas Struengmann had no intention to fulfill the promises he made on June 28, 29 or 30, 2022.

60. By reason of their positions as officers and/or directors of SiO2, each of the Individual Defendants owed SiO2 and its stockholders fiduciary obligations of trust, loyalty, good faith, and due care, and were and are required to use their utmost ability to control and manage SiO2 in a fair, just, honest, and equitable manner. The Individual Defendants were and are required to act in furtherance of the best interests

of SiO2 and not in furtherance of their personal interest or benefit. To discharge their duties, the officers and/or directors of SiO2 were required to exercise reasonable and prudent supervision over the management, policies, practices, and controls of the financial affairs of the SiO2.

61.   The conduct of the Individual Defendants complained of herein involves a knowing and culpable violation of their obligations as officers and/or directors of SiO2, the absence of good faith on their part, and reckless disregard for their duties to SiO2 and to the stockholders that the Individual Defendants were aware or reckless in not being aware posed a risk of serious injury to SiO2 and to the stockholders. The Individual Defendants, because of their positions of control and authority as officers and/or directors of SiO2, were able to, and did, directly or indirectly, exercise control over the wrongful acts complained of herein.  The Individual Defendants also failed to prevent the other Individual Defendants from taking such illegal actions.  As a result, and in addition to the damage SiO2 and the stockholders have already incurred, the stockholders have expended, and will continue to expend, significant sums of money.

## COUNT ONE

## PROMISSORY FRAUD

62.   Plaintiff incorporates the paragraphs 1-61of the General Allegations.

63.   On or about June 28, 29, or 30 of 2022. Defendant Struengmann took the Plaintiff into a separate room in his Munich. Germany office and promised to invest an additional $70 million in SiO2 in September/October of 2022 and to procure

investment in SiO2 of another $170 million before the end of 2022. Thomas Struengmann said that he would either find someone else to invest that additional $170 million or he would invest the money himself before year end. Further Defendant Thomas Struengmann told the Plaintiff to refrain from seeking financing or investment elsewhere and that Plaintiff had to give Defendant Thomas Struengmann his written proxy to vote his SiO2 stock giving Defendant Thomas Struengmann control of SiO2 and step down as CEO immediately.

64. Defendant Struengmann made those promises on behalf of himself, Athos Kg, Patiro and Santo.

65. When Defendant Struengmann made the above described promises to invest an additional $70 million in September/October of 2022 plus an additional $170 million by the year end of 2022 in SiO2, he intended to deceive Plaintiff. He had the present intention **not** to fulfill his promises which is shown, *inter alia*, by his failure to ever fulfill either promise and by Defendant Biagosch's statements made to Plaintiff in private while at the Board Meeting of SiO2 in Auburn, Alabama in December of 2022 to the effect that Defendant Thomas Struengmann had never had any intention of investing more than $50 million in SiO2 and had never made the promise to Plaintiff.

66. As part of the statement Defendant Struengmann told the Plaintiff to refrain from seeking financing elsewhere because he wanted it all and Plaintiff did in fact forego other financing that he had previously arranged, and which was previously approved in reliance upon Defendant Struengmann's promise.

67.    Plaintiff had dealt with Defendant Struengmann over a 20 year period and he had always done what he said he would do in terms of investing money in various ventures of the Plaintiff in the range of several hundred million dollars.

68.    Plaintiff relied upon Defendant Struengmann's representations to him and did not seek other financing, which ultimately caused SiO2 to have serious financial problems when Defendant Struengmann and Athos Kg refused to fund the investments promised.

69.    At the time that Defendant Struengmann acting for Athos Kg, Patiro and Santo made the misrepresentation to Plaintiff that he would fund SiO2 with an additional investment of $70 million in September/October of 2022 and an additional $170 million by year end 2022, the Defendants Struengmann and Athos Kg, Patiro and Santo had the present intention not to perform the acts promised.

70.    At the time that Defendant Struengmann made the misrepresentation to the Plaintiff that he would fund SiO2 with an additional $70 million in September/October 2022 plus an additional $170 million invested in SiO2 by year end 2022, the Defendant had the present intent to deceive the Plaintiff.

71.    At the time Defendant Struengmann's promises were made, Defendant Struengmann did not intend to carry out the promises to invest the $70 million or the $170 million in SiO2 and he had the present intent to deceive the Plaintiff into believing that he would do so.

72.    Plaintiff reasonably relied on Defendant Struengmann's promises to fund SiO2 with an additional $70 million in September/October 2022 and a further additional sum of $170 million before year end 2022 which caused the Plaintiff to forego financing

that he had already arranged with other investors for SiO2 and further caused the Plaintiff to cease efforts to find other financing for SiO2. In fact Defendant Struengmann asked or directed the Plaintiff not to seek other financing from other sources and to just rely upon him. Because of the long 20 year history of involvement with Defendant Struengmann and Athos Kg, and his demonstrated ability and willingness to invest in Plaintiff's companies, Plaintiff relied upon Defendant Struengmann's promises and did not use other financing or seek other additional financing. Defendant Struengmann knew that Plaintiff would rely upon his promises.

73. In late June/early July 2022 Plaintiffs owned 100% of the common stock of SiO2 and more than 50% of the preferred stock in SiO2 for a combined ownership percentage of more than 50 percent. At that time, Plaintiff needed to raise funds to ensure that the company could sustain itself financially until the new products it had developed could be marketed. Plaintiff estimated that would take $250-270 million. Plaintiff had previously arranged to obtain financing or investments of $250-270 million, which he did not close because of Defendant Struengmann's promise to invest $70 million in September/October and find investors or provide his further investment of $170 million before year end. Based upon Struengmann's requirement that he cease efforts to obtain other financing, the Plaintiff ceased to search for alternative loans and investors.

74. At the time of Defendant Struengmann's promise in late June, Plaintiff valued SiO2 at $2.5-3B, based on stock sale for $100 M to Doosan around January , 2022.

75. As a result of Plaintiff's reasonable reliance upon Defendant's promises of future

financing as set out above. Defendant Struengmann. Athos Kg. Patiro. Santo and other Defendants were able to execute their plan to take over SiO2 and force it into involuntary bankruptcy, in the hopes that Struengmann. Athos Kg. Patiro and Santo could buy the company for pennies on the dollar out of the bankruptcy proceeding. As a proximate result of the scheme in which Defendants Struengmann. Athos Kg, Patiro. Santo and other Defendants participated. Plaintiff lost at least $1 billion in value of ownership of SiO2.

76.   Defendant Thomas Struengmann's promissory fraud enabled Defendants Thomas Struengmann and Yves Steffan's plan to take control of SiO2 so they could force it into unnecessary bankruptcy. Documentary proof of their fraudulent scheme was discovered by Plaintiff in the bankruptcy proceedings when documents prepared by Defendant Yves Steffen were produced by SiO2 bankruptcy counsel. One document entitled "Financial and Operational Strategy" dated **June 30, 2022** and stamped "confidential" consisting of **8** pages was **distributed to SiO2 Board Members**. A separate document consisting of **9** pages was prepared by Defendant Yves Steffen for Defendant Thomas Struengmann and was provided to him but not to the Board Members. The first 8 pages of the separate document provided to Defendant Thomas Struengmann is identical to the 8 pages distributed to Board Members, **but** it contained an **additional** page. The additional (ninth) page of Thomas Struengmann's document entitled "Proposal to enable the transformation of SiO2" is attached as Exhibit "**A**". Exhibit "**A**" shows a contemplated investment of $250 million USD by Athos which is further substantiation of Thomas Struengmann's promises to Plaintiff as well as the scheme to take over the company.

77.   Plaintiff claims compensatory damages against Defendant Struengmann, Steffen, Athos Kg, Patiro, Santo and fictitious Defendants **R** through **Z**, for compensatory damages in the amount of $1 billion.

78.   Defendant Thomas Struengmann was the agent, servant or employee of Athos Kg, Patiro and Santo, acting within the line and scope of his authority at all times material to this Complaint.

79.   Defendant Biagosch was the agent, servant or employee of Athos Kg, Patiro and Santo acting within the line and scope of his employment at all times material to this Complaint.

80.   Defendant Struengmann intentionally planned to deceive Plaintiff and to take his property unlawfully.  The Plaintiff claims punitive damages in an amount to be determined by a jury for the purpose of punishing the Defendant Struengmann for his intentional wrongful conduct and for the purpose of deterring said Defendant and others similarly situated from such conduct in the future.

81.   Defendants Athos Kg, Patiro and Santo knew of Defendant Struengmann's conduct, benefitted from that conduct, or his conduct was calculated to benefit his employer Athos Kg, Patiro and Santo, or they ratified that conduct, all of which makes Athos Kg, Patiro and Santo liable for the punitive damages assessed against Struengmann.

   **WHEREFORE**, Plaintiff demands judgment against Defendants Thomas Struengmann, Yves Steffen, Athos Kg, Patiro, Santo,  Andreas Biagosch and Fictitious Defendants **R** through **Z**,  for compensatory damages in the amount of $1 billion and punitive damages of $3 billion, plus cost and interest.

## COUNT TWO

### BREACH OF CONTRACT

82. Plaintiff incorporates the allegations of paragraphs 1 through 81 herein.

83. Defendant Struengmann acting for his employers/principals Athos Kg, Patiro and Santo offered to provide financing for SiO2 in a meeting in late June 2022. Some of the terms of that contract were reduced to writing and others were verbal, including the promises of Defendant Struengmann acting on behalf of Athos Kg, Patiro and Santo to invest $70 million in SiO2 in either September or October of 2022, and an additional $170 million before year end 2022. All of which was in addition to the $50 million invested in SiO2 in July of 2022. Defendant Struengmann offered to make those investments in SiO2 and the Plaintiff accepted his offer and terms also agreeing to give Defendant Thomas Struengmann his proxy to vote the majority of the stock in SiO2; stepping down as CEO; and agreeing to relinquish control of certain portions of SiO2 to Defendant Struengmann.

84. Thereafter, Defendant Struengmann failed and refused to furnish the additional investment in SiO2 that was promised, totaling some $240 million but retained control of the company that was wrongfully obtained from the Plaintiff. See Exhibit "**A**" entitled "Proposal to enable transformation of SiO2" which was prepared by Defendant Yves Steffen on June 30, 2022 for Defendant Thomas Struengmann indicating a $250 million investment by Athos Kg **that never happened**. Exhibit "**A**" was not furnished to the Board as a part of the handout entitled "Financial and operational strategy". Exhibit "**A**" recognizes the **necessity** of the **injection** of $250

million USD by Athos Kg to **accomplish the transformation of control to Athos Kg**.

85. Defendant Struengmann wrongfully exercised control of all of SiO2 by taking Plaintiff's voting rights and removing Plaintiff as CEO of the company, substituting in his stead his hand picked designate Defendant Yves Steffen.

86. Defendant Struengmann then acting through Yves Steffen and the Board he had elected, proceeded to take various acts which coupled with his failure to provide $240 million worth of investment put SiO2 in a precarious financial position allowing him to force it into an involuntary bankruptcy situation designed to allow Defendant Thomas Struengmann to purchase SiO2 for pennies on the dollar.

87. Among other actions Defendants Thomas Struengmann and Yves Steffen refused to make the Second REA for $111 million from the U.S. Government and caused Plaintiff to cease seeking financing while refusing to invest $240 million that he promised which created the liquidity crisis they relied upon to put SiO2 in bankruptcy.

88. When they took control of the company, the Defendants Thomas Struengmann, Yves Steffen, Athos Kg, Patiro, Santo and Andreas Biagosch should have taken every reasonable measure to maximize the assets of SiO2 and preserve Shareholder value, and they did neither of these. In fact, they worked to reduce Shareholder value and diminished the value of assets to force SiO2 into a premature declaration of involuntary bankruptcy.

89. As a proximate result of the breaches of contract by Defendants Struengmann, Athos Kg, Patiro, Santo, Yves Steffen, Andreas Biagosch, and Fictitious Defendants **R**

through **Z** the Plaintiff's value in SiO2 was reduced from in excess of $1 billion to $0 (zero) entitling him to compensatory damages of at least $1 billion to make him whole.

90.     Plaintiffs owned 100 percent of the common stock and over 50 percent of the preferred stock for a total of over 50 percent of the entire ownership of the company. Since the company was worth $2.5-3 billion to $3 billion when Defendants assumed control of it through their deceitful tactics in late June and early July and the company lost all of its value, through Defendants Thomas Struengmann, Yves Steffen, Andreas Biagosch, Athos Kg, Patiro and Santo putting it in bankruptcy, they caused the Plaintiff to lose a minimum of $1 billion. Plaintiff is entitled to recover damages from Defendants Thomas Struengmann, Yves Steffen, Andreas Biagosch, Athos Kg, Patiro and Santo in the amount of $1 billion.

**WHEREFORE**, Plaintiff demands judgment against all the Defendants and Fictitious Defendants **R** through **Z** for Compensatory Damages in the amount of $1 billion.

### COUNT THREE

### BREACH OF FIDUCIARY DUTY

91.     Plaintiff incorporates the general allegations of paragraphs 1-90.

92.     Once the Defendants Thomas Struengmann, Athos Kg, Patiro and Santo, Yves Steffen, and Andreas Biagosch assumed control of SiO2 each of them had a fiduciary duty to the shareholders of SiO2, which was principally the Plaintiffs. Plaintiffs owned 100 percent of the common stock and over 50 percent of preferred stock for a combined ownership of more than 50 percent.

93.    *Inter alia*, the failure to provide the financing promised to keep SiO2 financially viable until it could market its developed products, was a breach of fiduciary duty to Plaintiff by Defendants Thomas Struengmann, Yves Steffen, Andreas Biagosch, Athos Kg, Patiro and Santo. Another breach of fiduciary duty was Defendants' causing Plaintiff to cease his efforts to find other investors.

94.    Defendants Thomas Struengmann and Yves Steffen breached their fiduciary duty when they conspired to deprive SiO2 of its financial stability in order that they could force it into bankruptcy and buy the stock for pennies on the dollar. Defendants Athos Kg, Patiro and Santo are responsible for Defendant Thomas Struengmann's conduct since he was the agent, servant, or employee of these entities who was acting within the line and scope of his duties. Defendant Thomas Struengmann's plot to destroy the value of SiO2 and then purchase it cheaply through a bankruptcy proceeding was calculated to benefit Athos Kg, Patiro and Santo.

95.    All of the Defendants had a fiduciary duty to see that the corporate asset of the second REA was processed. Failing to seek further equitable adjustment from the United States Government for cost overruns on the provision of articles used to provide the covid vaccine deprived the company of at least $100 million of immediate funding, which was detrimental to SiO2's ability to continue to operate until it could sell the products which it had spent millions of dollars developing, and therefore weakened the company instead of preserving those assets. Some of those assets were the very marketable products which had been developed, researched, and prepared for market but were not yet marketed. The bridge investment was necessary to get them to the marketing stage where they would produce income.

96.     Defendant Andreas Biagosch who was Director os SiO2 had a duty to SiO2 to preserve its assets and to meet his obligations of fiduciary responsibility since he a government supervisor of Athos Kg. He participated actively in the governance of SiO2, and was aware of the fraud, breach of contract, failure to preserve corporate assets and breach of fiduciary duty by Thomas Struengmann.

97.     Defendant Andreas Biagosch also had the obligation to see that Defendant Thomas Struengmann was not involved in the operation or management of SiO2, which he failed to do. In fact, he participated with Defendant Thomas Struengmann in the fraud by stating to Plaintiff privately while at the Board Meeting in December of 2022 in Auburn, Alabama that Defendant Thomas Struengmann never intended to invest the additional $70 million plus $170 million in SiO2 and never made the promise to do so.

98.     Also by failing to keep the promise of investing $70 million in September/October 2022 and failing to procure the investment of $170 million or making the investment himself by the end of 2022, Defendant Struengmann, Athos Kg. Patiro, Santo and others failed to preserve the valuable marketable assets of SiO2, resulting in great diminution of the stockholder's value in the company.

99.     The participation of Defendants Thomas Struengmann, Biagosch, Yves Steffen, Athos Kg. Patiro and Santo in fraud and deceit, and breach of fiduciary duty which caused Plaintiff to lose control of his company and over $1 billion in the value of his company and caused the fraudulent changes of ownership in SiO2 **endanger the common good** and entitle the Plaintiff to punitive as well as compensatory damages.

WHEREFORE, Plaintiffs demand judgment against all the named Defendants and the Fictitious Defendants **R** through **Z** for Compensatory Damages in the amount of $1 billion and punitive damages in the amount of $3 billion.

/s/ Joseph L. Dean, Jr.

Joseph L. Dean, Jr.

/s/ Joseph L. Dean, Jr.
JOSEPH L. DEAN, JR. (DEA006)
DEAN & BARRETT
Attorney for Plaintiffs
Post Office Box 231
Opelika, AL 36803-0231
Phone: (334) 749-2222
Fax: (334) 749-5857
Joe@deanandbarrett.com

## JURY DEMAND

Plaintiffs request a trial by a struck jury on all issues.

Joseph L. Dean, Jr.

/s/ Joseph L. Dean, Jr.
Of Counsel

# *Proposal to enable the transformation of SiO2*

250MUSD
Equity from Athos KG (and others?)

Convert all preferred to common – one class of stock

Athos KG receives an additional 27% of equity (total approx. 52%)

Bobby Abrams to become chairman (compensation tbd)

New CEO for SiO2 Materials Science to be selected by Bobby Abrams and Thomas Strüngmann immediately

Athos KG to have majority of the board (construction of the board tbd)





**EXHIBIT A**

010466002   3680

```
JOE DEAN                          3 LBS      1 OF 1
(334) 745-2222                  SHP#: 2E2A 78C4 DHG
457 S 10TH ST                   SHP WT: 3 LBS
OPELIKA AL 36801                DATE: 09 JUL 2024
```

SHIP THE FEDERAL JUSTICE & POLICE DEPT
TO: +41 58 462 11 20
    CENTRAL AUTHORITY-SWITZERLAND
    INTERNATIONAL LEGAL ASSISTANCE
    BUNDESRAIN 20
    **3003 BERN**
    **SWITZERLAND**



**CHE 308 0-00**

**UPS EXPEDITED          2**
TRACKING #: 1Z 2E2 A76 67 2764 4338

BILLING: P/P
DESC: LEGAL DOCUMENTS                    **EDI-DOC**

```
15H 13.00F ZIP 450 25.5W 06/2024
```

---

DOCUMENT 6

■ Enclose this document in the pouch with your invoice.

■ The Power of Attorney **must be signed and dated** to be
   valid for this shipment only.

UPS Worldwide Forwarding, Inc.

Export/Principal Party in Interest Power of Attorney

THE UNDERSIGNED PARTY, THE EXPORTER AND PRINCIPAL PARTY IN INTEREST
(PPI), AUTHORIZES UPS WORLDWIDE FORWARDING, INC. AND ITS AFFILIATES
(HEREAFTER "UPS") TO SERVE AS FORWARDING AGENT FOR EXPORT CONTROL,
CENSUS REPORTING AND CUSTOMS PURPOSES; AND TO MAKE, ENDORSE, OR SIGN
ANY DOCUMENTATION, OR PERFORM ANY ACT OR CONDITION, REQUIRED BY LAW
IN CONNECTION WITH THE EXPORTATION OF ANY COMMODITY, TECHNOLOGY, OR
SOFTWARE SHIPPED BY THE PPI.

BY SIGNING BELOW, PPI CERTIFIES THAT THE COMMODITY, TECHNOLOGY OR
SOFTWARE EXPORTED FROM THE UNITED STATES (U.S.) IS IN ACCORDANCE
WITH U.S. EXPORT CONTROL LAWS AND THAT ALL STATEMENTS AND INFORMATION
PROVIDED TO UPS ARE TRUE AND CORRECT. DIVERSION CONTRARY TO U.S.
LAW IS PROHIBITED.

SHIPPER AGREES TO THE UPS TERMS FOUND AT WWW.UPS.COM AND UPS SERVICE
CENTERS. FOR INTERNATIONAL AIR CARRIAGE, THE WARSAW CONVENTION AS
AMENDED OR MONTREAL CONVENTION MAY APPLY AND LIMITS UPS'S LIABILITY
FOR LOSS OR DAMAGE TO CARGO. INTERNATIONAL CARRIAGE BY ROAD MAY BE
SUBJECT TO THE CONVENTION ON THE CONTRACT FOR THE INTERNATIONAL
CARRIAGE OF GOODS BY ROAD, EXCEPT AS OTHERWISE GOVERNED BY
INTERNATIONAL CONVENTIONS OR OTHER MANDATORY LAW. THE UPS TERMS LIMIT
UPS'S LIABILITY FOR DAMAGE, LOSS OR DELAY OF THIS SHIPMENT. THERE ARE
NO STOPPING PLACES AGREED UPON AT THE TIME OF TENDER OF THE SHIPMENT
AND UPS RESERVES THE RIGHT TO ROUTE THE SHIPMENT IN ANY WAY IT SEEKS
APPROPRIATE. WHERE ALLOWED BY LAW, SHIPPER AUTHORIZES UPS TO ACT AS
FORWARDING AGENT FOR EXPORT CONTROL AND CUSTOMS PURPOSES. IF EXPORTED
FROM THE US, SHIPPER CERTIFIES THAT THE COMMODITIES, TECHNOLOGY OR
SOFTWARE WERE EXPORTED FROM THE US IN ACCORDANCE WITH THE EXPORT
ADMINISTRATION REGULATIONS, DIVERSION CONTRARY TO LAW IS PROHIBITED.

Tracking #: 1Z2E2A76672764433B   Date: 7-9-24
        THE PACKAGE TRACKING NO.        THE DATE OF SIGNATURE

Name:   JOE DEAN
        THE FULL NAME OF THE PPI (E.G. INDIVIDUAL, CORPORATION,
        PARTNERSHIP, SOLE PROPRIETORSHIP, LIMITED LIABILITY
        COMPANY).

Address: 457 S 10TH ST
         Opelika, AL 36801 United States
         THE COMPLETE ADDRESS OF THE PPI.

Title:   KimDean
         PRINT THE TITLE OF THE AUTHORIZED PERSON REPRESENTING THE PPI

Signature: 
         NOT VALID WITHOUT SIGNATURE. PROVIDE SIGNATURE OF PPI OR
         AUTHORIZED PERSON REPRESENTING THE PPI (E.G. OWNER,
         PARTNER, OR, IF A CORPORATION, PRESIDENT, VICE-PRESIDENT
         OR OTHER DULY AUTHORIZED OFFICER). IF THE PPI IS A
         GENERAL OR LIMITED PARTNERSHIP OR A LIMITED LIABILITY
         COMPANY, THE SIGNATORY CERTIFIES THAT HE/SHE HAS FULL
         AUTHORITY TO EXECUTE THIS POWER OF ATTORNEY ON BEHALF
         OF THE PPI.

# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR
# EXTRAJUDICIAL DOCUMENTS
### DEMANDE AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ÉTRANGER
### D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in
Civil or Commercial Matters, signed at The Hague, the 15th of November 1965.**
Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en
matière civile ou commerciale, signée à La Haye le 15 novembre 1965.

| **Identity and address of the applicant**<br>Identité et adresse du requérant<br>1. Mary Roberson<br>Lee County Circuit Clerk<br>Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br>Phone: 1-334-737-3500<br>Email: mary.roberson@alacourt.gov | **Address of receiving authority**<br>Adresse de l'autorité destinataire<br>2. Central Authority – Switzerland<br>The Federal Justice and Police Department<br>Federal Office of Justice<br>International Legal Assistance<br>Bundesrain 20<br>3003 Bern<br>Switzerland<br>Phone: + 41 58 462 11 20<br>Fax: + 41 58 462 53 80<br>Email: irh@bj.admin.ch |
|---|---|

*Gerichte Kanton Aargau*

*Eing.: 17. JULI 2024*

*General Sekretariat*

The undersigned applicant has the honour to transmit – in duplicate – the documents listed
below and, in conformity with Article 5 of the above-mentioned Convention, requests prompt
service of one copy thereof on the addressee, i.e.:
Le requérant soussigné a l'honneur de faire parvenir – en double exemplaire – à l'autorité destinataire les
documents ci-dessous énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire
remettre sans retard un exemplaire au destinataire, à savoir :

| **(identity and address)**<br>(identité et adresse)<br>3. Yves Steffen<br>Weizackerweg 3<br>4312, Magden, Switzerland |
|---|

| ☒ | a) | **in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention\***<br>selon les formes légales (article 5, alinéa premier, lettre a))\* |
|---|---|---|
| ☐ | b) | **in accordance with the following particular method (sub-paragraph b) of the first paragraph of Article 5)\*:**<br>selon la forme particulière suivante (article 5, alinéa premier, lettre b)\* :<br>—— |
| ☐ | c) | **by delivery to the addressee, if he accepts it voluntarily (second paragraph of Article 5)\***<br>le cas échéant, par remise simple (article 5, alinéa 2)\* |

The authority is requested to return or to have returned to the applicant a copy of the documents -
and of the annexes\* - with the attached certificate.
Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes\* -
avec l'attestation ci-jointe.

*List of documents / Énumération des pièces*

| • Summons<br>• Complaint<br>• Model Form |
|---|

\* if appropriate / s'il y a lieu

| **Done at** / Fait à Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br><br>**The** / le  9 July 2024 | **Signature and/or stamp**<br>Signature et / ou cachet<br><br>*Mary B Roberson* |
|---|---|

F I L E D

JUL 0 9 2024

IN OFFICE
MARY B ROBERSON
CIRCUIT CLERK

# CERTIFICATE
## ATTESTATION

**The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,**
L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,

☐ **1. that the document has been served\***
que la demande a été exécutée\*

| — **the (date)** / le (date): | 1. Insert the date when the document was served |
|---|---|
| — **at (place, street, number):** à (localité, rue, numéro) : | 2. Insert the place, street and number where the document was served |

| — **in one of the following methods authorised by Article 5:** dans une des formes suivantes prévues à l'article 5 : | | |
|---|---|---|
| ☐ | a) | **in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention\*** selon les formes légales (article 5, alinéa premier, lettre a))\* |
| ☐ | b) | **in accordance with the following particular method\*:** selon la forme particulière suivante\* : _____ |
| ☐ | c) | **by delivery to the addressee, if he accepts it voluntarily\*** par remise simple\* |

**The documents referred to in the request have been delivered to:**
Les documents mentionnés dans la demande ont été remis à :

| **Identity and description of person:** Identité et qualité de la personne : | 3. Insert the identity and description of the person who received the documents |
|---|---|
| **Relationship to the addressee (family, business or other):** Liens de parenté, de subordination ou autres, avec le destinataire de l'acte : | 4. Insert the relationship to the addressee of the person who received the documents |

☐ **2. that the document has not been served, by reason of the following facts\*:**
que la demande n'a pas été exécutée, en raison des faits suivants\* :

| 5. Insert facts/reasons why the document has not been served |
|---|

☐ **In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement\*.**
Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint\*.

***Annexes*** / Annexes

| **Documents returned:** Pièces renvoyées : | Insert a list of the documents that are being returned |
|---|---|
| **In appropriate cases, documents establishing the service:** Le cas échéant, les documents justificatifs de l'exécution : | Insert a list of the documents that establish that service has been effected |

\*   if appropriate / s'il y a lieu

| **Done at** / Fait à  Insert the location where you signed the Certificate **The** / le  Insert the date on which you signed the Request (spelt out in full) | **Signature and/or stamp** Signature et / ou cachet |
|---|---|

# WARNING
## AVERTISSEMENT

**Identity and address of the addressee**
Identité et adresse du destinataire
1. Yves Steffen
Weizackerweg 33
4312, Magden, Switzerland

### IMPORTANT

**THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.**

**IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.**

**ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:**

### TRÈS IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES « ÉLÉMENTS ESSENTIELS DE L'ACTE » VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE, SOIT DANS VOTRE PAYS, SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES À :

2. Mary Roberson
Lee County Circuit Clerk
Lee County Justice Center
2311 Gateway Drive
Opelika, Alabama 36801
Phone: 1-334-737-3500
Email: mary.roberson@alacourt.gov

**It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or in one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the document is to be sent, or in English or French.**

Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'État d'origine de l'acte. Les blancs pourraient être remplis, soit dans la langue de l'État où le document doit être adressé, soit en langue française, soit en langue anglaise.

# SUMMARY OF THE DOCUMENT TO BE SERVED
## ÉLÉMENTS ESSENTIELS DE L'ACTE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965 (Article 5, fourth paragraph).**

Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965 (article 5, alinéa 4).

| | |
|---|---|
| **Name and address of the requesting authority:**<br>Nom et adresse de l'autorité requérante : | 3. Mary Roberson<br>Lee County Circuit Clerk<br>Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br>Phone: 1-334-737-3500<br>Email: mary.roberson@alacourt.gov |
| **Particulars of the parties\*:**<br>Identité des parties\* : | 4. Plaintiff:<br>Robert S. Abrams<br>875 5th Avenue, Apt 17C<br>New York, New York 10065<br>Phone: 1-929-944-5761<br>Email: racvholdings@gmail.com<br><br>Plaintiff:<br>A. Enterprises, LLC<br>1747 Brookeview Court<br>Auburn, Alabama 36830<br><br>Defendant:<br>Yves Steffen<br>Weizackerweg 33<br>4312, Magden, Switzerland |

\* If appropriate, identity and address of the person interested in the transmission of the document
S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte

☒ **JUDICIAL DOCUMENT\*\***
ACTE JUDICIAIRE\*\*

| | |
|---|---|
| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | 5. - Summons: information for service of process<br><br>-Complaint: seeking money damages<br><br>-Model Form: information for service purposes |
| **Nature and purpose of the proceedings and, when appropriate, the amount in dispute:**<br>Nature et objet de l'instance, le cas échéant, le montant du litige : | 6. -Claim for money damages up to $1 Billion USD for fraud, breach of contract, and breach of fiduciary duty. |
| **Date and Place for entering appearance\*\*:**<br>Date et lieu de la comparution\*\* : | 7. You must enter an appearance within thirty (30) days from the date you are served with process with the following:<br><br>Mary Roberson<br>Lee County Circuit Clerk<br>Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br>Telephone: 1-334-737-3500<br>Email: mary.roberson@alacourt.gov |
| **Court which has given judgment\*\*:**<br>Juridiction qui a rendu la décision\*\* : | 8. Not Applicable |
| **Date of judgment\*\*:**<br>Date de la décision\*\* : | 9. Not Applicable |

| **Time limits stated in the document****:**<br>Indication des délais figurant dans l'acte** : | 10. You must enter an appearance within thirty (30) days from the date you are served with process with the following:<br><br>Mary Roberson<br>Lee County Circuit Clerk<br>Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br>Telephone: 1-334-737-3500<br>Email: mary.roberson@alacourt.gov |
| --- | --- |

** if appropriate / s'il y a lieu

☐  **EXTRAJUDICIAL DOCUMENT****
ACTE EXTRAJUDICIAIRE**

| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | 11. Not Applicable |
| --- | --- |
| **Time-limits stated in the document****:**<br>Indication des délais figurant dans l'acte** : | 12. Not Applicable |

** if appropriate / s'il y a lieu

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

ROBERT S. ABRAMS, and &ast;
A. ENTERPRISES, LLC &ast;
&ast;
    PLAINTIFFS, &ast;
&ast;
vs. &ast;    CIVIL CASE NUMBER: CV-2024-184
&ast;
THOMAS STRUENGMANN, &ast;
ATHOS SERVICE GmbH, &ast;
YVES STEFFEN, &ast;
ANDREAS BIAGOSCH, &ast;
PATIRO HOLDING AG, &ast;
SANTO HOLDING AG, and &ast;
FICTITIOUS DEFENDANTS R-Z. &ast;

FILED
JUL 0 9 2024

IN OFFICE
MARY B ROBERSON
CIRCUIT CLERK

### CIVIL SUMMONS

Notice To:    Defendant
           Yves Steffen
           Weizackerweg 33 4312
           Magden, Switzerland

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to file the original of your written Answer, either admitting or denying each allegation in the Complaint with the Clerk of this Court. A copy of your Answer must be mailed or hand delivered by you or your attorney to the Plaintiff's Attorney **Joseph L. Dean, Jr.,** whose address is **Dean & Barrett, PO Box 231, Opelika, AL 36803-0231. Telephone Number: (334) 749-2222**

This Answer must be mailed or delivered within **30** days after this Summons and Complaint were delivered to you or a Judgment by default may be entered against you for the money or other things demanded in the Complaint.

**TO ANY PERSON AUTHORIZED** by  Alabama Rule of Civil Procedure  **4.4 (1)** setting out PROCESS: for and methods of service in a foreign country specifically by those means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

 X  You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the Defendant by means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

DOCUMENT 6

___X___   This Summons is being sent to:

Department federal de Justice et Police
Office federal de la justice
Domaine de direction Entraide judiciaire internationale
Bundesrain 20
3003 Bern
Switzerland

which will forward  this document to the appropriate Central Authority in Switzerland for service
on Defendant Yves Steffen, as allowed by The Hague Convention.

Date _____7-9-24_____                   _____Mary B Roberson_____

                                        By:_____
                                        Clerk/Register

                                        _Joseph L. Dean, J._
                                        Plaintiffs Attorney's Signature
                                        **(JOSEPH L. DEAN, JR. - DEA006)**


### RETURN ON SERVICE


_____   I certify that I personally delivered a copy of the Summons & Complaint to

_____

in _____, on _____.


_____            _____
DATE                             SERVER'S SIGNATURE


_____

_____        _____
                                         _____
Address of Server                        Type of Process Server

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

ROBERT S. ABRAMS, and      \*
A. ENTERPRISES, LLC      \*
     \*
      PLAINTIFFS,      \*
     \*
vs.      \*      CIVIL CASE NUMBER: CV24-184
     \*
THOMAS STRUENGMANN,      \*
ATHOS SERVICE GmbH,      \*
YVES STEFFEN,      \*
ANDREAS BIAGOSCH,      \*
PATIRO HOLDING AG,      \*
SANTO HOLDING AG, and      \*
FICTITIOUS DEFENDANTS R-Z.      \*

F I L E D

JUN 2 4 2024

IN OFFICE
MARY B. ROBERSON
CIRCUIT CLERK

### CIVIL SUMMONS

Notice To:      Yves Steffen

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to file the original of your written Answer, either admitting or denying each allegation in the Complaint with the Clerk of this Court. A copy of your Answer must be mailed or hand delivered by you or your attorney to the Plaintiff's Attorney **Joseph L. Dean, Jr.,** whose address is **Dean & Barrett, PO Box 231, Opelika, AL 36803-0231. Telephone Number: (334) 749-2222**

This Answer must be mailed or delivered within **30** days after this Summons and Complaint were delivered to you or a Judgment by default may be entered against you for the money or other things demanded in the Complaint.

---

**TO ANY PERSON AUTHORIZED** by Alabama Rule of Civil Procedure **4.4 (1)** setting out PROCESS: for and methods of service in a foreign country specifically by those means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

_X_ You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon the Defendant by means authorized by The Hague Convention on the Service Abroad of Judicial and Extra judicial Documents.

_X_ This Summons is being sent to:
     Gerichte Kanton Aargau
     Generalsekretariat
     Obere Vorstadt 40
     5000 Aarau

Tel 1: +41 62 835 38 24
Fax: +41 62 835 39 49
Webmaster.jb@ag.ch

which is the  Central Authority of the Federal State of Aargau, Switzerland for service as allowed
by The Hague Convention.

Date _____          _____

By: _____
Clerk/Register

_____
Plaintiffs Attorney's Signature
(JOSEPH L. DEAN, JR. - DEA006)

### RETURN ON SERVICE

_____   I certify that I personally delivered a copy of the Summons & Complaint to

_____

in _____, on _____.


_____          _____

DATE                                SERVER'S SIGNATURE


_____          _____


_____          _____

Address of Server                   Type of Process Server

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| ROBERT S. ABRAMS, and | * |
| A. ENTERPRISES, LLC | * |
| | * |
| PLAINTIFFS, | * |
| | * |
| VS. | *   CIVIL CASE NUMBER: $CV24-184$ |
| | * |
| THOMAS STRUENGMANN, | * |
| ATHOS SERVICE GmbH, | * |
| YVES STEFFEN, | * |
| ANDREAS BIAGOSCH, | *   F I L E D |
| PATIRO HOLDING AG, | * |
| SANTO HOLDING AG, and | *   JUN 2 4 2024 |
| FICTITIOUS DEFENDANTS R-Z. | * |

IN OFFICE
MARY B. ROBERSON
CIRCUIT CLERK

## COMPLAINT

## GENERAL ALLEGATIONS

1.     Plaintiff, Robert S. Abrams, [hereinafter "Mr. Abrams"] is over the age of 19 years

and is a resident citizen of New York, New York.

2.     A. Enterprises, LLC is an entity that owns preferred stock in SiO2.

3.     Defendant Thomas Struengmann, [hereinafter "Struengmann" or "TS"] is over 19

years of age and is a resident of Munich, Germany who has done business in Lee

County, Alabama for over seven years as a director of SiO2.

4.     Defendant Athos Service GmbH [hereinafter "Athos Kg"] is an entity that owns or

invests portion of the Struengmann family assets and is incorporated in Munich,

Germany which has done business in Lee County, Alabama for years.

5.     Defendant Patiro Holding AG [hereinafter "Patiro"] is a Swiss entity controlled by

Defendant Thomas Struengmann that owns or invests a portion of the Struengmann

family assets and is incorporated in Switzerland which has done business in Lee County, Alabama for years.

6. Defendant Santo Holding AG [hereinafter "Santo"] is a Swiss entity controlled by Defendant Thomas Struengmann that owns or invests a portion of the Struengmann family assets and is incorporated in Switzerland.

7. Defendant Yves Steffen, [hereinafter "Yves" or "Steffen"] is over 19 years of age and is a resident citizen of Switzerland who has done business in Lee County, Alabama and functioned as CEO of SiO2 which is located in Auburn, Alabama.

8. Defendant Andreas Biagosch, [hereinafter " Biagosch"] is over 19 years of age and is a resident citizen of Germany who has done business in Lee County, Alabama as a director of SiO2.

9. Fictitious Defendant **R** is a person or entity whose identity is presently unknown to the Plaintiff who is responsible for the acts of the Defendant Struengmann under the applicable law creating the responsibilities and duties owed by Fictitious Defendant **R** to others for the acts or omissions of Defendant Thomas Struengmann.

10. Fictitious Defendant **S** is that person or entity whose identity is presently unknown to the Plaintiff who is responsible for the acts of the Defendant Struengmann because of the Doctrine of Respondeat Superior.

11. Fictitious Defendant **T** is that person or entity whose identity is presently unknown to the Plaintiff who is responsible for the acts of the Defendant Biagosch because of the Doctrine of Respondeat Superior.

12.    Fictitious Defendant **U** is that person or entity who is responsible for the acts of Defendant Yves Steffen because of the Doctrine of Respondeat Superior.

13.    Fictitious Defendant **V** is that person or entity who is responsible for the acts of Athos Kg because of the Doctrine of Respondeat Superior.

14.    Fictitious Defendant **W** is that person or entity whose identity is presently unknown to the Plaintiff who is responsible for the acts of Defendants Struengmann, Athos Kg, Steffen, Patiro and/or Biagosch because he or it was involved in a joint venture with any of the aforenamed Defendants.

15.    Fictitious Defendant **X** is that person or entity whose identity is presently unknown to the Plaintiff who conspired with Defendants Struengmann, Athos Kg, Steffen, Patiro or Biagosch to deprive the Plaintiff of his control of the corporation known as SiO2 and to deprive the Defendant of the value of his ownership of SiO2.

16.    Fictitious Defendant **Y** is that person or entity whose identity is presently unknown to the Plaintiff whose negligence concurred with the negligence of Athos Kg and/or Biagosch in failing to preserve or wasting the assets of SiO2.

17.    Fictitious Defendant Z is that person or entity whose identity is presently unknown to the Plaintiff who had oversight responsibility of the actions of Struengmann, Athos Kg, Steffen, Patiro, Santo or Biagosch and who negligently failed to exercise that oversight authority causing the immense lost of value to Plaintiff's ownership in stock of SiO2.

18.    Plaintiff founded SiO2 and built it and its predecessors from the ground up.  Plaintiff founded SiO2 to meet a critical need for production of glass-lined syringes and vials.

19.     Plaintiff founded SiO2 Medical Products, Inc. ["SiO2" or "the company"], as a
        division of CV Holdings in 2008. In 2015, SiO2 became an independent company
        and from SiO2's inception until July 2022, Plaintiff served as its CEO and Chairman.
        In April 2023 Plaintiff remained a Director of SiO2.

20.     SiO2 was headquartered in Auburn, Alabama where it researched and developed
        cutting edge medical and biotech products employing over 300 people. By April of
        2022 SiO2 had perfected a number of its products and was poised to introduce its
        breakthrough technology to the world. SiO2 was a Delaware company operating in
        Alabama.

21.     In June of 2022, Plaintiffs owned or controlled 100% of SiO2's common stock and
        28,795.81 shares of Enterprises 2017 Series A Preferred Shares. Those shares carried
        a majority voting control of SiO2 and its subsidiaries. Plaintiff held voting control
        of SiO2 and its subsidiaries from its inception until July of 2022 when he was
        fraudulently induced to step down as CEO and surrender voting control by granting
        a proxy for shares as set out below.

22.     From SiO2's inception through 2022, SiO2 built its patent portfolio, which currently
        consists of 245 currently-issued patents, over 30 unique pending patent applications,
        more than roughly 8,000 patent use cases, and about 750 more patents in process.

23.     Over the years Plaintiff has funded SiO2 with his own money and raised hundreds
        of millions more from others to fund SiO2's operations. For example, around
        December 2021 Plaintiff raised $100 million in funding for SiO2 from Korean
        company, Doosan Corporation.

24.     After spending more than 14 years perfecting SiO2's products. SiO2 was on the brink of commercializing its technology, which made SiO2 extremely valuable and the timing of the filing of the bankruptcy dubious.

25.     Various capital raises and acquisition offers valued **SiO2** between **$1.5 billion** and **$2 billion** in 2020.

26.     On June 28, 29 or 30, 2022, Defendant Thomas Struengmann fraudulently induced Plaintiff to relinquish voting control to him in exchange for funding that Struengmann promised to the Company but never delivered or intended to deliver. Defendant Struengmann is a wealthy German businessman who currently controls three of SiO2's investors - Athos KG ("Athos"), Patiro Holding AG ("Patiro") and Santo Holding AG ("Santo").

27.     Struengmann began investing in SiO2 around 2015 and had always done what he said he would do insofar as his dealings with the Plaintiff were concerned and insofar as investing money that he had promised to invest in SiO2. Plaintiff had every reason to trust Struengmann when he made representations of further investments in the company.

28.     On June 28, 29, or 30, 2022, Plaintiff met with Struengmann and several others at Struengmann's Munich office. In the presence of others, Defendant Struengmann agreed to invest $50 million of equity in SiO2 at a value of $500 million.

29.     Before the meeting was over. Defendant Struengmann asked the Plaintiff to speak with him alone in another room. At that time Plaintiff and Defendant Struengmann privately discussed terms for Defendant Struengmann's desire to provide additional funding for SiO2 beyond the initial $50 million investment.

30.   At that private meeting Defendant Struengmann stated that he would also invest $70 million in or about September 2022 and would raise an additional $170 million in new equity for SiO2 before the end of 2022.   As to the $170 million, Defendant Struengmann told Plaintiff he would attempt to raise as much of it as possible from third parties including his personal contacts, but that if he fell short of that he would invest the money himself.

31.   At the private meeting Defendant Struengmann instructed Plaintiff to cease his ongoing efforts to raise funds for SiO2, and the reason he gave for this was that Defendant Struengmann was prepared to arrange for all necessary investments himself and did not want Plaintiff attracting other investors.

32.   Defendant Struengmann also insisted that Plaintiff step down as CEO and that Plaintiff give Defendant Struengmann voting control of the Biotech Division of the Company only by granting Defendant Struengmann proxy rights to vote his and A. Enterprises shares.

33.   Defendant Struengmann demanded that he would run SiO2's Biotech and vaccine business only because he had no interest in the rest of SiO2's business which was comprised of seven other research and development product divisions.   Plaintiff would continue to run those divisions exclusively. Defendant Struengmann would receive a 5% fee of the profits of the other seven research and development divisions to compensate for use of the Biotech and vaccine businesses' patents.

34.   Plaintiff was not represented by counsel at all during the meeting that took place on June 28, 29, or 30, 2022 or at the time he executed any documents pertaining to it.

35.    Plaintiff relied on Defendant Struengmann's promises and representations to him made during the private discussion and broke off ongoing discussions with other potential sources of capital for SiO2 that included previous negotiations with Saudi Arabia, The United Arab Emirates ("UAE"), and Kennedy Lewis.

36.    Also in reliance on Defendant Struengmann's promises made to him, Plaintiff executed the Amended & Restated Stockholders Voting Agreement on July 5, 2022, which gave Defendant Struengmann's company, Patiro, a proxy to vote Plaintiff's personal shares and A. Enterprises' shares, which gave Defendant Struengmann voting control over SiO2.

37.    Defendant Struengmann was present at the Board Meeting held in Auburn, Alabama on September 1, 2022 , along with directors Defendant Yves Steffen, Defendant Andreas Biagosch, Melissa Simon,  the Plaintiff and others.  Defendant Thomas Struengmann served as a director of SiO2 and attended many Board meetings and other company functions in Auburn, Alabama over several years.  He may have resigned secretly in October 2022.

38.    While at the SiO2 Board Meeting held in Auburn, Alabama on December 9, 2022, Defendant Biagosch told Plaintiff in private that Defendant Thomas Struengmann had never intended to furnish financing or investment in SiO2 beyond the $50 million invested and had never promised that he would do so which is further proof that Defendant Thomas Struengmann had the present intention on June 28, 29 or 30, 2022 not to fulfill the promises that he made to Plaintiff concerning further financing for SiO2.

39.    In the decade leading up to June of 2022, **SiO2** always had an ability to raise money to meet any economic challenge and bankruptcy was not even a consideration.  In April of 2022, **SiO2** was worth **$2.4 billion** based on the sale of stock to third parties and new patents obtained.

40.     Before the bankruptcy filing, in early 2023, the Company lead by Defendant Yves Steffen's, who was acting under the control of Defendant Thomas Struengmann, failed to pursue over $111 million in available monies due from the federal government in the form of a Second Request for Equitable Adjustment (REA). Plaintiff also ceased pursing available capital for the Company based on promises made to him by Defendant Struengmann, that in essence Struengmann would provide the necessary capital and Thomas Struengmann did not want the Plaintiff to seek other investors or creditors.

41.    At the Board of Directors meeting of SiO2 on November 30, 2022, Defendant Yves Steffen **confirmed** Defendant Thomas Struengmann's direction to Plaintiff to cease his efforts to seek other investors when he responded to Board concerns about seeking additional financing that **the Company had not been actively looking** for an investment over the preceding 6 months.  That 6 month period coincided with the time that had elapsed since Defendant Thomas Struengmann told Plaintiff to cease his investment raising efforts on June 28, 29 or 30, 2022.

42.    At the same Board of Directors meeting on November 30, 2022, Defendant Andreas Biagosch opposed the suggestion of creating a Capital Raise Committee (CRC) composed of **independent disinterested** directors and proposed instead that the CRC be composed of Defendant Yves Steffen; Defendant Athos Kg's board representative

Melissa Simon; Mr. Paul Meister who was placed on the Board by Defendant Thomas Struengmann; and Mr. Aman Kumar who was Oaktree's board representative. In response, it was suggested that **if** the CRC formation proposed by Defendant Biagosch was implemented that the CRC charter **should recuse** any member of such committee who had a conflict with respect to the contemplated transaction. Defendant Biagosch then pushed back with the assertion that the members of the CRC should have as much information as possible. Defendant Biagosch's support for Board Members controlled by Thomas Struengmann indicates knowledge of Defendant Thomas Struengmann's plans to destroy SiO2's ability to raise money and his active involvement in the scheme to ultimately force SiO2 into involuntary bankruptcy.

43. Plaintiff reasonably relied on Defendant Struengmann's promises to provide financing when he decided to give Defendant Struengmann proxy to vote his shares and when he stopped negotiating with Kennedy Lewis, Saudi Arabia and the UAE. Nothing other than Defendant Struengmann's promises would have induced him to give up control of the company or cease to find available funding. In fact, the Kennedy Lewis financial deal had already been approved by the SiO2 Board.

44. Once Defendants seized control of SiO2, they denied the Plaintiff access to information in the company's possession which was contrary to his rights and interest as an SiO2 Director and SiO2 Shareholder.

45. Once Defendant Struengmann acquired voting control of SiO2, he and Defendant Steffen immediately began steering the company to an unnecessary bankruptcy with help from Defendants Biagosch and Athos Kg.

46.   On information and belief, Plaintiff avers that Defendants Struengmann and Steffen had begun speaking with the bankruptcy counsel that ultimately placed SiO2 in bankruptcy as early as April 2022 and on or about December 8, 2022 directed that SiO2 pays a $1 million retainer to Kirkland & Ellis for their legal preparation of the bankruptcy petition without advising the Board of Directors and made no mention of bankruptcy at the December 9, 2022 meeting of the Board of Directors. SiO2's liquidity was further diminished.

47.   Rather than protect or advance the interest of SiO2 or its Shareholders, Defendant Struengmann who held a seat on the Board of SiO2, until October 18, 2022, when he secretly resigned, actively hindered SiO2's ability to raise capital in several ways including instructing the Plaintiff to cease raising funds from other investors and failing to seek $111 million in government reimbursement on a Second REA Claim. The net effect was for Defendant Struengmann to create a false liquidity crisis in order to justify bankruptcy designed to personally benefit himself, even though it was against SiO2's best interests.

48.   In early 2023, under the direction of Defendant Struengmann, CEO Steffen failed to pursue a claim to the federal government for money owed for work performed by SiO2 related to the Covid-19 pandemic.

49.   The request for additional payment for performance of a government contract is known as a Request for Equitable Adjustment ("REA"). A REA for $111,457,080 in additional costs SiO2 incurred in manufacturing vials for the government's Operation Warp Speed program for production of the Covid-19 vaccine should have been made.

50.  Plaintiff personally hired and paid the fees of an attorney who is an expert on government reimbursement for the purpose of advising him on whether SiO2 was entitled to request this reimbursement.  Although there was no guarantee that the government would grant the request, the attorney advised Plaintiff that he considered it a routine submission and payment was highly likely.  In fact, the attorney advised Plaintiff that if the submission had been filed by January 24, 2023, SiO2 would have known by March 24, 2023 whether the U.S. government would pay some or all of the much needed $111 million.

51.  Defendant Steffen, the CEO hand-picked by Defendant Struengmann, inexplicably refused to make the filing with the federal government for the Second REA mentioned above.  In Auburn, Alabama in February 2023, Defendant promised Plaintiff that he would file the application for the REA, and then refused to do so.

52.  Defendant Steffen's refusal to submit the REA was in support of the plan created by him and Defendant Struengmann to create a false liquidity crisis to justify putting SiO2 into bankruptcy.

53.  Defendant Struengmann and Defendant Steffen then proceeded to use the proxy to exercise Plaintiff's voting rights and the Board of Directors that Defendant Thomas Struengmann had put in place including CEO Defendant Steffen to file a bankruptcy petition for SiO2, which ultimately destroyed the value of SiO2 stock since drug companies do not want to do business with a company that has been in bankruptcy.

54.  As fiduciaries, the Defendants Thomas Struengmann, Yves Steffen, and Andreas Biagosch  had "a duty to act with the highest degree of honesty and loyalty toward the Plaintiff and in the best interest of the Plaintiff.

55. The participation by Defendants Thomas Struengmann, Andreas Biagosch. Athos Kg, Patiro and Santo in fraud and deceit, and breach of fiduciary duty which caused Plaintiff to lose control of his company and over $1 billion through fraudulent changes in stock ownership and voting rights **endangers the common good** and requires the dissolution of Fictitious Defendants R (which is responsible for their conduct) which is the only way to eliminate the **threat to the common good**.

56. Defendant Struengmann who was not allowed to become involved in the managements of investments made by Athos Kg, Patiro and Santo, actively inserted himself into the control and management of SiO2 and fraudulently lead it down the disastrous path of bankruptcy which destroyed its value. At the time, Plaintiff was unaware that Defendant Thomas Struengmann could not be involved in the management of companies that were invested in by Athos Kg, Patrino and Santo but Defendants Thomas Struengmann and Biagosch knew it.

57. Defendant Steffen who was installed as CEO by Defendant Struengmann was loyal to Defendant Struengmann instead of the Plaintiff who was the principal shareholder and failed to deal honestly and fairly with the Plaintiff in a number of ways including his failure to file the Request for Equitable Assistance, which would have injected $111 million into the company at a time when it claimed to be on the verge of bankruptcy.

58. Defendants Athos, Kg, Patrino and Santo allowed its agent, servant, or employee, Defendant Struengmann to become involved in the management of SiO2 which Plaintiff believes was contrary to German law and regulations controlling his family foundation. Defendant Thomas Struengmann served on the Board and regularly

attended corporate functions in Auburn. Alabama for years.  Athos Kg. Patrino and Santo violated their fiduciary duty to the Plaintiff by allowing Defendant Thomas Struengmann to be involved in the management of SiO2.

59.     On information and belief, Plaintiff avers that Defendant Andreas Biagosch who had supervisory authority over Struengmann's family foundation including Athos Kg. Patiro, and Santo failed to require them to conduct business according to rule and regulation promulgated by the German government when he allowed Defendant Struengmann to be actively involved in the management of SiO2, which was an investment of Athos Kg, Patiro and Santo. Defendant Biagosch was present at all critical times in which Defendant Struengmann was involved including the meeting in Munich in late June of 2022 and at various Board Meetings of SiO2 in Auburn, Alabama.  In fact, Defendant Biagosch made certain statements to the Plaintiff in private while attending the Board Meeting on December 9, 2022 in Auburn, Alabama to the effect that Defendant Thomas Struengmann never intended to invest more than the $50 million in SiO2 and that he never made the promise to make the $70 million and $170 million additional investments.  His statement shows Defendant Thomas Struengmann had no intention to fulfill the promises he made on June 28, 29 or 30, 2022.

60.     By reason of their positions as officers and/or directors of SiO2, each of the Individual Defendants owed SiO2 and its stockholders fiduciary obligations of trust, loyalty, good faith, and due care, and were and are required to use their utmost ability to control and manage SiO2 in a fair, just, honest, and equitable manner.  The Individual Defendants were and are required to act in furtherance of the best interests

of SiO2 and not in furtherance of their personal interest or benefit. To discharge their duties, the officers and/or directors of SiO2 were required to exercise reasonable and prudent supervision over the management, policies, practices, and controls of the financial affairs of the SiO2.

61.   The conduct of the Individual Defendants complained of herein involves a knowing and culpable violation of their obligations as officers and/or directors of SiO2, the absence of good faith on their part, and reckless disregard for their duties to SiO2 and to the stockholders that the Individual Defendants were aware or reckless in not being aware posed a risk of serious injury to SiO2 and to the stockholders. The Individual Defendants, because of their positions of control and authority as officers and/or directors of SiO2, were able to, and did, directly or indirectly, exercise control over the wrongful acts complained of herein.  The Individual Defendants also failed to prevent the other Individual Defendants from taking such illegal actions. As a result, and in addition to the damage SiO2 and the stockholders have already incurred, the stockholders have expended, and will continue to expend, significant sums of money.

## COUNT ONE

## PROMISSORY FRAUD

62.   Plaintiff incorporates the paragraphs 1-61of the General Allegations.

63.   On or about June 28, 29, or 30 of 2022, Defendant Struengmann took the Plaintiff into a separate room in his Munich, Germany office and promised to invest an additional $70 million in SiO2 in September/October of 2022 and to procure

investment in SiO2 of another $170 million before the end of 2022. Thomas Struengmann said that he would either find someone else to invest that additional $170 million or he would invest the money himself before year end. Further Defendant Thomas Struengmann told the Plaintiff to refrain from seeking financing or investment elsewhere and that Plaintiff had to give Defendant Thomas Struengmann his written proxy to vote his SiO2 stock giving Defendant Thomas Struengmann control of SiO2 and step down as CEO immediately.

64.    Defendant Struengmann made those promises on behalf of himself, Athos Kg, Patiro and Santo.

65.    When Defendant Struengmann made the above described promises to invest an additional $70 million in September/October of 2022 plus an additional $170 million by the year end of 2022 in SiO2, he intended to deceive Plaintiff. He had the present intention **not** to fulfill his promises which is shown, *inter alia*, by his failure to ever fulfill either promise and by Defendant Biagosch's statements made to Plaintiff in private while at the Board Meeting of SiO2 in Auburn, Alabama in December of 2022 to the effect that Defendant Thomas Struengmann had never had any intention of investing more than $50 million in SiO2 and had never made the promise to Plaintiff.

66.    As part of the statement Defendant Struengmann told the Plaintiff to refrain from seeking financing elsewhere because he wanted it all and Plaintiff did in fact forego other financing that he had previously arranged. and which was previously approved in reliance upon Defendant Struengmann's promise.

67.  Plaintiff had dealt with Defendant Struengmann over a 20 year period and he had always done what he said he would do in terms of investing money in various ventures of the Plaintiff in the range of several hundred million dollars.

68.  Plaintiff relied upon Defendant Struengmann's representations to him and did not seek other financing, which ultimately caused SiO2 to have serious financial problems when Defendant Struengmann and Athos Kg refused to fund the investments promised.

69.  At the time that Defendant Struengmann acting for Athos Kg, Patiro and Santo made the misrepresentation to Plaintiff that he would fund SiO2 with an additional investment of $70 million in September/October of 2022 and an additional $170 million by year end 2022. the Defendants Struengmann and Athos Kg. Patiro and Santo had the present intention not to perform the acts promised.

70.  At the time that Defendant Struengmann made the misrepresentation to the Plaintiff that he would fund SiO2 with an additional $70 million in September/October 2022 plus an additional $170 million invested in SiO2 by year end 2022, the Defendant had the present intent to deceive the Plaintiff.

71.  At the time Defendant Struengmann's promises were made, Defendant Struengmann did not intend to carry out the promises to invest the $70 million or the $170 million in SiO2 and he had the present intent to deceive the Plaintiff into believing that he would do so.

72.  Plaintiff reasonably relied on Defendant Struengmann's promises to fund SiO2 with an additional $70 million in September/October 2022 and a further additional sum of $170 million before year end 2022 which caused the Plaintiff to forego financing

that he had already arranged with other investors for SiO2 and further caused the Plaintiff to cease efforts to find other financing for SiO2.  In fact Defendant Struengmann asked or directed the Plaintiff not to seek other financing from other sources and to just rely upon him.  Because of the long 20 year history of involvement with Defendant Struengmann and Athos Kg, and his demonstrated ability and willingness to invest in Plaintiff's companies, Plaintiff relied upon Defendant Struengmann's promises and did not use other financing or seek other additional financing.  Defendant Struengmann knew that Plaintiff would rely upon his promises.

73.   In late June/early July 2022 Plaintiffs owned 100% of the common stock of SiO2 and more than 50% of the preferred stock in SiO2 for a combined ownership percentage of more than 50 percent.  At that time, Plaintiff needed to raise funds to ensure that the company could sustain itself financially until the new products it had developed could be marketed.  Plaintiff estimated that would take $250-270 million.  Plaintiff had previously arranged to obtain financing or investments of $250-270 million, which he did not close because of Defendant Struengmann's promise to invest $70 million in September/October and find investors or provide his further investment of $170 million before year end.  Based upon Struengmann's requirement that he cease efforts to obtain other financing, the Plaintiff ceased to search for alternative loans and investors.

74.   At the time of Defendant Struengmann's promise in late June, Plaintiff valued SiO2 at $2.5-3B, based on stock sale for $100 M to Doosan around January , 2022.

75.   As a result of Plaintiff's reasonable reliance upon Defendant's promises of future

financing as set out above. Defendant Struengmann, Athos Kg, Patiro, Santo and other Defendants were able to execute their plan to take over SiO2 and force it into involuntary bankruptcy, in the hopes that Struengmann, Athos Kg, Patiro and Santo could buy the company for pennies on the dollar out of the bankruptcy proceeding. As a proximate result of the scheme in which Defendants Struengmann, Athos Kg, Patiro, Santo and other Defendants participated, Plaintiff lost at least $1 billion in value of ownership of SiO2.

76. Defendant Thomas Struengmann's promissory fraud enabled Defendants Thomas Struengmann and Yves Steffan's plan to take control of SiO2 so they could force it into unnecessary bankruptcy. Documentary proof of their fraudulent scheme was discovered by Plaintiff in the bankruptcy proceedings when documents prepared by Defendant Yves Steffen were produced by SiO2 bankruptcy counsel. One document entitled "Financial and Operational Strategy" dated **June 30, 2022** and stamped "confidential" consisting of **8** pages was **distributed to SiO2 Board Members**. A separate document consisting of **9** pages was prepared by Defendant Yves Steffen for Defendant Thomas Struengmann and was provided to him but not to the Board Members. The first 8 pages of the separate document provided to Defendant Thomas Struengmann is identical to the 8 pages distributed to Board Members, **but** it contained an **additional** page. The additional (ninth) page of Thomas Struengmann's document entitled "Proposal to enable the transformation of SiO2" is attached as Exhibit "**A**". Exhibit "**A**" shows a contemplated investment of $250 million USD by Athos which is further substantiation of Thomas Struengmann's promises to Plaintiff as well as the scheme to take over the company.

77.   Plaintiff claims compensatory damages against Defendant Struengmann, Steffen, Athos Kg, Patiro, Santo and fictitious Defendants **R** through **Z**, for compensatory damages in the amount of $1 billion.

78.   Defendant Thomas Struengmann was the agent, servant or employee of Athos Kg, Patiro and Santo, acting within the line and scope of his authority at all times material to this Complaint.

79.   Defendant Biagosch was the agent, servant or employee of Athos Kg, Patiro and Santo acting within the line and scope of his employment at all times material to this Complaint.

80.   Defendant Struengmann intentionally planned to deceive Plaintiff and to take his property unlawfully.   The Plaintiff claims punitive damages in an amount to be determined by a jury for the purpose of punishing the Defendant Struengmann for his intentional wrongful conduct and for the purpose of deterring said Defendant and others similarly situated from such conduct in the future.

81.   Defendants Athos Kg, Patiro and Santo knew of Defendant Struengmann's conduct, benefitted from that conduct, or his conduct was calculated to benefit his employer Athos Kg, Patiro and Santo, or they ratified that conduct, all of which makes Athos Kg, Patiro and Santo liable for the punitive damages assessed against Struengmann.

   **WHEREFORE**, Plaintiff demands judgment against Defendants Thomas Struengmann, Yves Steffen, Athos Kg, Patiro, Santo, Andreas Biagosch and Fictitious Defendants **R** through **Z**, for compensatory damages in the amount of $1 billion and punitive damages of $3 billion, plus cost and interest.

## COUNT TWO

## BREACH OF CONTRACT

82.    Plaintiff incorporates the allegations of paragraphs 1 through 81 herein.

83.    Defendant Struengmann acting for his employers/principals Athos Kg, Patiro and
Santo offered to provide financing for SiO2 in a meeting in late June 2022. Some of
the terms of that contract were reduced to writing and others were verbal, including
the promises of Defendant Struengmann acting on behalf of Athos Kg, Patiro and
Santo to invest $70 million in SiO2 in either September or October of 2022, and an
additional $170 million before year end 2022. All of which was in addition to the
$50 million invested in SiO2 in July of 2022. Defendant Struengmann offered to
make those investments in SiO2 and the Plaintiff accepted his offer and terms also
agreeing to give Defendant Thomas Struengmann his proxy to vote the majority of
the stock in SiO2; stepping down as CEO; and agreeing to relinquish control of
certain portions of SiO2 to Defendant Struengmann.

84.    Thereafter, Defendant Struengmann failed and refused to furnish the additional
investment in SiO2 that was promised, totaling some $240 million but retained
control of the company that was wrongfully obtained from the Plaintiff. See Exhibit
"**A**" entitled "Proposal to enable transformation of SiO2" which was prepared by
Defendant Yves Steffen on June 30, 2022 for Defendant Thomas Struengmann
indicating a $250 million investment by Athos Kg **that never happened**. Exhibit
"**A**" was not furnished to the Board as a part of the handout entitled "Financial and
operational strategy". Exhibit "**A**" recognizes the **necessity** of the **injection** of $250

million USD by Athos Kg to **accomplish the transformation of control to Athos Kg**.

85.    Defendant Struengmann wrongfully exercised control of all of SiO2 by taking Plaintiff's voting rights and removing Plaintiff as CEO of the company, substituting in his stead his hand picked designate Defendant Yves Steffen.

86.    Defendant Struengmann then acting through Yves Steffen and the Board he had elected, proceeded to take various acts which coupled with his failure to provide $240 million worth of investment put SiO2 in a precarious financial position allowing him to force it into an involuntary bankruptcy situation designed to allow Defendant Thomas Struengmann to purchase SiO2 for pennies on the dollar.

87.    Among other actions Defendants Thomas Struengmann and Yves Steffen refused to make the Second REA for $111 million from the U.S. Government and caused Plaintiff to cease seeking financing while refusing to invest $240 million that he promised which created the liquidity crisis they relied upon to put SiO2 in bankruptcy.

88.    When they took control of the company, the Defendants Thomas Struengmann, Yves Steffen, Athos Kg, Patiro, Santo and Andreas Biagosch should have taken every reasonable measure to maximize the assets of SiO2 and preserve Shareholder value, and they did neither of these. In fact, they worked to reduce Shareholder value and diminished the value of assets to force SiO2 into a premature declaration of involuntary bankruptcy.

89.    As a proximate result of the breaches of contract by Defendants Struengmann, Athos Kg, Patiro, Santo, Yves Steffen, Andreas Biagosch, and Fictitious Defendants **R**

through **Z** the Plaintiff's value in SiO2 was reduced from in excess of $1 billion to $0 (zero) entitling him to compensatory damages of at least $1 billion to make him whole.

90.   Plaintiffs owned 100 percent of the common stock and over 50 percent of the preferred stock for a total of over 50 percent of the entire ownership of the company. Since the company was worth $2.5-3 billion to $3 billion when Defendants assumed control of it through their deceitful tactics in late June and early July and the company lost all of its value, through Defendants Thomas Struengmann, Yves Steffen, Andreas Biagosch, Athos Kg, Patiro and Santo putting it in bankruptcy, they caused the Plaintiff to lose a minimum of $1 billion. Plaintiff is entitled to recover damages from Defendants Thomas Struengmann, Yves Steffen, Andreas Biagosch, Athos Kg, Patiro and Santo in the amount of $1 billion.

**WHEREFORE**, Plaintiff demands judgment against all the Defendants and Fictitious Defendants **R** through **Z** for Compensatory Damages in the amount of $1 billion.

## COUNT THREE

## BREACH OF FIDUCIARY DUTY

91.   Plaintiff incorporates the general allegations of paragraphs 1-90.

92.   Once the Defendants Thomas Struengmann, Athos Kg, Patiro and Santo, Yves Steffen, and Andreas Biagosch assumed control of SiO2 each of them had a fiduciary duty to the shareholders of SiO2, which was principally the Plaintiffs. Plaintiffs owned 100 percent of the common stock and over 50 percent of preferred stock for a combined ownership of more than 50 percent.

93.     *Inter alia*, the failure to provide the financing promised to keep SiO2 financially viable until it could market its developed products, was a breach of fiduciary duty to Plaintiff by Defendants Thomas Struengmann, Yves Steffen, Andreas Biagosch, Athos Kg, Patiro and Santo. Another breach of fiduciary duty was Defendants' causing Plaintiff to cease his efforts to find other investors.

94.     Defendants Thomas Struengmann and Yves Steffen breached their fiduciary duty when they conspired to deprive SiO2 of its financial stability in order that they could force it into bankruptcy and buy the stock for pennies on the dollar. Defendants Athos Kg, Patiro and Santo are responsible for Defendant Thomas Struengmann's conduct since he was the agent, servant, or employee of these entities who was acting within the line and scope of his duties. Defendant Thomas Struengmann's plot to destroy the value of SiO2 and then purchase it cheaply through a bankruptcy proceeding was calculated to benefit Athos Kg, Patiro and Santo.

95.     All of the Defendants had a fiduciary duty to see that the corporate asset of the second REA was processed. Failing to seek further equitable adjustment from the United States Government for cost overruns on the provision of articles used to provide the covid vaccine deprived the company of at least $100 million of immediate funding, which was detrimental to SiO2's ability to continue to operate until it could sell the products which it had spent millions of dollars developing, and therefore weakened the company instead of preserving those assets. Some of those assets were the very marketable products which had been developed, researched, and prepared for market but were not yet marketed. The bridge investment was necessary to get them to the marketing stage where they would produce income.

96.   Defendant Andreas Biagosch who was Director os SiO2 had a duty to SiO2 to preserve its assets and to meet his obligations of fiduciary responsibility since he a government supervisor of Athos Kg. He participated actively in the governance of SiO2, and was aware of the fraud, breach of contract, failure to preserve corporate assets and breach of fiduciary duty by Thomas Struengmann.

97.   Defendant Andreas Biagosch also had the obligation to see that Defendant Thomas Struengmann was not involved in the operation or management of SiO2, which he failed to do. In fact, he participated with Defendant Thomas Struengmann in the fraud by stating to Plaintiff privately while at the Board Meeting in December of 2022 in Auburn, Alabama that Defendant Thomas Struengmann never intended to invest the additional $70 million plus $170 million in SiO2 and never made the promise to do so.

98.   Also by failing to keep the promise of investing $70 million in September/October 2022 and failing to procure the investment of $170 million or making the investment himself by the end of 2022, Defendant Struengmann, Athos Kg. Patiro, Santo and others failed to preserve the valuable marketable assets of SiO2, resulting in great diminution of the stockholder's value in the company.

99.   The participation of Defendants Thomas Struengmann, Biagosch, Yves Steffen, Athos Kg. Patiro and Santo in fraud and deceit, and breach of fiduciary duty which caused Plaintiff to lose control of his company and over $1 billion in the value of his company and caused the fraudulent changes of ownership in SiO2 **endanger the common good** and entitle the Plaintiff to punitive as well as compensatory damages.

WHEREFORE, Plaintiffs demand judgment against all the named Defendants and the

Fictitious Defendants **R** through **Z** for Compensatory Damages in the amount of $1 billion and

punitive damages in the amount of $3 billion.


Joseph L. Dean, Jr.

/s/ Joseph L. Dean, Jr.
JOSEPH L. DEAN, JR. (DEA006)
DEAN & BARRETT
Attorney for Plaintiffs
Post Office Box 231
Opelika, AL 36803-0231
Phone: (334) 749-2222
Fax: (334) 749-5857
Joe@deanandbarrett.com


## JURY DEMAND


Plaintiffs request a trial by a struck jury on all issues.


Joseph L. Dean, Jr.

/s/ Joseph L. Dean, Jr.
Of Counsel

# *Proposal to enable the transformation of SiO2*

250MUSD Equity from Athos KG (and others?)

Convert all preferred to common – one class of stock

Athos KG receives an additional 27% of equity (total approx. 52%)

Bobby Abrams to become chairman (compensation tbd)

New CEO for SiO2 Materials Science to be selected by Bobby Abrams and Thomas Strüngmann immediately

Athos KG to have majority of the board (construction of the board tbd)





**EXHIBIT A**



Biologisch abbaubare Fensterfolie
Film de la fenêtre en matière végétale biodegradable
Pellicola della finestra in materia vegetale biodegradabile



KANTON AARGAU

**GERICHTE KANTON AARGAU**
Generalsekretariat

Postfach, 5001 Aarau



RECEIVED

JUL 2 6 2024

CH-4621
Frankierten Post
2090111
30001430



Dokument
Gross 2



DIE POST



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

A
GR



POSTFACH 2564/5001 AARAU

RECEIVED

JUL 2 6 2024

# Obergericht des Kantons Zürich

Internationale Rechtshilfe

---

Hirschengraben 15, 8001 Zürich
Briefadresse: Postfach, 8021 Zürich, Schweiz
Paketadresse: Hirschengraben 15, 8001 Zürich, Schweiz
Telefon: +41 44 257 91 91
E-Mail: rechtshilfe@gerichte-zh.ch

**Kopie** zur Kenntnisnahme
**Copy** for your information

WR240745-O/RH

Obergericht des Kantons Zug
Internationale Rechtshilfe
Kirchenstr. 6
Postfach 760
6301 Zug

Geschäfts-Nr.: WR240745-O
(Bitte in Antwort wiederholen)

Zürich, 17. Juli 2024

## Ersuchen von Mary Robertson, Lee County Circuit Clerk vom 09.07.2024 (Ref. Nr.: CV-2024-184)

Sehr geehrte Damen und Herren

Zuständigkeitshalber leiten wir Ihnen das beiliegende Ersuchen zur Prüfung, allfällig darauffolgenden Erledigung und direkten Rücksendung an die zuständige Behörde in Opelika, AL, US weiter.

Im Voraus vielen Dank für Ihre Bemühungen und einen angenehmen Tag.

Freundliche Grüsse
Obergericht des Kantons Zürich
Internationale Rechtshilfe

U. Bürgisser

RECEIVED
JUL 2 9 2024

− Beilage: erwähnt sowie Auszug aus dem ZEFIX
− Kopie zur Kenntnis an die ersuchende Behörde

# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR
# EXTRAJUDICIAL DOCUMENTS

DEMANDE AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ÉTRANGER
D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in
Civil or Commercial Matters, signed at The Hague, the 15th of November 1965.**
Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en
matière civile ou commerciale, signée à La Haye le 15 novembre 1965.

| **Identity and address of the applicant**<br>Identité et adresse du requérant<br>1. Mary Roberson<br>Lee County Circuit Clerk<br>Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br>Phone: 1-334-737-3500<br>Email: mary.roberson@alacourt.gov | **Address of receiving authority**<br>Adresse de l'autorité destinataire<br>2. Central Authority - Switzerland<br>The Federal Justice and Police Department<br>Federal Office of Justice<br>International Legal Assistance<br>Bundesrain 20<br>3003 Bern<br>Switzerland<br>Phone: +41 58 462 11 20<br>Fax: + 41 58 462 53 80<br>irh@bj.admin.ch |
|---|---|

**The undersigned applicant has the honour to transmit – in duplicate – the documents listed below
and, in conformity with Article 5 of the above-mentioned Convention, requests prompt service of
one copy thereof on the addressee, i.e.:**
Le requérant soussigné a l'honneur de faire parvenir – en double exemplaire – à l'autorité destinataire les documents
ci-dessous énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard
un exemplaire au destinataire, à savoir:

**(identity and address)**
(identité et adresse)
3. Santo Holding AG
Limmatquai 4
P.O. Box 1731 CH-8027 Zurich
c/o Ruth Stoeckli – Corporate Representative
Fax: 0041(0) 43 422 66 61
Email: r.stoeckli@santoholding.ch

| ☒ | a) | **in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention\***<br>selon les formes légales (article 5, alinéa premier, lettre a))\* |
|---|---|---|
| ☐ | b) | **in accordance with the following particular method (sub-paragraph b) of the first paragraph of Article 5)\*:**<br>selon la forme particulière suivante (article 5, alinéa premier, lettre b)\*: |
| ☐ | c) | **by delivery to the addressee, if he accepts it voluntarily (second paragraph of Article 5)\***<br>le cas échéant, par remise simple (article 5, alinéa 2)\* |

**The authority is requested to return or to have returned to the applicant a copy of the documents -
and of the annexes\* - with the attached certificate.**
Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes\* -
avec l'attestation ci-jointe.

*List of documents / Énumération des pièces*

- Summons
- Complaint
- Model Form

\* if appropriate / s'il y a lieu

Permanent Bureau July 2017

| **Done at** / Fait a Lee County Justice Center<br>2311 Gateway Drive<br>Opelika. Alabama 36801<br><br>**The** / le  9 July 2024 | **Signature and/or stamp**<br>Signature et / ou cachet<br><br>*Mary B. Roberson* |

FILED

JUL 0 9 2024

IN OFFICE
MARY B ROBERSON
CIRCUIT CLERK

Kopie zur Kenntnisnahme
Copy for your information

Permanent Bureau July 2017

# CERTIFICATE
## ATTESTATION

The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,
L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,

☐ **1. that the document has been served\***
que la demande a été exécutée\*

| — **the (date)** / le (date): | 1. Insert the date when the document was served |
|---|---|
| — **at (place, street, number):**<br>à (localité, rue, numéro) : | 2. Insert the place, street and number where the document was served |

| — **in one of the following methods authorised by Article 5:**<br>dans une des formes suivantes prévues à l'article 5 : | | |
|---|---|---|
| ☐ | a) | **in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention\***<br>selon les formes légales (article 5, alinéa premier, lettre a))\* |
| ☐ | b) | **in accordance with the following particular method\*:**<br>selon la forme particulière suivante\* : |
| ☐ | c) | **by delivery to the addressee, if he accepts it voluntarily\***<br>par remise simple\* |

The documents referred to in the request have been delivered to:
Les documents mentionnés dans la demande ont été remis à :

| **Identity and description of person:**<br>Identité et qualité de la personne : | 3. Insert the identity and description of the person who received the documents |
|---|---|
| **Relationship to the addressee (family, business or other):**<br>Liens de parenté, de subordination ou autres, avec le destinataire de l'acte : | 4. Insert the relationship to the addressee of the person who received the documents |

☐ **2. that the document has not been served, by reason of the following facts\*:**
que la demande n'a pas été exécutée, en raison des faits suivants\* :

| 5. Insert facts/reasons why the document has not been served |
|---|
| |

☐ **In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement\*.**
Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint\*.

*Annexes* / Annexes

| **Documents returned:**<br>Pièces renvoyées : | Insert a list of the documents that are being returned |
|---|---|
| **In appropriate cases, documents establishing the service:**<br>Le cas échéant, les documents justificatifs de l'exécution : | Insert a list of the documents that establish that service has been effected |

\* if appropriate / s'il y a lieu

| **Done at** / Fait à  Insert the location where you signed the Certificate<br><br>**The** / le  Insert the date on which you signed the Request (spelt out in full) | **Signature and/or stamp**<br>Signature et / ou cachet |
|---|---|

Permanent Bureau July 2017

# WARNING
## AVERTISSEMENT

**Identity and address of the addressee**
Identité et adresse du destinataire
1. Santo Holding AG
Limmatquai 4
P.O. Box 1731 CH-8027 Zurich
c/o Ruth Stoeckli – Corporate Representative
Fax: 0041(0) 43 422 66 61
Email: r.stoeckli@santoholding.ch

Kopie zur Kenntnisnahme
Copy for information

### IMPORTANT

**THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.**

**IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.**

**ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:**

### TRÈS IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES « ÉLÉMENTS ESSENTIELS DE L'ACTE » VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE, SOIT DANS VOTRE PAYS, SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES À :

2. Mary Roberson
Lee County Circuit Clerk
Lee County Justice Center
2311 Gateway Drive
Opelika, Alabama 36801
Phone: 1-334-737-3500
Email: mary.roberson@alacourt.gov

**It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or in one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the document is to be sent, or in English or French.**

Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'État d'origine de l'acte. Les blancs pourraient être remplis, soit dans la langue de l'État où le document doit être adressé, soit en langue française, soit en langue anglaise.

## SUMMARY OF THE DOCUMENT TO BE SERVED
### ÉLÉMENTS ESSENTIELS DE L'ACTE

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965 (Article 5, fourth paragraph).

Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965 (article 5, alinéa 4).

| | |
|---|---|
| **Name and address of the requesting authority:**<br>Nom et adresse de l'autorité requérante : | 3. Mary Roberson<br>Lee County Circuit Clerk<br>Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br>Phone: 1-334-737-3500<br>Email: mary.roberson@alacourt.gov |
| **Particulars of the parties\*:**<br>Identité des parties\* : | 4. Plaintiff:<br>Robert S. Abrams<br>875 5th Avenue, Apt 17C<br>New York, New York 10065<br>Phone: 1-929-944-5761<br>Email: racvholdings@gmail.com<br><br>Plaintiff:<br>A. Enterprises, LLC<br>1747 Brookeview Court<br>Auburn, Alabama 36830<br><br>Defendant:<br>Santo Holding AG<br>Limmatquai 4<br>P.O. Box 1731 CH-8027 Zurich<br>c/o Ruth Stoeckli – Corporate Representative<br>Fax: 0041(0) 43 422 66 61<br>Email: r.stoeckli@santoholding.ch |

\* If appropriate, identity and address of the person interested in the transmission of the document
S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte

☒ **JUDICIAL DOCUMENT\*\***
ACTE JUDICIAIRE\*\*

| | |
|---|---|
| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | 5. - Summons: information for service of process<br><br>-Complaint: seeking money damages<br><br>-Model Form: information for service purposes |
| **Nature and purpose of the proceedings and, when appropriate, the amount in dispute:**<br>Nature et objet de l'instance, le cas échéant, le montant du litige : | 6. -Claim for money damages up to $1 Billion USD for fraud, breach of contract, and breach of fiduciary duty. |
| **Date and Place for entering appearance\*\*:**<br>Date et lieu de la comparution\*\* : | 7. You must enter an appearance within thirty (30) days from the date you are served with process with the following:<br><br>Mary Roberson<br>Lee County Circuit Clerk<br>Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br>Telephone: 1-334-737-3500<br>Email: mary.roberson@alacourt.gov |
| **Court which has given judgment\*\*:**<br>Juridiction qui a rendu la décision\*\* : | 8. Not Applicable |

Permanent Bureau July 2017

| | |
|---|---|
| **Date of judgment\*\*:**<br>Date de la décision\*\* : | 9. Not Applicable |
| **Time limits stated in the document\*\*:**<br>Indication des délais figurant dans l'acte\*\* | 10. You must enter an appearance within thirty (30) days from the date you are served with process with the following:<br><br>Mary Roberson<br>Lee County Circuit Clerk<br>Lee County Justice Center<br>2311 Gateway Drive<br>Opelika, Alabama 36801<br>Telephone: 1-334-737-3500<br>Email: mary.roberson@alacourt.gov |

\*\* if appropriate / s'il y a lieu

☐   **EXTRAJUDICIAL DOCUMENT\*\***
ACTE EXTRAJUDICIAIRE\*\*

| | |
|---|---|
| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | 11. Not Applicable |
| **Time-limits stated in the document\*\*:**<br>Indication des délais figurant dans l'acte\*\* : | 12. Not Applicable |

\*\* if appropriate / s'il y a lieu

Permanent Bureau July 2017

**17.07.24**     **10.70**

CH - 8021
Zürich

Dokument
Stand 2

*DIE POST*

2045134

Obergericht des Kantons Zürich
Internationale Rechtshilfe
Hirschengraben 15, 8001 Zürich
Briefadresse: Postfach, 8021 Zürich, Schweiz
Paketadresse: Hirschengraben 15, 8001 Zürich, Schweiz
Telefon: +41 44 257 91 91
E-Mail: rechtshilfe@gerichte-zh.ch

**R**

**CH-8021 Zürich**

*DIE POST* **RN 05 676952 8CH**

WR240745-O/RH

Lee County Circuit Clerk
M. Robertson, Lee County Circuit Clerk
2311 Gateway Drive
Opelika, Alabama 36801
United States

Geschäfts-Nr.: WR240745-O
(Bitte in Antwort wiederholen)

DOCUMENT 7

1 C5